IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, a Kansas Corporation ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-4135-JAR |
| ) | |
| HAMILTON SUNDSTRAND ) | |
| INCORPORATED, ) | |
| ) | |
| and ) | |
| ) | |
| RATIER-FIGEAC, S.A., a French ) | |
| corporation ) | |
| ) | |
| Defendants. ) | |

## JOINT PROTECTIVE ORDER

This matter comes before the Court upon the joint application of the parties to enter a Protective Order governing production, disclosure and use of certain documents and information expected to be produced by the parties in this action. The parties jointly request that the Court enter the following confidentiality and protective order, and it appearing to the Court that:

A. The parties are engaged in discovery in this case, which may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

B. In the course of discovery, confidential documents and/or proprietary information and/or trade secrets may be sought and/or used by the parties or other persons or entities;

C. Specifically, the confidential documents and/or proprietary and trade secret information referenced above may contain information about each party's business, business opportunities, products, product ideas, know how, designs, development, systems, manufacture, or testing, its sales, revenue, expenses, profits, financial status and income tax returns, the party's suppliers, customers and manufacturing processes, past and present employees, information about defendants' transactions with plaintiff and information subject to non-disclosure agreements with nonparties;

D. The parties are interested in permitting discovery to proceed without delay occasioned by

possible disputes about the confidential, proprietary and/or trade secret nature of the documents and/or information being produced;

E. The parties have applied to the Court for a Protective Order limiting the disclosure of confidential, proprietary or trade secret documents and/or information produced in this matter and have stipulated hereto;

F. Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosures and use of information and documents for good cause;

G. Good cause exists for the issuance of a Protective Order; and

H. Specifically, good cause exists in that discovery may result in the production of materials that are confidential, proprietary and/or trade secrets, which, if not protected by an appropriate protective order, will result in the potential for damage to one or more of the parties. In addition, good cause exists, because the entry of such a protective order will permit discovery with less likelihood of disputes about confidentiality which would otherwise hinder the discovery process.

**IT IS ORDERED** that:

1. The following definitions shall apply for purposes of this Confidentiality and Protective Order (hereinafter "Order"):

    (a) The term "CONFIDENTIAL MATERIAL" shall mean any and all materials, information and testimony, whether disclosed during a deposition, in a document, in a discovery response or otherwise, which constitutes or contains trade secrets, know how, proprietary data or other confidential information, including without limitation technical, financial, product and other proprietary information generally protected by law from dissemination. In particular, documents which contain the following types of information may be designated as Confidential: non-public information about each party's business, business opportunities, products, product ideas, know how, designs, development, systems, manufacture, or testing, its sales, revenue, expenses, profits, financial status and income tax returns, the party's

suppliers, customers and manufacturing processes, information about defendants' transactions with plaintiff and information subject to non-disclosure agreements with nonparties. This Order specifically contemplates that discovery will be had of materials and information exchanged between one or both of the defendants with, or otherwise developed by, the company that is currently performing the services that were to have been performed by the plaintiff.

(b)  The term "Person" shall mean any natural person and any corporation, partnership, association or other entity.

(c)  The term "Party" shall mean Plaintiff ICE Corporation, Defendant Hamilton Sundstrand Incorporated, and Defendant Ratier-Figeac, S.A., and any other person who may become a named party to this matter.

(d)  The term "Producing Party" shall mean any Person required to produce documents or information in this action.

2.  Any Producing Party may designate any document, thing, material, portion of transcripts or videotapes of depositions or other testimony, or other information derived therefrom, or response to discovery (including answers to interrogatories and discovery requests), as "CONFIDENTIAL MATERIAL" under the terms of this Order. All CONFIDENTIAL MATERIALS shall be used and disclosed solely in accordance with the terms of this Order and for the purposes of the prosecution or defense of this matter and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another court or any administrative agency having jurisdiction in this action.

3.  Documents and information that a Producing Party deems Confidential shall be so designated by stamping copies of the documents produced with the designation "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL," unless otherwise indicated by the Producing Party. All copies, prints

or other reproductions, summaries, notes, synopses or any other memorialization of CONFIDENTIAL MATERIALS, or the information contained therein, shall be deemed CONFIDENTIAL MATERIALS subject to this Order.

4. In the event any Producing Party produces its files and records for inspection by a requesting party, no confidential designation need be made by the Producing Party in advance of said inspection. For purposes of the inspection, all material produced shall be considered as having been designated "CONFIDENTIAL MATERIAL," and the provision of such documents for review shall not be deemed to be an admission or waiver by the Producing Party of the confidentiality or non-confidentiality of any such documents. Thereafter, upon selection of specified documents by the requesting party for copying, the Producing Party shall mark as "CONFIDENTIAL" the copies of documents it desires to be subject to this Order prior to copying and further production. Moreover, to the extent that any such documents or portions thereof contain privileged or other matters subject to objections by the Producing Party, no such privilege or other objection. shall be waived by such initial disclosure prior to copying.

