**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ICE CORPORATION, | ) |
| | ) |
| Plaintiff, | )   Case No. 05-4135-JAR |
| v. | ) |
| | ) |
| HAMILTON SUNDSTRAND | ) |
| INCORPORATED, | ) |
| and | ) |
| RATIER-FIGEAC, S.A., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Motion to Extend Time for Plaintiff to Designate Rebuttal Experts (Doc. 128); plaintiff's Amended Motion to Extend time for Plaintiff to Designate Rebuttal Experts (Doc. 133); defendants' Motion to Limit Testimony of Plaintiff's Expert and for Expedited Briefing and Ruling (Doc. 136); and plaintiff's Motion for Leave to File Surreply in Opposition to Defendants' Motion to Limit Testimony (Doc. 161)

**I.      Procedural Background.**

Pursuant to the parties' joint request,[1] the court amended the parties' original scheduling order.[2] This amended scheduling order provided that (1) plaintiff would designate its experts by November 7, 2006; (2) defendants would designate their experts by December 14, 2006; and (3) that rebuttal experts would be designated by January 14, 2007.[3] This order also extended discovery until

---

[1] *See* Joint Motion to Modify Scheduling Order (Doc. 84)

[2] *See* Scheduling Order (Doc. 32)(entered Mary 15, 2006).

[3] *See* Amended Scheduling Order (Doc. 88).

April 30, 2007 and provided the parties with a new trial date of January 8, 2008.[4] Plaintiff subsequently filed an Unopposed Motion to Modify Scheduling Order[5] which the court granted.[6] This amended schedule required defendants to designate experts by January 15, 2007 and for the parties to designate any rebuttal experts by February 5, 2007. Due to the parties' scheduling conflict, the parties' Final Pretrial Conference was subsequently rescheduled until May 30, 2007.[7]

Plaintiff filed its initial motion (Doc. 128) on January 30, 2007. While defendant opposed plaintiff's motion,[8] plaintiff did not file a reply in support and the time to do so has passed.[9] Instead of filing a reply, plaintiff filed an Amended Motion (Doc. 133) on February 26, 2007 seeking a later date by which to designate its rebuttal expert. Defendants filed a response in opposition (Doc. 134) to which plaintiff filed a timely reply (Doc. 142). On March 8, 2007, defendants filed the related Motion to Limit Testimony of Plaintiff's Expert (Doc. 136). Plaintiff filed a timely response (Doc. 147) to which defendants filed a sealed reply (Doc. 154). In this sealed reply defendants state that plaintiff filed a "rebuttal" report by its technical expert Dr. Myron Kayton on March 16, 2007.[10] In their sealed reply defendants also allege that the court should limit Dr. Kayton's testimony at trial

---

[4]*Id.*

[5]*See* Unopposed Motion to Modify Scheduling Order (Doc. 94).

[6] *See* Order (Doc. 95).

[7]*See* Order (Doc. 131).

[8]Response (Doc. 129).

[9]*See* D. Kan. Rule 6.1(d)(1).

[10]*See* Reply (Doc. 161) at p. 1.

because the opinions contained in said report are not properly that of a "rebuttal expert."[11] Plaintiff has filed a motion for leave to file a surreply to address these new arguments raised in defendant sealed reply (Doc. 161). The court finds that additional briefing on the issue of surreply is unnecessary. Consequently, the issues as to Docs. 128, 133, 136, and 161 are ripe for decision.

