IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ICE CORPORATION, a Kansas Corporation,       )
                                             )
                     Plaintiff,              )
                                             )
v.                                           )       Case No. 05-4135-JAR
                                             )
HAMILTON SUNDSTRAND CORPORATION,             )
                                             )
and                                          )
                                             )
RATIER-FIGEAC, S.A.S., a French Corporation, )
                                             )
                     Defendants.             )

**ORDER**

This matter comes before the court upon plaintiff's Second Motion to Compel (Doc. 140). Defendants have filed a response (Doc. 155) to which plaintiff has filed a reply (Doc. 177). Defendant has also sought leave to file a Surreply (Doc. 189) to which plaintiff has filed a response (Doc. 222).  The court finds further briefing on this issue unnecessary and is prepared to rule.  As a result, these matters are fully briefed and ripe for decision.

**I.      Second Motion to Compel (Doc. 140).**

On December 20, 2006, plaintiff served its Second Request for Production of Documents on Raiter and Hamilton .  On January 22, 2007, defendants served their responses to Plaintiff's Second Request for Production, in which defendants objected to these requested and, accordingly to plaintiff,  "refused to furnish most of the requested information."[1]  The parties held a discovery conference on February 21, 2007 in an attempt to resolve this pending dispute.  The present motion

---

[1]Motion to Compel (Doc. 140) at p. 2.

was filed on March 15, 2007.[2]

### A.    Request for Production No. 4

Request No. 4 states:

Plaintiff requests that Defendants sign the attached Business Records Releases for Airbus and Artus.  Please indicate whether or not Defendants will sign the attached records releases."

Defendants respond as follows:

Response: Defendants object to Request No. 4 on the grounds that it does not seek the production of documents but instead requests that Defendant take some other action that is not within the scope of Rule 34 or the Federal Rules of Civil Procedure and that Defendants do not have the authority to grant ICE access to documents that are in the possession, custody or control of nonparties Airbus and Artus.  Accodinly [sic], Defendants cannot agree to sign the releases attached to Plaintiff's Requests.[3]

### 1.    Standard

In response to the present motion to compel, defendants argue that Rule 45, which governs

the court's subpoena power over non-parties, governs rather than Rule 34.  In support, defendants

cite *Johnson v. Kraft Foods North America, Inc.*,[4] which provides:

the court finds, no basis within Fed. R. Civ. P. 34 to compel a party signature.  The appropriate procedure to compel non-parties to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.  It is only after the

---

[2] Normally, pursuant to D. Kan. Rule 37.1(b), plaintiff's Second Motion to Compel would need to be filed within 30 days of defendants' response, or by February 21, 2007. However, the court granted (Doc. 135) plaintiff's motion (Doc. 132) to file its motion to compel out of time.

[3] Second Motion to Compel (Doc. 140) at (Exhibit 8) p. 3.

[4] Response (Doc. 155) at p. 5 (citing *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 549 (D. Kan. 2006)).  *See also Direct, Inc., v. Hess*, No. 04-2233-GTV, 2005 U.S. Dist. LEXIS 2346 at *4 (D. Kan. February 9, 2005)(same); *Shaw v. Management & Training Corp.*, No. 04-2394, 2005 U.S. Dist. LEXIS 2348 at *6-7 (D. Kan. February 9, 2005)(same); *Stoldt v. Centurion Indus.*, No. 03-2634, 2005 U.S. Dist. LEXIS 2343 (D. Kan. February 3, 2005)(same).

individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to the subpoena that the Court will consider a motion requesting (1) the court compel the entity to produce documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general power to enforce its orders.

### 2.    Discussion

As detailed below, the court denies without prejudice plaintiff's motion to compel as to Request No. 4.

### a.    Preliminary Issue: D. Kan. R. 37.1(a)

First, plaintiff's Motion to Compel fails to include the releases at issue.  D. Kan. R. 37.1(a) provides in pertinent part:

> Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admission under Fed. R. Civ. P. 30, 33, 34, or 36 or at the responses thereto, *shall be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute.*[5]

Here, without the viewing the releases themselves, the court can not evaluate the nature of what plaintiff seeks to have defendants authorize.  The scope of the releases themselves could extend far beyond their description in the present briefings.  As a result, the court is unwilling to compel defendants' authorization as to unknown releases.

