IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, a Kansas Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4135-JAR |
| ) | |
| HAMILTON SUNDSTRAND CORPORATION, ) | |
| ) | |
| and ) | |
| ) | |
| RATIER-FIGEAC, S.A.S., a French Corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon defendants' Motion for Protective Order (Doc. 192). Plaintiff has filed a response in opposition (Doc. 231) to which defendants have filed a reply (Doc. 259). Also pending before the court is plaintiff's Motion for Leave to File Surreply (Doc. 269). Defendants have yet to filed a response. However, the court finds further briefing on this issue unnecessary and is prepared to rule. The issues are thus fully briefed and ripe for decision. As discussed below, the court denies defendants' motion for a protective order.

**I.     Background**

On November 28, 2006, plaintiff served their expert disclosures including the report of Dr. Myron Kayton ("Dr. Kayton"). In turn, on January 15, 2007, defendants served their expert disclosures including the report of Dr. Richard D. Colgren ("Dr. Colgren").

On January 30, 2007, plaintiff timely filed a motion seeking to extend the deadline by which it was to disclose its rebuttal expert. On February 26, 2007, plaintiff filed an amended motion seeking to further extend it rebuttal expert designation deadline. Defendants opposed both motions. On March 16, 2007, after plaintiff's initial timely motion for extension, but before

the court had ruled on said motion, Dr. Kayton submitted a "rebuttal" expert report.  At the time,

defendants sought to depose Dr. Kayton on March 26, 2007.[1]

On April 4, 2007, beginning at 9:00 a.m,  the parties deposed Dr. Colgren.  During the

afternoon of April 4, 2007, the court issued a Memorandum and Order granting plaintiff an

extension to designate its rebuttal expert and finding Dr. Kayton's March 16, 2007  "rebuttal"

expert report timely.  Defendants explain that during Dr. Colgren's deposition:

> Plaintiff's counsel did not ask Dr. Colgren any questions concerning the new opinions that had been disclosed in Dr. Klayton's March 16, 20007 "rebuttal" report during his initial questioning .  After plaintiff's counsel completed his initial examination, defendants' counsel elicited from Dr. Colgren his opinions concerning the new opinions that had been disclosed in Dr. Kayton's March 16, 2007 report.  Plaintiff's counsel then questioned Dr. Colgren concerning those rebuttal opinions.[2]

On April 16, 2007, two weeks after Dr. Colgren's deposition, Dr. Colgren issued a second expert

report containing new opinions not previously stated in his initial report.[3]  On April 23, 2007,

plaintiff noticed a second deposition of  Dr. Colgren regarding solely "the opinions added to his

Supplemental Report . . . ."[4]

In the present motion, defendants contend that because Fed. R. Civ. P. 30 requires leave

of court to redepose a witness, defendants are entitled to a protective order "barring plaintiff ICE

---

[1] *See* Motion to Limit Expert Testimony (Doc. 136).  Apparently this deposition never occurred and is the subject of a separate non-fully briefed motion pending before the court.  *See* (Doc. 226).

[2] Motion for Protective Order (Doc. 192) at p. 4.

[3] Defendants agree that Dr. Colgren rebuttal expert report contained new opinions.  See *id.* at p. 1-2 ("Plaintiff seeks a second deposition in order to question Dr. Colgren about rebuttal opinions disclosed by Dr. Colgren in his April 4 deposition testimony and his April 16, 2007 rebuttal report.").

[4] *See* Notice by Plaintiff ICE Corporation of taking deposition of Richard Colgren (Doc. 188).

Corporation from proceeding with a second deposition of Dr. Colgren . . . ."[5]

## II.     Standard

The party seeking the protective order has the burden of demonstrating good cause for it.[6] To prove good cause, the moving-party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[7]  Whether to enter a protective order lies withing the court's discretion.[8]

A party may only obtain a protective order if the party demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c).[9]  Rule 26(c), the rule governing protective orders, provides in part: "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

In the present motion, defendants neglect to specify under which Rule 26(c) category they seeks to bring their protective order.  Instead, defendants simply argue that pursuant to Rule 30(a)(2)(B), plaintiff needs to seek leave from the court in order to redepose Dr. Colgren.  However, generally, "[s]cheduling a second deposition of the same person *without a showing of* [*reason*] will generally support a finding of annoyance and undue burden or expense."[10]

---

[5]Motion for Protective Order (Doc. 192) at p. 8.

[6]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)(citation omitted).

[7]*Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

[8]*Id.* (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

[9]*Id.*

[10]*Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D. Kan. 1998 )(citation omitted)(emphasis added).

While the court is reticent to connect the proverbial dots for defendants and presume an argument of "undue burden or expense" not expressly raised in the instant motion, in the interest of fairness and expediency, the court will construe defendants' motion as claiming undue burden or expense under Rule 26(c).[11] Consequently, the court will consider whether defendants have sufficiently demonstrated that a second deposition of Dr. Colgren would constitute an undue burden or expense so as to warrant a protective order.

Rule 30(a)(2) provides in part "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2). . . if, without the written stipulation of the parties . . . the person to be examined already has been deposed in the case."

