IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| ICE CORPORATION, a Kansas Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4135-JAR |
| | ) | |
| HAMILTON SUNDSTRAND CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RATIER-FIGEAC, S.A.S., a French Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the court upon defendants' Motion for Protective Order Barring May 9, 2007 Expert Deposition of David R. Danielson (Doc. 219) and plaintiff's Motion to Strike Designation of David R. Danielson as an Expert for Failure to Make Discovery (Doc. 242). Both motions are fully briefed and ripe for decision.[1]

## I.   Motion for Protective Order Barring May 9, 2007 Expert Deposition of David R. Danielson (Doc. 219).

As discussed below, defendants' motion for protective order is denied.

### A.   Certification Requirement

Plaintiff argues that defendants failed to properly confer prior to the filing of the present motion. Fed. R. Civ. P. 26(c) provides in part "the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoying, embarrassment, oppression, or undue burden or expense" upon "motion by a party . . . accompanied by a certification

---

[1] See Revised Memorandum in Opposition to Motion for Protective Order (Doc. 251); Reply (Doc. 270); Response to Motion to Strike (Doc. 274); and Reply (Doc. 275).

that the movant has in good faith *conferred* or attempted to confer with other affected parties in an *effort to resolve the dispute without court action* . . . ."[2]  To that end, our local rules instruct that "[e]very certification required by Fed. R. Civ. P. 26(c). . . related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issue in dispute."[3]  Indeed, D. Kan. Rule 37.2 instructs:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26. . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing a motion.  Every certification required by Fed. R. Civ. P. 26 . . . and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issue in dispute.  A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate or in good faith attempt to do so.

Regarding certification, defendants' motion states: "Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 37.2, defendants counsel conferred with plaintiff's counsel concerning the matter raised in this motion by telephone on Friday May 4 and by e-mail on Friday May 4 and Saturday, May 5 . . . ."[4]

Plaintiff argues that defendants failed to confer prior to the filing of the instant motion.  Specifically, "[d]efendants never conferred concerning any specific objections to any of the document requests; they just demanded the right to present an expert witness without supporting materials.  There was never any communication in which Plaintiff's counsel stated that he would depose Danielson a second time.  Plaintiff's counsel expected Danielson to either produce materials

---

[2](Emphasis added).

[3]*See* D. Kan. Rule 37.2.

[4]Motion for Protective Order (Doc. 219) at p. 4.

he relies on for his opinions or refuse to do so and then risk being striken as an expert."[5]

Here, the court has reviewed the parties' communications and finds that defendants have demonstrated that a sufficient "effort to resolve the dispute without court action" occurred.  In a previous order wherein the court afforded plaintiff the benefit of the doubt as to the issue of certification, the court noted that "[t]he fact that extensive written discussion between the parties does not specifically mention [defendants' specific objections] does not mean that [defendants] ha[ve] necessarily violated either D. Kan. Rule 37.2 of Fed. R. Civ. P. 37."[6]  To that end, defendants assert that they did specifically reference their objections during their May 4, 2007 conference call and that their other communications with plaintiff constitute a good faith consultation.[7]  Here, the court finds that "[c]onsidering . . . the degree of discussion between the parties regarding their various discovery issues, and [defendants'] specific contention that a good faith discussion between the parties occurred" as to the issue of a protective order, "the court believes that [defendants] ha[ve] met [their] requirement to confer."[8]  As a result, the court will consider defendants' motion on its merits.

### B.    Background

Mr. Danielson is not a retained expert, rather Mr. Danielson is employed by defendant Hamilton as a systems engineer.  Defendants disclosed Mr. David R. Danielson ("Mr. Danielson") as an "employee expert" in defendants' January 15, 2007 expert disclosures.  Defendants agreed to

---

[5]Revised Memorandum in Opposition to Motion for Protective Order (Doc. 251).

[6]Memorandum and Order (Doc. 208) at p. 18.

[7]Reply (Doc. 270) at p. 9.

[8]*See* Memorandum and Order (Doc. 208) at p. 18.

produce Mr. Danielson for his expert deposition at the offices of defendants' counsel in Chicago, Illinois.  At the time, the parties agreed to hold this deposition on May 9, 2007.

