IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, a Kansas Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                                                ) | Case No. 05-4135-JAR |
| ) | |
| HAMILTON SUNDSTRAND CORPORATION, ) | |
| ) | |
| and ) | |
| ) | |
| RATIER-FIGEAC, S.A.S., a French Corporation, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the court upon plaintiff's Motion for Protective Order (Doc. 225). Defendants have filed a response (Doc. 263) to which defendants have replied (Doc. 290). Also pending before the court is plaintiff's Motion for Leave to File Declaration in Support of Motion for Protective Order (Doc. 260). Defendants have filed a response in opposition (Doc. 288). While plaintiff has not yet filed a reply, the court finds that further briefing on this issue is unnecessary. As a result, the issues are thus fully briefed and ripe for disposition.

**I.      Plaintiff's Motion for Leave to File Declaration in Support of Motion for Protective Order (Doc. 260)**.

Plaintiff asks the court to consider an affidavit of Patrick Connelly, ("Mr. Connelly), president of ICE Corporation, in support of the underlying motion for protective order. Defendants contend this request is untimely and unnecessary as Mr. Connelly's affidavit fails to support the underlying motion for protective order.

The court agrees that there is no question that Mr. Connelly's affidavit should have been filed alongside the underlying motion for protective order. That said, plaintiff clearly recognized

the general rule and thus sought the court's leave to file Mr. Connelly's affidavit out of time. Thus, the court will consider whether plaintiff has met its burden for filing Mr. Connelly's affidavit out of time.

### A. Standard

As defendants point out, Fed. R. Civ. P. 6(d) states "when a motion is supported by affidavit, the affidavit shall be served with the motion . . . ." D. Kan. Rule 6.1(a) provides in part "Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."

Ultimately, determining whether the movant has demonstrated excusable neglect rests on principles of equity.[1] To that end, the court should consider all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the reasons for the delay including whether it was within the reasonable control of the movant; (3) the length of dely and its potential impact on judicial proceedings; and (4) whether the party acted in good faith.[2]

### 1. Prejudice

Here, the court finds that considering defendants could have chosen to consider plaintiff's Motion for Leave prior to filing their response to the underlying motion to compel, defendants' claim of prejudice rings hollow . Plaintiff filed its Motion for Leave to File Declaration (Doc. 260) on May 23, 2007. Defendants' response to the underlying motion for protective order was due on May 21, 2007. However, defendants' filed an unopposed motion seeking to extend that deadline

---

[1] *Coleman v. Bue Cross Blue Shield of Kansas, Inc*., No. 05-4149-JAR, 2007 U.S. Dist. LEXIS 36315 at *12-13 (D. Kan. May 16, 2007 ).

[2] *Id.* at *13 (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206-1207 (10th Cir. 2004)).

to May 24, 2007 (Doc. 246) which the court granted (Doc. 253).  On May 23, 2007, plaintiff filed the present motion seeking leave to file Mr. Connelly's deposition out of time.  Despite having until May 24, 2007 to file their response to the underlying motion for protective order, defendants filed their response on May 23, 2007, *after* plaintiff had filed the present motion.[3]

### 2. Reason for delay

Plaintiff's Motion for Leave (Doc. 260) offers no specific reason for delay.  However, plaintiff's Motion for Protective Order states: "Plaintiff's counsel does intend to file an affidavit as to burden and other issues, but has been unable to coordinate his schedule with that of his client."[4]

### 3. Length of delay and good faith

On April 25, 2007, defendants noticed plaintiff's 30(b)(6) depositions for May 14, 2007. Plaintiff filed its motion for protective order on May 7, 2007 and its motion for leave on May 23, 2007.  Here, the court can understand counsel and Mr. Connelly's inability to coordinate schedules, but without more information from plaintiff and plaintiff's counsel the court is not readily inclined to believe that this inability to coordinate schedules necessitated filing Mr. Connelly's affidavit almost a month after the original notice of deposition.  That said, the court also finds that the length of this delay has not significantly impacted discovery of any judicial proceedings.  Moreover, the court has no reason to find that plaintiff or plaintiff's counsel failed to act in good faith.