5. Appropriate portions of deposition testimony may be designated as Confidential either during a deposition or within thirty days after receipt of the transcript. The transcript of such testimony shall be marked or stamped "Confidential" on the first page and on each successive page containing such information. Any Party designating deposition testimony Confidential shall information all other Parties, who shall appropriately mark or stamp the designated pages of their copies of deposition transcripts. Until the conclusion of the thirty day period following receipt of a transcript, the entire transcript shall be treated as Confidential under the terms of this Order.

6. Except with the prior written consent of the Producing Party, or by order of the court, CONFIDENTIAL MATERIAL, be disclosed only to the following persons:

    (a) A Party to this action, provided that each Party agrees to limit disclosure of CONFIDENTIAL MATERIAL to a maximum of four (4) individuals acting as an officer, director, and/or employee for that Party, which individuals shall be specifically identified to the other Parties in writing by name and title before such

disclosure of CONFIDENTIAL MATERIAL is made; any dispute regarding the persons designated shall be resolved by agreement of the Parties to the action, or by Order of the Court.

(b) Party witnesses being prepared to testify in a deposition or hearing in this action, but only to the extent that counsel reasonably and in good faith believes that the CONFIDENTIAL MATERIAL is related to areas of possible examination.

(c) Witnesses testifying in a deposition or hearing in this action, but only to the extent necessary for their participation in this action. If a Party believes CONFIDENTIAL MATERIALS are being disclosed improperly to witnesses during any deposition, the Party may seek relief from this Court.

(d) Counsel of record for a Party and their legal associates, paralegals, and office staff.

(e) Outside experts, consultants, advisors and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case.

(f) The Court, court personnel and court reporters in the conduct of their official duties.

7. With the exception of the Court and court personnel, no Person shall have access to CONFIDENTIAL MATERIALS unless he or she shall have read a copy of this Order, shall have executed an affidavit stating that he or she has read this Order, has agreed to be bound thereto, and has agreed to be subject to the jurisdiction of this Court for purpose of the enforcement of this Order. Counsel making disclosure of designated CONFIDENTIAL MATERIAL shall maintain a file of the affidavits signed by such Persons for the purpose of insuring compliance with this Order.

8. No other disclosure of CONFIDENTIAL MATERIAL may be made except pursuant to

5

further order of the Court or pursuant to a modification of this Order agreed to by written stipulations signed by counsel for the Parties.

9. Any Party intending to use information designated as CONFIDENTIAL MATERIAL in a public filing in this action, at a hearing, trial, or to disclose such information to a Person or Persons not identified herein shall give five (5) days advance written notice of the intention to do so, identifying with reasonable specificity the information or materials proposed to be disclosed and the Person or Persons to whom such disclosure will be made. If the materials to be used are numbered, specific identification of the document numbers are to be provided. Any Party or affected nonparty may move the Court for an order that the evidence be filed under seal, be received *in camera*, be disclosed under certain terms or conditions, or not disclosed at all. The Court will then determine whether good cause exists to justify the treatment of the information as confidential and, if so, what protection, if any, may be afforded to such information.

10. No Party shall file under seal material designated as CONFIDENTIAL MATERIALS, without first filing a motion with the Court seeking entitlement to do so. Any such motion to file material under seal shall clearly identify the materials sought to be filed under seal. Any such motion will be governed by existing law, and the party asserting a right to file material under seal bears the burden of establishing entitlement to do so and its production as CONFIDENTIAL MATERIAL shall not be evidence that it meets the requirements for protection under Fed.R.Civ.P. 26(c). If such motion is sustained, the Parties shall cooperate with the Court and the Clerk in filing and in establishing the method for use of any CONFIDENTIAL MATERIAL.

11. Any Party claiming that material designated as CONFIDENTIAL MATERIAL should be treated as under seal or confidential during and following the trial of the action, shall file an appropriate motion pursuant to Fed.R.Civ.P. 26(c). As part of their duty to confer in preparation of the Pretrial Conference, counsel shall confer in good faith and attempt to resolve which materials, if any, shall be treated as confidential during the trial of this action. Any remaining disputes shall be presented to the Court on or before the final Pretrial Conference on motion by the party asserting an entitlement to confidentiality

or protection

12. Nothing in this Order shall:

    (a) Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

    (b) Preclude any Party from seeking any further or additional protection for CONFIDENTIAL MATERIAL not provided in this Order.