**III.   Discussion**

As discussed below, the court grants plaintiff's Motion to Extend Time for Plaintiff to Designate Rebuttal Experts (Doc. 128), denies without prejudice defendants' Motion to Limit Testimony of Plaintiff's Expert and for Expedited Briefing and Ruling (Doc. 136) and denies as moot plaintiff's Amended Motion to Extend time for Plaintiff to Designate Rebuttal Experts (Doc. 133) and Motion for Leave to File Surreply (Doc. 161)

**A.     Motion to Extend Time to Designate Rebuttal Expert (Doc. 128).**

Plaintiff seeks to extend the rebuttal expert designation deadline because plaintiff wanted its rebuttal expert to consider: (1) recently produced material from defendants[12] (2) documents sought from defendants in plaintiff's pending motion to compel (3) various documents promised by defendants, but as yet unproduced and (4) supplementation of various design revisions.[13] Moreover, plaintiff notes that the court reporter who transcribed depositions of defendants' witnesses was unable to produce their transcriptions, due to illness, until late February, 2007.[14] As plaintiff wished

---

[11]*Id.* at 8.

[12]Motion (Doc. 128) at p. 2.

[13]Motion (Doc. 136) at p. 2.

[14]*Id.*

-3-

to have its rebuttal expert consider these depositions, plaintiff filed the present motions to seek such an extension.[15]

Defendants object to plaintiff's requested extension on several grounds. First, defendants argue that plaintiff has failed to explain why the various delays listed by plaintiff have impeded its ability to designate its rebuttal experts.[16] Secondly, defendants contend that the court should not grant plaintiff's requested extension because such a grant will afford plaintiff an unfair advantage. Specifically, defendants argue that plaintiff will now be able to give its rebuttal expert the deposition testimony of Ratier-Figeac witnesses even though the parties' originally agreed that plaintiff's rebuttal expert reports would be disclosed before those depositions occurred.[17] To that end, defendants contend that plaintiff declined to allow defendants a requested one week extension of defendants' own January 15, 2007 expert disclosure deadline.[18] Defendants reason that "[t]he same rules should apply to both plaintiff and defendants. If the extension requested by plaintiff is granted, defendants will be deprived of the ability to review plaintiff's rebuttal expert disclosures in anticipation of the depositions of employees of defendant Ratier . . . . Defendants are entitled to know the identity of all plaintiff's experts, and their complete opinions, prior to next week's depositions, just as plaintiff insisted on having defendants' expert disclosures prior to the depositions of its witnesses."[19] Finally, defendants also contend that they will be prejudiced by this requested

---

[15]*Id.* at p. 3.

[16]Response (Doc. 134) at p. 2.

[17]*Id.* at 3.

[18]*Id.* at 2.

[19]*Id.*

extension because any extension will make it difficult to timely complete expert discovery in this case.

### 1. Standard

Fed. Rule 26(a)(2) governs disclosure of expert testimony. Rule 26(a)(2)(c) states that expert disclosures "shall be made at the times and in the sequence *directed by the court*.[20] As the Tenth Circuit has articulated, expert reports "are intended not only to identify the expert witness, but also 'to set forth the substance of direct examination.'"[21] To that end, "[s]uch disclosure is necessary to allow the opposing party a 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'"[22]

### 2. Defendants will not be prejudiced if plaintiff's extension is granted.

The court finds that plaintiff has demonstrated good cause, albeit scant, to warrant the extension of its rebuttal expert deadline. Here, the court has directed the time and sequence for the designation of rebuttal experts through the parties' original scheduling order[23] and the parties' various requests for extension.[24] In its previous direction of the time and sequence of the designation

---

[20](Emphasis added).

[21]*Jacobsen v. Desert Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)(citing Fed. R. Civ. P. 26(a)(2), Advisory Committee Note (1993)).

[22]*Id. See also Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 54 (D. Kan. 1996) (noting that the purpose of expert disclosures under Fed. R. Civ. P. 26(a)(2) is "primarily to require disclosure of expert testimony early enough before trial to allow parties and counsel adequate time to prepare cross-examination, confer with their own experts, and file any supplementations.")

[23]*See* Scheduling Order (Doc. 32)(entered Mary 15, 2006).