### b.    Fed. R. Civ. P.  45.

Second, the court is unwilling to allow plaintiff to bypass Rule 45.  In its briefing, plaintiff cites cases from *outside* the District of Kansas and the Tenth Circuit wherein courts required parties to the litigation to sign releases so as to allow third-parties to release various discoverable

---

[5](emphasis added).

documents.[6]

However, *Johnson*, a published case in the District of Kansas, counsels that "[i]t is only *after* the individuals or entities object on grounds of privilege or otherwise fail to produce the documents *pursuant to the subpoena* that the Court will consider a motion requesting (1)the court compel the entity to produce documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general power to enforce its orders."[7]

Here, like *Johnson*, plaintiff has not attempted to subpoena the third-parties who have direct control over the documents at issue.  As a result, "at this juncture . . . there is no basis under Rule 34 to allow this Court to compel [defendants] to sign the release forms as requested."[8]

In turn, plaintiff argues that the third-parties at issue, Airbus and Artus, are two European companies and thus exist outside the subpoena power of Rule 45.  Consequently, plaintiff contends that the court should not require plaintiff to futilely attempt to obtain these documents under  Rule 45.  Instead, plaintiff asks the court to use its "general powers to enforce its own orders to compel Defendants to authorize and release the relevant Airbus and Artus business records."[9]

Rule 45(b)(2) provides that "[w]hen a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other

_____

[6]Reply (Doc. 177) at p. 3-4.  Plaintiff does cite a case from the District of Colorado wherein the court compelled *plaintiff* to sign releases authorizing the release of her own medical records because plaintiff's claimed damages for mental and emotional distress had thus *waived* her right psychotherapist-patient privilege. *Id.* (citing *Simpson v. University of Colorado*, 220 F.R.D. 354, 364 (D. Colo. 2004)(emphasis added)).  The court finds the facts in *Simpson* distinguishable from the present case.

[7] 236 F.R.D. 535, 549 (D. Kan. 2006)(emphasis added).

[8]*Id.*

[9]Reply (Doc. 177) at p. 2.

4

place.  A subpoena directed to a *witness* who is a national or resident of the United Sates shall issue

under the circumstances and in the manner and be served as provided by Title 28  U.S.C. § 1783."[10]

Here, the court can find no statute that authorizes the service of a subpoena to these third-

parties under these circumstances.[11] Moreover, foreign companies Airbus  and/or Artus are clearly

not *witnesses* and are not nationals or residents of the United States, so 28 U.S.C. § 1783 would also

not apply.

However, the court believes that plaintiff has not demonstrated that under no circumstances

could plaintiff obtain the documents it seeks under Rule 45.  Fed. R. Civ. P. 45 permits the issuance

of a subpoena for production or inspection from the district where the production or inspection is

to be made.[12]  Such a subpoena may be served at any place within this district or to places outside

the district that are within 100 miles of the place of inspection or copying.[13] Plaintiff could serve

---

[10]28  U.S.C. § 1783(a) provides that "A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person designated by it, of the national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him . . . ."  *See also United States v. Mejia*, 376 F. Supp. 2d 460, 465-66 (S.D.N.Y. 2005) (construing 28 U.S.C. § 1783 as "authorizing the issuance of subpoenas to individuals outside the United States only if those individuals are residents or nationals of the United States.").

[11]*See e.g. Beach v. City of Olathe*, No. 99-2210-GTV, 2001 U.S. Dist. LEXIS 16212 at *6 (D. Kan. September 17, 2001) (sustaining a third- party's objection to subpoenas issued "outside the 100 mile limits allowed under" Rule 45 when "there has been no showing of the application of any statute that provides for the issuance of subpoenas.").  *See also Dynegy Mistrea Servs. v. Trammochem*, 451 F.3d 89, 96 (2d Cir. 2005)(citing examples of statutes authorizing nationwide service of process and thus service of a subpoena in another place).