Rule 26(b)(2)(C) allows the court to limit discovery when:

> (i) . . .[the discovery is] unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

"The propriety of deposing someone a second time addresses the discretion of the court. The court will generally not require a deponent to appear for a second deposition absent some showing of a need or good reason for doing so."[12]

### III.    Discussion

Here, the court finds that defendants have failed to meet their burden to demonstrate the

---

[11] To that end, defendants reference "burden" in their motion. *See* Motion for Protective Order (Doc. 192) at p. 7.

[12] *Cuthbertson*, 179 F.R.D. at 604 (citations omitted).

need for a protective order. Defendants have failed to prove that "undue burden or expense" should prevent a second deposition of Dr. Colgren. Defendants argue: "Plaintiff's claimed need for a second deposition of Dr. Colgren is a situation that is entirely of plaintiff's own making."[13] The court disagrees.

Here, it is undisputed that Dr. Colgren issued a surrebuttal report, or supplemental report, containing new facts and opinions. Defendants fail to argue that *all* of Dr. Colgren's new opinions raised in his April 16, 2007 supplemental report were expressed during his April 4, 2007 deposition. Yet, defendants also argue that plaintiff should have anticipated any or all of Dr. Colgren's new opinions during his April 4, 2007 deposition.[14] The court is unclear as to how plaintiff could have known the extent of Dr. Colgren's surrebuttal opinions without the aid of his amended expert report. As Dr. Colgren's supplemental report contains new facts not previously disclosed in his original report, the court finds that under the factors of Rule 26(b)(2), a second deposition of Dr. Colgren limited to the new opinions and facts raised in his April 16, 2007 supplemental report is warranted.

To the extent that Rule 30(a)(2) applies in the present case, the court's April 4, 2007 Memorandum and Order extended discovery in order to engage in "further discovery necessitated by the court's granting of the present motion."[15] This language could be read to authorize the redeposition of a surrebuttal expert witness. However, the court is mindful that the endless cycle of redeposing each expert after the issuance of a supplement expert report cannot

---

[13]Motion for Protective Order (Doc. 192) at p. 7.

[14]*Id.*

[15]*Id.*

5

continue at will.  As a result, the court finds that under the present circumstances, a second deposition of Dr. Colgren is permissible under Rule 30(a)(2).  However, absent agreement of the parties, the parties should obtain leave of court prior to seeking any subsequent depositions of witnesses, expert or otherwise, who have previously been deposed.[16]

### IV.    Subpoena Issue

Defendant further argues:

> Because Dr. Colgren is not a party in this action plaintiff cannot compel his appearance by means of a notice of deposition, but must serve a subpoena pursuant to Federal Rule of Civil Procedure 45.  Defendants have not received notice of any subpoena directing Dr. Colgren to appear for a second deposition.  Defendants nevertheless have brought this motion at this time both to avoid any possibility of waiver and to permit the Court to address the issue raised on its merits as expeditiously as possible.[17]

Plaintiff, in its motion for leave to file a Surreply argues that Dr. Colgren is obligated via plaintiff's Arpil 4, 2007 subpoena to be redeposed.[18]  Whether Dr. Colgren is *currently* obligated to attend a second deposition based on plaintiff's second notice[19] or its March 29, 2007 subpoena for the April 4, 2007 deposition are not issues before the court.  However, it strikes the court that simply issuing a second subpoena seeking  Dr. Colgren's second deposition would solve this quandary.

Plaintiff's proposed surreply also argues that during Dr. Colgren's April 4, 2007

---

[16]This does not include deposing witnesses pursuant to Rule 30(b)(6) who have already been deposed in their individual capacity.  This is not considered a "second" deposition. *See Williams v. Sprint/United Mgmt. Co.*, No. 03-220-JWL, 2006 U.S. Dist. LEXIS 4937 (D. Kan. February 8, 2006).

[17]Motion for Protective Order (Doc. 192) p. 1 at n.1.

[18]*See* Motion for Leave to File Surreply (Doc. 269) at (Exhibit A).

[19]*See* Notice by Plaintiff ICE Corporation of taking deposition of Richard Colgren (Doc. 188).

deposition, Dr. Colgren "did not produce a single document in regard to his new opinion, which was elicited at 5:00 p.m. by Defendants' counsel after a day of questioning by Plaintiff's counsel. If any documents exist (Plaintiff believes they do not) supporting his new opinion, Colgren withheld or concealed them, despite his testimony that he had produced all responsive materials."[20]

Again, Dr. Colgren's production of documents at his April 4, 2007 deposition is not an issue directly before the court. Such an issue could only be addressed pursuant to a proper motion to compel. As the issues raised by plaintiff in its surreply need not be considered to resolve the matter at hand, the court has no reason to grant plaintiff leave to file its surreply.

Accordingly,

IT IS THEREFORE ORDERED that defendants' Motion for Protective Order (Doc. 192) is denied.

IT IS FURTHER ORDERED that the present order permits plaintiff to follow the procedure necessary in order to obtain a second deposition of Dr. Colgren regarding the new opinions and facts contained in Dr. Colgren's amended April 16, 2007 report. Plaintiff has leave to conduct such a deposition of Dr. Colgren within thirty (30) days of the issuance of this order.

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to File Surreply (Doc. 269) is denied.

IT IS SO ORDERED.

Dated this 30th day of May, 2007, at Topeka, Kansas.

---

[20] *See* Motion for Leave to File Surreply (Doc. 269) at (Exhibit A).

                                   <u>s/ K. Gary Sebelius</u>
                                   K. Gary Sebelius
                                   United States Magistrate Judge