On May 1, 2007, ICE filed a Notice of Videotaped Deposition Duce Tecum of Mr. Danielson (Doc. 209) including a three-page list of "Materials to be Produced at Deposition."  On May 4, 2007, defendants filed objections to the list of Materials to be Produced at Deposition "on the ground that they were so vague and ambiguous as to be unintelligible or that they were overbroad, unduly burdensome and not relevant to the issues on which Danielson expects to testify as an expert."[9]

Defendants explain their negotiations with plaintiff regarding their objections as follows:

> [D]efendants' counsel proposed two alternative courses of action with respect to Mr. Danielson's expert deposition.  Defendants' counsel informed ICE's counsel that defendants would produce Mr. Danielson for deposition on May 9 without having first resolved defendants' objections to ICE's document requests if ICE's counsel would agree not to seek a subsequent, second deposition of Mr. Danielson on those objections.  Alternatively, defendants would not produce Mr. Danielson on My 9 but would agree to produce him at a later date once defendants' objections to ICE's document requests had been resolved.  Defendants' counsel informed ICE's counsel that if the parties were not able to reach agreement then defendants would move for a protective order.
> ICE's Counsel did not accept either proposal.[10]

## C.    The parties' contentions

Defendants argue that pursuant to Fed. R. Civ. P. 30(a)(2)(B) "[t]he presumption is that each witness will be deposed only once."[11]  Defendants contend that "have made clear that Mr. Danielson will be produced for his deposition as an expert" but that defendants "should not be forced to bear the risk that ICE will seek to depose Mr. Danielson a second time simply because ICE chose to serve objectionable document requests a bare week before the agreed upon date for Mr. Danielson's

---

[9]*See* Motion for Protective Order (Doc. 219) at p. 2; Objection (Doc. 209).

[10]Motion for Protective Order (Doc. 219) at p. 2.

[11]*Id.* at p. 3.

deposition."[12]   As a result, "defendants request that the Court enter an Order barring plaintiff ICE Corporation from proceeding with the expert deposition of Mr. Danielson on May 9 pursuant to the Notice of Videotaped Deposition Duce Tecum until such time as defendants' objections to that notice have been resolved."[13]   In turn, plaintiff argues that defendants' Motion for Protective Order is baseless and is not grounded in either the Federal Rules of Civil Procedure or case law.

### D.    Standard

The party seeking the protective order has the burden of demonstrating good cause for it.[14] To prove good cause, the moving-party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[15] Whether to enter a protective order lies withing the court's discretion.[16]

A party may only obtain a protective order if the party demonstrates that the basis for the protective order falls within one of the categories enumerated in Fed. R. Civ. P. 26(c).[17] Rule 26(c) provides in part: "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." However, "Rule 26(c)does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery

---

[12]*Id.* at p. 3-4.

[13]Id. at p. 4.

[14]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)(citation omitted).

[15]*Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

[16]*Id.* (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

[17]*Id.*

is not reasonably calculated to the lead to the discovery fo admissible evidence."[18]  While a party may object to the discovery for these reasons, "the Court may only rule on the validity of such an objection in the context of a motion to compel.  Such an objection is not a basis upon which the Court may enter a Rule 26(c)protective order.[19]

### E.    Discussion

As detailed below, the court finds that defendants have failed to meet their burden to demonstrate the need for a protective order.  In the present motion, defendants neglect to specify which Rule 26(c) category they seek to bring their protective order.  Instead, defendants argue that pursuant to Fed. R. Civ. P. 30(a)(2)(B) "[t]he presumption is that each witness will be deposed only once."[20] While it is true that "[s]cheduling a second deposition of the same person *without a showing of reason* will generally support a finding of annoyance and undue burden or expense"[21] plaintiff has not scheduled a second deposition, much less taken an initial deposition, of Mr. Danielson.  For defendants to ask the court to enter a speculative protective order so as to prevent the *possibility* that plaintiff might seek a second deposition of Mr. Danielson, constitutes insufficient justification for a protective order.

Moreover, for the defendants to ask the court to enter a protective order barring the deposition of Mr. Danielson until its "objections" as to vagueness, overbreadth and relevance are

---

[18]*Kansas Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL, 2005 U.S. Dist. LEXIS 1949 at *7 (D. Kan. February 3, 2005)(citing *Aikens*, 217 F.R.D. at 534).

[19]*Id.* at 534-35.

[20]*Id.* at p. 3.