Considering all of the circumstances, the court will grant plaintiff's Motion for Leave (Doc. 260) and will consider Mr. Connelly's affidavit as it relates to the underlying motion for protective order.  However, as discussed below, even with Mr. Connelly's affidavit, plaintiff has failed to

---

[3]*See* Response (Doc. 263).

[4]Motion for Protective Order (Doc. 225) at p. 2.

demonstrate good cause for a protective order.

### II.     Plaintiff's Motion for Protective Order (Doc. 225).

Plaintiff seeks a protective order "precluding any/or limiting the topics and other circumstances applicable to the Rule 30(b)(6) Deposition Notice served by Defendants on April 25, 2007."[5] Plaintiff argues that defendants' 30(b)(6) notice is unduly burdensome under Rule 26(c) because all of ICE's managerial and engineering employees, presumably those who would be designated as ICE's 30(b)(6) witnesses, have already been deposed. Plaintiff points out that pursuant to Rule 30(a)(2), a party must obtain leave of court if the person to be examined has already been deposed in the same case. Because defendants have failed to seek the court's leave to redepose plaintiff's managerial and engineering employees who would testify as plaintiff's Rule 30(b)(6) witnesses, defendants' Rule 30(b)(6) deposition Notice "is invalid."[6] If the court will not find the Notice invalid, plaintiff alternatively asks the court to "carefully examine the [noticed] topics to prohibit duplicative and unduly burdensome and expensive discovery."[7] As detailed further, the court finds that plaintiff has failed to meet its burden in establishing good cause for a protective order.

#### A.     Standard

The party seeking a protective order has the burden of demonstrating good cause for it.[8] To prove good cause, the moving-party must offer "a particular and specific demonstration of fact, as

---

[5]Motion for Protective Order (Doc. 225).

[6]*Id.* at p. 3.

[7]*Id.*

[8]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)(citation omitted).

4

distinguished from stereotyped and conclusory statements."[9] Whether to enter a protective order lies within the court's discretion.[10]

A party may obtain a protective order only if the party demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c).[11] Rule 26(c), the rule governing protective orders, provides in part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [.]"

Here, plaintiff contends that it would violate Rule 30(a)(2) and prove unduly burdensome to depose plaintiff's 30(b)(6) witnesses who have previously been deposed in their individual capacity.

Rule 30(a)(2) provides in part "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2). . . if, without the written stipulation of the parties . . . the person to be examined already has been deposed in the case."

In turn, Rule 30(b)(6) provides in part:

A party may in the party's notice . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

---

[9]*Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

[10]*Id.* (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

[11]*Id.*

**B.     Discussion**

In a previous order, the court denied defendants' motion for a protective order and required defendant Ratier to produce for deposition its 30(b)(6) witnesses, despite the fact that many of these 30(b)(6) witnesses had previously been deposed in their individual capacities.[12]  So too, the court denies plaintiff's motion for a protective order.

The court finds that plaintiff has failed to meet its burden to demonstrate good cause for a protective order to bar defendant from taking the deposition of plaintiff's designated corporate witnesses under 30(b)(6).  As this court has previously held, "just because [plaintiff] may choose to designate certain individual as its corporate designees whose fact depositions have already occurred does not insulate [plaintiff] from the requirements of Rule 30(b)(6).  Such a finding would eviscerate Rule 30(b)(6)."[13]

Rule 30(b)(6) itself provides that "subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules."  Moreover, as a general principle "methods of discovery may be used in any sequence . . ."[14]  In the instant case, plaintiff fails to cite, and the court has failed to find, any authority whereby the previous deposition of certain witnesses prevents 30(b)(6) depositions of those same witnesses.  In fact, Rule 30(b)(6) anticipates such an occurrence, wherein a party believes the opposing party's witnesses have "sandbagged" during their testimony in their individual capacities.