13. Any Party may challenge a Producing Party's designation of any documents, materials, or other information as CONFIDENTIAL MATERIALS. Such challenge shall be made by letter from the challenging Party's counsel to the Producing Party's counsel or to the Producing Party if the Producing Party is not known to be represented. Such challenge shall be initiated no later than forty-five (45) days prior to the close of discovery, but a challenge shall be initiated within ten (10) days of the receipt of CONFIDENTIAL MATERIALS received after that deadline. After a challenge is initiated, the parties then shall confer in good faith in an effort to resolve any dispute concerning whether the materials have been properly designated as "CONFIDENTIAL." Any such dispute that cannot be resolved by such good-faith discussion may be presented to the Court for resolution.

14. In the event of a dispute about whether materials designated as CONFIDENTIAL MATERIALS are entitled to such designation, the Party claiming such a designation retains the burden of proof otherwise imposed by law. The designation of materials or information as CONFIDENTIAL MATERIALS does not alter the burden of proof nor provide supporting evidence in support of such a claim. Conversely, in order to encourage discovery, the production of materials or participation in discovery shall not waive or adversely impact a claim that materials or information designated as CONFIDENTIAL MATERIALS is entitled to legal protection or confidentiality. Failure to challenge a designation of any documents, materials or other information as CONFIDENTIAL MATERIALS does not alter the burden of proof with respect to the propriety of the designation otherwise imposed by law.

15. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate

the limitations on use and disclosure imposed by this Order. Within sixty (60) days of such final resolution, each Party who received CONFIDENTIAL MATERIALS shall, as its option, either:

(a) Return all copies thereof, including any copies in the hands of outside experts or consultants, to the producing party, or;

(b) Furnish to the producing party a certificate signed by its attorneys stating that all such copies have been collected and destroyed.

Further, all information protected by this Order which has been placed in any computer data base shall be completely erased, and any documents listing or summarizing the information protected by this Order shall be destroyed within the same period. Notwithstanding the foregoing, counsel for the Parties shall be entitled to retain, in accordance with their regular office practice solely for the purpose of record keeping, one set of papers filed with the Court in this action, orders entered by the Court in this action, correspondence, deposition transcripts, interrogatory responses, responses to requests to admit, trial exhibits of record and attorney work-product that may contain or constitute CONFIDENTIAL MATERIALS. Any such documents retained by counsel shall continue to be subject to the terms of this Order.

15. Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this matter. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case.

16. Nothing in this Order shall deprive the Court of its authority to determine whether materials should be protected under Fed.R.Civ.P. 26(g), and the designation of materials as confidential by one of the Parties is not evidence that such materials are, in fact, entitled to protection.

17. This Order shall not be modified, vacated, suspended, appealed or otherwise altered without further order of the Court. Use of any CONFIDENTIAL MATERIALS in discovery, at trial, or in any other manner shall not alter the obligations set forth in this Order with respect to such CONFIDENTIAL MATERIALS. This Court shall retain jurisdiction to enforce this Order and this action

may be reopened for purposes of enforcing this Order upon written motion and notice by either party. Any violation of this Order by any Person subject to its terms may be treated as contempt of court or may otherwise be punished as authorized by applicable law.

18. Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

19. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

**IT IS THEREFORE ORDERED** that the parties' joint motion for Confidentiality and Protective Order (Doc. 41) and corrected joint motion for Confidentiality and Protective Order (Doc. 43) are hereby granted.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

9

G:\DOCS\TRB\c11173\000\00386722.WPD; 1

Submitted by:

**McDOWELL, RICE, SMITH & BUCHANAN**
*A Professional Corporation*

By: /s/ Thomas R. Buchanan
Thomas R. Buchanan    KS 10572
Jason L. Buchanan           KS 20815
Skelly Building, Suite 350
605 W. 47th Street
Kansas City, Missouri  64112-1905
Telephone:  (816) 753-5400
Facsimile: (816) 753-9996

ATTORNEYS FOR PLAINTIFF

And

**DEACY & DEACY, LLP**

/s/ Dale L. Beckerman
Dale L. Beckerman
Mimi E. Doherty
920 Main Street, Suite 1900
Kansas City, Missouri 64105

and

Frederick J. Sperling
Sondra A. Hemeryck
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ICE CORPORATION, a Kansas Corporation | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-4135-JAR |
| v. | ) | |
| | ) | |
| HAMILTON SUNDSTRAND INCORPORATED, and RATIER-FIGEAC, S.A., a French corporation | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CONFIDENTIALITY AFFIDAVIT

I, _____, hereby certify that on _____, \_\_\_\_\_, I read the Protective Order entered by the Court in the above-captioned action, that I understand the Order and that I agree to abide by its terms by not disclosing information designated as Confidential to anyone except as permitted by that Order or as required by lawful judicial process.

**[Name]**

Subscribed and sworn to before me

this \_\_\_\_ day of \_\_\_\_  \_\_\_\_ \_\_, \_ \_\_\_.

_____
Notary Public