[24]*See* (Doc. 88 & 95).

of experts and in the current extension granted under this order, the court believes that defendants will have the opportunity to cross-examine said rebuttal expert and prepare their case accordingly.[25]

The court agrees with defendant that plaintiff has failed to fully articulate why plaintiff's rebuttal expert would need to review defendants' witnesses' testimony prior to the designation of plaintiff's rebuttal expert. However, in turn, the court does not believe that plaintiff's rebuttal expert's review of such testimony has prejudiced defendants. Had plaintiff disclosed its experts prior to the deposition of these witnesses, plaintiff's rebuttal expert could consider this testimony and file a supplemental rebuttal expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C). Thus, the court is unclear as to how the review of defendants' witnesses' testimony by plaintiff's rebuttal expert prior to the disclosure of the rebuttal expert has prejudiced defendants.

The court is also not persuaded that plaintiff's requested extension should be denied in order to make plaintiff "play by the same rules" as defendant. While plaintiff apparently opposed defendants' own requested extension to designate defendants' experts, defendants never filed a motion to extend their own expert designation deadline. Even though opposed by plaintiff, the court would likely have granted such a request if defendants had timely filed such a motion and demonstrated good cause. Defendants, however, did not file such a motion and the court will not now punish plaintiff for defendants' decision.

Considering the potential prejudice to both sides, the court finds that not allowing plaintiff to designate a rebuttal expert will prejudice plaintiff more than granting plaintiff's request would prejudice defendants. Moreover, as the parties' Final Pretrial Conference has been scheduled for

---

[25]*See e.g. Dixon*, 168 F.R.D. at 55 (finding that defendant suffered no prejudice when its own experts had no opportunity to review the reports of plaintiff's rebuttal experts prior to the deposition of defendant's experts).

May 30, 2007,[26] the court can reasonably extend the parties' discovery until May 16, 2007 without disrupting the parties' current schedule. This extension should allow defendants to continue any further discovery necessitated by the court's granting of the present motion.

### B.  Motion to Limit Expert Testimony (Doc. 136).

In defendant's original Motion to Limit Expert Testimony defendants argue that pursuant to Fed. R. Civ. P. 37(c)(1), the court should limit plaintiff's rebuttal expert's testimony. Defendants' motion informs that defendants intended to depose Dr. Kayton on Monday March 26, 2007. Accordingly, defendants' original motion asks the court "enter an order precluding plaintiff from using at trial, at a hearing or on a motion any expert testimony from Dr. Kayton (or any substitute expert that plaintiff might identify) other than the opinions disclosed in Dr. Kayton's November 28, 2006 report."[27]

On March 16, 2007, subsequent to the filing of the present motion and prior to Dr. Kayton's deposition, Dr. Kayton filed a "rebuttal" expert report.[28] As a result, defendants' reply in support of the present motion furthers asks the court to limit Dr. Kayton's subsequent testimony under Rule 37(c)(1) because based on Dr. Kayton's rebuttal expert report, such testimony would exceed the scope of rebuttal expert testimony. In turn, plaintiff has sought leave to file a surreply to address, in part, new arguments raised in defendants' reply.

---

[26]*See* Order (Doc. 131).

[27]Motion to Limit Expert Testimony (Doc. 136) at p. 4.

[28]Reply (Doc. 154).

### 1.     Standard

Rule 37(c)(1) provides "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."

### 2.     **Plaintiff timely sought to extend it's deadline to designate a rebuttal expert.**

Defendants argue that plaintiff has failed to submit a timely expert disclosure in violation of Rule 26(a) and therefore Rule 37(c)(1) should apply. However, plaintiff sought to extend the time for it's disclosure of its rebuttal expert, and made such a request within the time period allowed under our local rules. The current deadline to designate rebuttal experts was February 5, 2007. Plaintiff filed its first motion (Doc. 128) on January 30 ,2007, within the time period allowed pursuant to the local rules. Pursuant to D. Kan. Rule 6.1, "[e]xtensions [of time to perform an act] will not be granted unless the motion is made before the expiration of the specified time . . . ." As the court has granted plaintiff's request for an extension, plaintiff's March 16, 2007 filing of its rebuttal report is not untimely under Rule 26(a). While plaintiff should have waited for the court to rule on its motions for extension before designating its rebuttal expert, plaintiff timely sought an extension to extend their deadline. Consequently, the court finds that plaintiff's disclosure of its rebuttal expert witness coupled with its timely request to extend the deadline to do so is not a failure to disclose under Rule 26(a) and thus Rule 37(c)(1) does not apply.