[12]*See* Fed. Rule Civ. P. 45(a)(2)(C).

[13]*See* Fed. Rule Civ. P. 45(b)(2).

subpoenas requesting only the production of documents as contemplated in Rule 45.[14]

   As explained in *Stewart v. Mitchell Transp.*,

> The subpoenas [at issue] do not require the attendance of any witnesses. They only require the production of documents. [The subpoenas require] [t]he documents . . . to be produced at Plaintiffs' counsel's law firm in Prairie Village, Kansas. In other words, the place of production is in Prairie Village, Kansas. The entities subpoenaed are merely required to mail the documents, or have them delivered, to Plaintiffs' counsel's office in Kansas. No representative is required *to travel* to Kansas.[15]

To that end, the court declined to quash the subpoena at issue because "the subpoenas were properly issued from this district, where the production was to take place, and that the subpoenas do not require any of the entities served to travel in violation of the Rule's 100-mile limitation."[16]

   Moreover, personal service of the subpoena under Rule 45 is not necessarily required. As explained in *Western Resources, Inc. v. Union Pacific Railroad*,

> The language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be "delivered" to the person whose attendance or production of documents is sought. Such language "neither requires in-hand service nor prohibits alternative means of service." Further, reading the relevant language to require personal service would render superfluous that part of Rule 45 indicating that proof of service is accomplished "by filing with the clerk of the court . . . a statement of the date and manner of service." Moreover, if Rule 45 is read as requiring personal, in-hand service, then the language in Rule 4(e) specifying that "delivery" to the relevant individual be done "personally" would be pure surplusage.[17]

---

[14] Rule 45 expressly provides that a subpoena may be issued to compel a nonparty to produce documents. *See* Fed. R. Civ. P. 45(c)(2)(A); Fed. R. Civ. P. 45(a)(1).

[15] No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958 at *8-9 (D. Kan. July 11, 2002)(emphasis in original).

[16] *Id.* at *10.

[17] No. 00-2043-CM, 2002 U.S. Dist. LEXIS 14897 at *7-8 (D. Kan. July 23, 2002)(citations omitted).

In light of the facts presented, and the parties' lack of argument on this point,[18] the court is not convinced that an attempt by plaintiff to obtain the documents it seeks would prove futile under Rule 45. To that end, the court will not speculate as to whether plaintiff could successfully serve these third-parties with subpoenas, whether the court could enforce these subpoenas, or whether said subpoenas would ultimately be the subject of a motion to quash. However, even if plaintiff ultimately fails to successfully utilize Rule 45, the court will not *now* force defendants to sign unknown releases without first requiring plaintiff to attempt to use the procedures outlined in Rule 45. To do otherwise would allow plaintiff to end-run the requirements of *Johnson*.

### c.    Plaintiff's "care, custody, or control" argument.

In its reply, Plaintiff also argues that defendants "in fact own the Artus designs, as well as all documents, data, materials and information relating to those designs."[19] To that end, plaintiff cites the Purchase Agreement between defendant Ratier and Artus which provides that Artus assigns "all right, title, and interest to all Intellectual Property produced or first reduced to practice in the performance of this MTA, PA or Release . . . ."[20] Consequently, plaintiff argues that the design documents it seeks are in the care, custody, and control of defendants.

In turn, defendants argue that they "do not have the authority to grant ICE access to documents that are in the possession, custody or control of nonparties Airbus and Artus." In refuting

---

[18]Despite defendant's motion to file a surreply (Doc. 189), defendants' proposed surreply fails to address plaintiff's contention these foreign corporations exist outside the court's subpoena power. *See id.* at (Exhibit A).

[19]Reply (Doc. 177) at p. 5 (citing Exhibit A).