[21]*Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 605 (D. Kan. 1998 )(citation omitted)(emphasis added).

resolved is clearly improper. Such resolution of defendants' objections can only be resolved via a proper motion to compel. Defendants argue: "It is ICE's responsibility, not defendants', to obtain the Court's ruling on defendants' objections by filing a motion to compel."[22] The court agrees. However, while it is ICE's "responsibility" to file a motion to compel defendants to produce these documents should defendants decline to produce them, this "responsibility" does not provide a basis for the entry of a protective order.

The proper procedure would first require the parties to depose Mr. Danielson. At the deposition, Mr. Danielson would provide documents to (1) whatever requests defendants did not object and (2) any documents responsive to requests defendants objected to but, without waiving said objections, still chose to provide. After Mr. Danielson's deposition, should plaintiff *then* decide to file a motion to compel production of these documents, plaintiff could do so after proper consultation with defendants. However, until the deposition of Mr. Danielson takes place and plaintiff can ascertain what documents Mr. Danielson and or defendants will produce and until plaintiff can review those documents to determine their sufficiency, plaintiff is in no position to file a preemptive motion to compel.

As an alternative, the court suggests the parties engage in *productive discussions* prior to Mr. Danielson's deposition so as to resolve any conflicts regarding defendants' objections without the need of court intervention.

Defendants have argued that the document requests accompanying Mr. Danielson's

---

[22]Reply (Doc. 270).

deposition notice constitute an "undue burden."[23]   Consequently, the court will consider whether defendants have sufficiently demonstrated that a deposition of Mr. Danielson prior to the court resolving defendants' "objections" would constitute an undue burden or expense so as to warrant a protective order.

Essentially, defendants argue that if plaintiff deposed Mr. Danielson twice, once prior to the resolution of defendants' "objections" and once after, this would constitute an "annoyance and burden."[24]  As previously discussed, the court does not necessarily believe that two depositions of Mr. Danielson will occur.  However, even if Mr. Danielson were deposed twice, in light of the expense and energy expended by both parties and their counsel in this litigation, the court is not persuaded that a second deposition of Mr. Danielson would prove particularly burdensome.  As a result, the court finds that no basis exists to grant defendants' protective order.

The court reminds the parties that "[a] party may depose any person who has been identified as an expert witness whose opinions may be presented at trial."[25]  Consequently, the court orders defendant to produce Mr. Danielson for deposition within thirty days from this order.[26]

---

[23]To that end, defendants reference "burden" in their motion.  *See* Motion for Protective Order (Doc. 219) at p. 2.

[24] Reply (Doc. 270) at p. 2.

[25]Fed. R. Civ. P. 26(b)(4)(A).

[26]This order does not make any ruling on the validity of defendants' objections to the document requests accompanying Mr. Danielson's deposition.

## II.   Motion to Strike Designation of David R. Danielson as an Expert for Failure to Make Discovery (Doc. 242).

Plaintiff's bases its Motion to Strike defendants' designation of Mr. Danielson as an expert on defendants' "unjustifiabl[le] refus[al] to produce [Mr. Danielson] for his deposition as scheduled on May 9, 2007 and refus[al] to produce relevant materials upon which his opinions are based" and resulting motion for protective order.[27]  Pursuant to Rule 37(c)(1),[28] plaintiff "requests the Court enter an Order striking Danielson as an expert witness."[29]

### A.   Standard

Rule 37(c)(1) allows for preclusion of a witness or evidence required to be disclosed by Rule 26(a) or (e)(1) when the party that failed to make the required disclosure did so without substantial justification and when the failure to disclose was not harmless.

### B.   Discussion

Here, the court finds that defendants have not failed to disclose pursuant to Rule 26(a) or Rule 26(e)(1) and as a result striking Mr. Danielson as an expert is not warranted.

First, plaintiff is correct that Rule 26(b)(4)(A) provides "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  However, Rule 37(c)(1) only allows for the relief plaintiff seeks if either Rule 26(a) or (e)(1) have been violated, not Rule 26(b).  Moreover, plaintiff's own expert Dr. Kayton was not successfully deposed during the original discovery period set by the court.

The court also finds that defendants have not otherwise failed to disclose pursuant to Rule

---

[27]Motion to Strike (Doc. 242) at p. 1.

[28]*Id.* at p. 7.

[29]*Id.* at p. 8.

26(a) or (e)(1).  Rule 26(a)(2)(A) provides in part that "a party shall disclose to the other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Here, defendants timely designated Mr. Danielson as an expert. Thus, Rule 26(a)(2)(A) is not a basis to strike defendants' designation of Mr. Danielson.