---

[12]*See* Motion for Protective Order (Doc. 158); Order (Doc. 255).

[13]*See* Order (Doc. 255)(citing Plaintiff's Response (Doc. 178) at p. 9).

[14]*See* Fed. R. Civ. P. 26(d).

As articulated in *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,[15]

> Thus, Rule [30(b)(6)] makes clear that a party is not permitted to undermine the beneficial purposes of the Rule by responding that no witness is available who personally has knowledge concerning the areas of inquiry. If need be, the responding party 'must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits.' Any other interpretation of the Rule would allow the responding corporation to 'sandbag' the deposition process.[16]

That such depositions could be onerous to the corporation-party makes little difference.

> Although the Court readily acknowledges that the requirements listed above may be onerous, the burden upon such a responding entity is justified since a corporation can only act through its employees. These requirements negate any possibility that an inquiring party will be directed back and forth from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation.[17]

Regardless of whether or not "sandbagging" occurred, defendants were entitled to notice 30(b)(6) witness depositions of plaintiff. To hold otherwise would negate the purpose of Rule 30(b)(6) to prevent "the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaim knowledge of facts that are clearly known to persons in the organization and thereby to it."[18]

In *Williams v. Sprint/United Mgmt, Co.*, the court found that although plaintiff had previously deposed a person as defendant's 30(b)(6) witness, plaintiff could redepose that same witness in their individual capacity without first seeking leave under Rule 30(a)(2).[19] However, the

---

[15] 236 F.R.D. 524 (D. Kan. 2006).

[16] *Id.* at 528.

[17] *Id.* (citations omitted).

[18] Rule 30(b)(6), Advisory Committee Notes.

[19] No. 03-2200-JWL, 2006 U.S. Dist. LEXIS 4937 at *1-3 (D. Kan. February 8, 2006).

court in *Williams* also cautioned the plaintiff could not ask this witness "questions that they had previously asked during his Rule 30(b)(6) deposition in that such questions would be unreasonably duplicative and thus subject to the limitation of Rule 26(b)(2)."[20]

In contrast, the reverse has occurred in the instant case. Here, defendants first deposed plaintiff's witnesses in their individual capacities and now seek to depose plaintiff's 30(b)(6) witnesses. Thus, a caution against duplicative questioning is not warranted because such a caution would prevent defendants from effectively using 30(b)(6) depositions as they were designed, i.e. to prevent sandbagging.

### III.    Sanctions

Rule 26(c) provides that [t]he provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."

Rule 37(a)(4)(B) provides that if the motion is denied

> the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

While the court has denied plaintiff's Motion for Protective Order, the court also finds that "other circumstances make an award of expenses unjust." As previously discussed, defendants also sought to prevent plaintiff from taking Ratier's 30(b)(6) depositions because plaintiff had previously deposed these witnesses in their individual capacity. The court denied defendants' request for a protective order to prevent the taking of these depositions, but granted a limited protective order requiring these depositions to take place at Ratier's principal place of business. The court did not

---

[20]*Id.* at *4.

8

order sanctions in that order.  The court also notes that plaintiff filed its motion for protective order *before* the court denied defendants' similar request.  Under these circumstances, the court believes it would prove unfair to sanction plaintiff for following in defendants' misguided footsteps.

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's Motion for Leave to File Declaration in Support of Motion for Protective Order (Doc. 260) is granted.

IT IS FURTHER ORDERED that plaintiff's Motion for Protective Order (Doc. 225) is denied.  The 30(b)(6) witness depositions of ICE Corporation's designated corporate witnesses shall take place before the parties' July 18, 2007 discovery deadline.

IT IS SO ORDERED.

Dated this 11th day of June, 2007, at Topeka Kansas.

                                                s/ K. Gary Sebelius
                                                K. Gary Sebelius
                                                U.S. Magistrate Judge