Moreover, since defendant sought to depose Dr. Kayton on March 26, 2007, plaintiff's disclosure of Dr. Kayton's expert rebuttal report on March 16, 2007 mitigated the prejudice defendants otherwise would have suffered. Here, defendants, armed with said report, had a better opportunity to cross-examine Dr. Kayton than they would have without Dr. Kayton's rebuttal report.

Plaintiff's disclosure of Dr. Kayton's expert rebuttal report prior to defendants' deposition of Dr. Kayton was less prejudicial to defendant than the alternative.

Moreover, even if Rule 37(c)(1) applied to the present case, a failure to disclose is considered harmless when "no prejudice to the party entitled to the disclosure" has occurred.[29] The court has already concluded that defendant will not be prejudiced by plaintiff's delayed but timely disclosure. Thus, even if Rule 37(c)(1) applied in this case, such a failure by plaintiff would be harmless and the imposition of sanctions, as requested by defendant, unwarranted.

### 3.     Scope of Dr. Kayton's testimony.

To the extent that defendants' sealed reply in support of its motion to limit Dr. Kayton's testimony asks the court to strike Dr. Kayton's rebuttal report or limit Dr. Kayton's testimony based on the arguments advanced in defendants' reply, the court denies this request without prejudice. Plaintiff filed Dr. Kayton's rebuttal expert report on March 16, 2007, after defendant filed their motion to limit testimony. Thus, in defendants' sealed reply, defendants raise a number of new arguments as to why Dr. Kayton's rebuttal expert report is insufficient. Plaintiff's Motion for Leave to File Surreply in Opposition to Defendants' Motion to Limit Testimony (Doc. 160) seeks to address these arguments.

However, the court believes that the best course of action is to deny plaintiff's Motion to Limit Testimony without prejudice in order to allow the parties' a fresh and fair chance to discuss whether Dr. Myron Kayton's rebuttal report meets the technical requirements of Rule 26(a)(1)(B). The parties are reminded that, pursuant to their scheduling order, objections to disclosures other than pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrel Down Pharmaceuticals, Inc.*, 509 U.S. 579

---

[29]*Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001).

(1993), or *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) "should be confined to technical objections related to the sufficiency of the written expert disclosure [ ]e.g., whether all the information required by Rule 26(a)(2) has been provided . . . . These objections need not extend to the admissibility of the expert's proposed testimony."[30]  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Extend Time for Plaintiff to Designate Rebuttal Experts (Doc. 128) is granted.  Plaintiff is directed to disclose any rebuttal experts by **April 13, 2007.**  Any previous designation of a rebuttal expert is deemed timely.  The deadline for the completion of all discovery is extended to **May 16, 2007.**

**IT IS FURTHER ORDERED** that defendants' Motion to Limit Testimony of Plaintiff's Expert and for Expedited Briefing and Ruling (Doc. 136) is denied without prejudice.  The parties are cautioned that objections to disclosures other than pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrel Down Pharmaceuticals, Inc*., 509 U.S. 579 (1993), or *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) should be confined to technical objections related to the sufficiency of the written expert disclosure.

**IT IS FURTHER ORDERED** that plaintiff's Amended Motion to Extend time for Plaintiff to Designate Rebuttal Experts (Doc. 133) and Motion for Leave to file Surreply (Doc. 161) are denied as moot.

**IT IS SO ORDERED** dated this 4th day of April, 2007 at Topeka, Kansas.

                                                    s/ K. Gary Sebelius
                                                    K. GARY SEBELIUS
                                                 U.S.  MAGISTRATE JUDGE

---

[30]*See* Scheduling Order (Doc. 32) at p. 5.