[20]*Id.*

a previous motion to compel, an employee of defendant Ratier-Figeac stated that "Artus is not required by the contract with Raiter to deliver to Raiter copies of detailed schematics or mechanical drawings . . . ." but that "Ratier has the right to view such drawings at Artus's [sic] location."[21]

Despite plaintiff's argument that defendants technically have *control* over the documents plaintiff seeks, the issue before the court is whether to compel defendants to sign releases as sought in Request No. 4.  Consequently, the court is not in a position to evaluate whether defendant has care, custody or control over the documents ultimately sought by the releases in Request No. 4.[22]

That said, the fact that this issue is not currently before the court does not negate or impair defendant's previous obligations as articulated in the court's previous orders.  Pursuant to the court's previous Memorandum and Order, defendants must fully answer Interrogatory No. 9.[23]   As this court explained, because defendant Raiter did not have possession of specific design documents as sought by plaintiff, but had the "right to view such drawings . . ." at the third party's location, the court required defendants to answer Interrogatory No. 9 rather than rely on Rule 33(d). Interrogatory No. 9 asks defendants "describe in detail the design of the propellor deicing controller presently proposed by the Substituted Part and /or by the Defendant for use on the A400 M aircraft" and to list in detail the design changed made to the controller since June 1, 2005.[24]

Moreover, the court's previous Memorandum and Order also requires defendants to produce

---

[21]Response in Opposition (Doc. 90)(Exhibit 7).

[22]Defendants' proposed surreply seeks to address this argument. *See* Motion for Leave to File Surreply  (Doc. 189). Since the court is not considering this argument the court finds defendants' arguments contained in their proposed surreply unnecessary.

[23]*See* Memorandum and Order (Doc. 208).

[24]*See id.* at 26-27.

documents responsive to plaintiff's Document Request Nos. 2-5, 7, 9, 20-28, 31-33, 37-39 and 43-57.  The court believes that many of these previous requests likely relate to the design documents sought through the releases at issue.

The court also reminds the parties that, pursuant to Rule 26(e), defendants must seasonably supplement their responses to these various discovery requests or risk imposition of stiff sanctions pursuant to Rule 37.

Accordingly, as detailed above, plaintiff's Second Request for Production No. 4 is denied without prejudice.

### B.    Plaintiff's other Request for Production.

Both defendant and plaintiff dispute whether defendants have successfully responded the remaining three requests for production.[25]

### 1.    Request No. 2.

Request No. 2. seeks "all documents evidencing any costs incurred or expected costs for the development and production of the de-icing controller on the A400-M Project."[26]

Defendants' briefing on this motion indicates that they have dropped their objections to Request No. 2 and believe that they have provided all responsive documents in their care, custody and control.[27]  However, defendants also admit that after agreeing to produce documents responsive

---

[25]*See* Motion to Compel (Doc. 140); Response (Doc. 155); Reply (Doc. 177).

[26] Motion to Compel (Doc. 140) at (Exhibit B).

[27]Response (Doc. 155) at p. 3 ("During the parties' February 21, 2007 conference, defendants' counsel also agreed to withdraw their objections to Request No. 2, but informed ICE's counsel that they believed all responsive documents had already been produced.").

to this request "[d]efendants subsequently located a few additional document responsive to [] Request No. 2. which were overnighted to ICE's counsel on March 15."[28]

The court commends defendants for their speedy production of these previously undiscovered documents.  However, in light of this late production, the court is sympathetic to plaintiff's desire to seek a court order to clearly compel any future productions of as yet undiscovered documents. In light of defendants' lack of opposition, the court will grant plaintiff's motion to compel Request No. 2.  To that end, the court finds that defendants' response that it has produced all documents is not a proper objection, but rather statements of fact.[29]  Yet, "[o]bviously[,] if defendants do not possess any documents responsive to the request then they have nothing to produce."[30] Thus, while defendants cannot produce non-existent documents, the court will order defendants to produce to plaintiff all documents in their possession or under their control that are responsive to Document Request No. 2.

### 2.    Request Nos. 1 and 3.

Plaintiff's Second Requests for Production Nos. 1 and 3 along with defendants' responses, are as follows:

Request No. 1: Provide all budget documents for the development and production of the propeller de-icing controller on the A400M Project.

Response: Defendants object to Request No. 1 on the grounds that the term "budget documents" is vague and ambiguous and that the Request seeks the production of documents

---

[28]*Id.*

[29] *See Cory v. Aztec Steel,* 225 F.R.D. 667, 671 (D. Kan. 2005)(rejecting the objection that the non-moving part had "no documents to produce" as a "statement of fact and not a proper objection.").

[30] *Id.*

that are neither relevant tot he claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are production with this response a document . . . that sets forth information concerning Defendants' deign to weight [sic] and design to cost targets for the A400M propeller deicing controller. Defendants have redacted from this document information concerning Defendants' design to weight and design to cost targets for components of the A400M propellor other than the deicing controller.

Request No. 3: Provide any and all documents referring to the de-icing controller for the A400M Project.

Response: Defendants object to Request No. 2 on the grounds that it is duplicative of previous requests, unduly burdensome, overbroad and seeks the production of documents (including the "budget documents" sought in Request No. 1 and the documents evidencing Defendants' costs sought in Request No. 2) that are neither relevant to the claim or defense of either party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Defendants have agreed to produce and have produced all documents in their possession, custody and control responsive to this request, except for those categories of documents to which Defendants previously objected.

Plaintiff's present motion asks the court to "grant its Motion to Compel and order Defendants Ratier-Figeac and Hamilton Sundstrand to produce documents all documents [sic] sought by Plaintiff in its Second Request for Production for documents . . . ."[31]  Plaintiff has included its Second Request for Production and defendants' responses. Indeed, the present motion talks in great length regarding Request Nos. 2 and 4. However, the present motion does not address plaintiff's Request for Production Nos. 1 and 3 or defendant's responses and objections to these requests. Similarly, defendants' response to the present motion only passingly mentions Request No. 1 and fails to discuss Request No. 3.

    a.    **Standard**

---

[31]Motion to Compel (Doc. 140).

*DIRECTV, Inc. v. Puccinelli*[32] contemplates a scenario when the moving party fails to address the non-moving party's objections. *Puccinelli* states:

> The party filing the motion to compel has the initial burden of addressing each boilerplate objection in its motion to compel. By doing so, that brings the objection "into play" and places the burden on the objecting party to support its objections. If the moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand.[33]

This rule, however, has been criticized.  As Chief Judge Lungstrum explained:

> This court's own research has not uncovered any other cases–from the Tenth Circuit, this district, or any other court–in which a court has placed the "initial burden" on the moving party to address each and every objection lodged by the party resisting discovery.  In fact, courts have long held that the burden is on the objecting party to show why an interrogatory is improper and while the burden is on the moving party to seek court action, the burden of persuasion remains at all times with the objecting party. . . .  For lawyers and parties appearing before this court, the court will continue to require the nonmoving party to bear the burden of showing specifically why the . . . discovery is improper.  In most cases, the moving party need only file its motion to compel and draw the court's attention to the relief the party seeks.  At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other evidence.[34]

Thus, the party resisting discovery, has the burden to "demonstrate specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."[35]  To this end, "when ruling on a motion to

---

[32]224 F.R.D. 677 (D. Kan. 2004).

[33]*Id.* at 691 (citing *Sonnino v. University of Kansas Hospital Authority*, 221 F.R.D. 661, 671 n. 37 (D. Kan. 2004)).

[34]*Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 U.S. Dist. LEXIS 5170, at * 7, 13 (D. Kan. March 30, 2005).

[35]*Id.* at 10-11 (citation omitted).

compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel."[36] "Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."[37]

### b.      Discussion

Here, the court finds that the present motion brings to defendants' attention the relief plaintiff seeks, i.e. plaintiff asks the court to compel *all* documents sought by its Second Request for Production.  Consequently, defendants must support their objections with specificity.

### i.      Request No. 3.

Defendants' response fails to assert or explain any of their objections as to Request No. 3.[38] Indeed, defendants' response fails to discuss Request No. 3 at all.   As a result, the court deems defendants' objections to Request No. 3 abandoned and accordingly grants the present motion as it relates to Request No. 3.

### ii.      Request No. 1.

In response to the present motion defendants contend that plaintiff's "Second Motion to Compel is thus largely moot in that it seeks to compel the production of documents already in ICE's possession."[39]   Defendants contend that they asked plaintiff to clarify Request No. 1 and that

---

[36]*Cardenas v. Dorel Juvenile Group, Inc*., 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005)(citing Sonnino, 221 F.R.D. at 670; *Contracom Commodity Tradint Co. v. Seaboard Corp*., 189 F.R.D. 655, 662 (D. Kan. 1999)).

[37] *Id.*

[38]*See generally* Response (Doc. 155).

[39]Response (Doc. 155) at p. 1.

plaintiff explained to defendants that the "'budget documents' referred to in Request No. 1. were documents described by the Ratier witness during his deposition on February 6, 2007."[40] As a result of this clarification, defendants assert they have produced all remaining responsive documents.

Plaintiff, in its reply, responds that "[c]ontrary to Defendants' assertion, Plaintiff never agreed to limit the financial, cost and budget information for the deicing system to the records described by Sebastien Mounier [the Raiter witness], nor have Defendants satisfied their objections to respond to Plaintiff's request for this information."[41]  Consequently, plaintiff contends that defendants have not provided all responsive documents to Request No. 1.

The only objection to Request No. 1 raised by defendants in their response briefing is that of relevancy.  Specifically, defendants argue that plaintiff has not made "any attempt in its Second Motion to Compel to meet its burden to demonstrate that any additional documents sought by Request No. 1 would be relevant."[42]  The court finds defendants' argument misplaced.

The court finds that Request No.1 appears relevant on its face and as such plaintiff need not prove its relevancy.  Request No. 1 seeks documents relating to "budget documents for the development and production of the propeller de-icing controller on the A400M Project." The court has already found more specified requests regarding budget documents of the A400M Project facially relevant.[43] So too, the court finds Request No. 1. facially relevant as well.

---

[40]*Id.* at 3.

[41]Reply (Doc. 177) at p. 9.

[42]*Id.* at 4 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1999)).

[43]*See* Memorandum and Order (Doc. 208) at p. 19-20.

When the discovery sought appears relevant on its face, as here, the party resisting discovery must show that the requested discovery falls outside of the scope of relevance or that the discovery is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[44]   Defendants have failed to make any such showing and the court overrules this objection.

Defendants' response fails to address any other objections to Request No. 1.  Consequently, the court deems those objections abandoned[45] and grants plaintiff's Motion to Compel as to Request No. 1.

## II.   Defendants' Motion for Leave to File Surreply (Doc. 189).

The court finds that "[s]urreplies are disfavored.  The case presents no reason for departing from the general rule, and the parties have already received more than sufficient opportunity to brief all the issues relating to the case."[46] Since the court did not consider plaintiff's arguably "new" argument that defendants had control over the documents it sought via Request No. 4,[47] the court finds no reason to grant defendants' motion for surreply.  Accordingly,

---

[44]*McCoo v. Denny's Inc.,* 192 F.R.D. 675, 686 (D. Kan. 2000).

[45]*Cardenas v. Dorel Juvenile Group, Inc*., 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005)(citing Sonnino, 221 F.R.D. at 670).

[46] *Vulcan Materials Co. V. Atofina Chems. Inc*., 355 F. Supp. 2d 1214, 1246 (D. Kan. 2005).

[47] The court notes that plaintiff did raise this argument in its original motion.  *See* Second Motion to Compel (Doc. 140) at p. 5 ("Fed. R. Civ. Pro. 33(a) requires a party to produce all responsive documents requested in that party's possession, custody, or control.").  The court does not consider plaintiff's argument as to custody and control newly raised in its reply so much as not applicable to the issues before the court.

15

IT IS THEREFORE ORDERED that plaintiff's Second Motion to Compel (Doc. 140) is granted in part and denied in part.  Plaintiff's Second Request for Production No. 4 is denied without prejudice.  By **May 31, 2007**, defendants shall produce those documents sought by plaintiff's Document Request Nos. 1-3.

IT IS FURTHER ORDERED that defendants' Motion for Leave to File Surreply (Doc. 189) is denied.

IT IS SO ORDERED.

Dated this 9th day of May, 2007, at Topeka Kansas.

　s/ K. Gary Sebelius　
K. Gary Sebelius
U.S. Magistrate Judge

16