Rule 26(a)(2)(B) further provides "with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties regularly involve giving expert testimony" their designation be "accompanied by a written report . . . ."

Here, Mr. Danielson has not filed an expert report.  However, both parties agree that because Mr. Danielson is an "employee expert", he is not required to file a report pursuant to Rule 26(a)(2)(B).[30]  The court agrees.  Mr. Danielson is not retained or specially employed to provide expert testimony.  Moreover, Mr. Danielson's duties do not regularly involve giving expert testimony as "Mr. Danielson is an employee who has never before testified as an expert."[31]  As a result, the court concludes that Mr. Danielson did not need to file an expert report and his failure to do so did not violate Rule 26(a) or (e)(1).  Without further argument on behalf of plaintiff, the court can ascertain no failure to disclose on defendants' behalf and finds the preclusion of Mr. Danielson as a witness unwarranted.

However, even if the court were to find that defendants had violated Rule 26(a) or (e)(1), the court would still refrain from striking Mr. Danielson as an expert because defendants' failure would be harmless.  The court has previously extended discovery until July 18, 2007.[32]  In that order the

---

[30]*See* Reply (Doc. 275) at p. 2; Motion to Strike (Doc. 242) at p. 1.

[31]Reply (Doc. 270) at p. 8.

[32]*See* Amended Scheduling Order (Doc. 277).

court allowed for an extension of discovery to take the deposition of Dr. Kayton, plaintiff's own expert.[33] So too, in the present order the court denied defendants' motion for a protective order and required the deposition of Mr. Danielson to take place within this new discovery deadline.  As a result, even if defendants had failed to make discloses pursuant to Rule 26(a) or 26(b)(1), under the present circumstances, the court would find such a failing harmless because the taking of Mr. Danielson's deposition can and will still occur.

Defendants argue that they "clearly had a substantial justification for not producing Mr. Danielson prior to May 16 in light of ICE's objectionable document requests and its unwillingness to agree that it would not seek to depose Mr. Danielson a second time once defendants' objections to those requests were resolved."[34]  The court disagrees.

As discussed above, defendants were not substantially justified in preventing plaintiff from deposing Mr. Danielson or requiring plaintiff to depose Mr. Danielson only after meeting defendants' speculative requests.  However, because defendants' actions were harmless and did not amount to a failure to disclose, whether defendants had substantial justification makes no difference in the instant case.

### III.   Sanctions

While the court agrees that striking Mr. Danielson as an expert witness is inappropriate, because the court has denied defendants' motion for a protective order sanctions may be appropriate.

Rule 26(c) provides that [t]he provisions of Rule 37(a)(4) apply to the award of expenses

---

[33]*Id.*

[34]Reply (Doc. 270) at p. 10-11.  Defendants reference these arguments in their Response to plaintiff's Motion to Strike (Doc. 274) at p. 1-2.

incurred in relation to the motion."

Rule 37(a)(4)(B) provides that if the motion is denied

the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

The court will therefore order defendants and their counsel to show cause why sanctions should not be imposed due to their filing of Motion for Protective Order Barring May 9, 2007 Expert Deposition of David R. Danielson (Doc. 219).

Accordingly,

IT IS THEREFORE ORDERED that defendants' Motion for Protective Order Barring May 9, 2007 Expert Deposition of David R. Danielson (Doc. 219) and plaintiff's Motion to Strike Designation of David R. Danielson as an Expert for Failure to Make Discovery (Doc. 242) are denied.

IT IS FURTHER ORDERED that defendants shall make Mr. Danielson available for an expert deposition within thirty (30) days of this order.

IT IS FURTHER ORDERED that defendants' counsel shall SHOW CAUSE to the court, in writing, on or before **June 21, 2007** why defendants and or defendants' counsel should not be required to pay the reasonable attorney's fees and expenses plaintiff has incurred in the filing of defendants' Motion for Protective Order Barring May 9, 2007 Expert Deposition of David R. Danielson (Doc. 219).[35]  Plaintiff shall have eleven (11) days thereafter to file a response thereto.

_____

[35]The court notes that expenses regarding plaintiff's Motion to Strike Designation of David R. Danielson as an Expert for Failure to Make Discovery (Doc. 242) will not be considered.

IT IS SO ORDERED.

Dated this 6th day of June, 2007, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge