IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| ICE CORPORATION, a Kansas Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4135-JAR |
| | ) | |
| HAMILTON SUNDSTRAND CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RATIER-FIGEAC, S.A.S., a French Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court upon defendants' Motion for Clarification of Court's Ruling as to Plaintiff's Interrogatory No. 15 (Doc. 232), defendants' Motion to Extend Time for Defendants to File Response to Plaintiff's Motion to Strike Defendants' Defenses (Doc. 248) and plaintiff's Motion to Permit Specified Discovery or to Limit Testimony (Doc. 234). These motions are all fully briefed and ripe for disposition.

### I.      Motion for Clarification (Doc. 232).

On April 30, 2007 the court granted in part and denied in part plaintiff's Motion to Compel.[1] In this Memorandum and Order (Doc. 208) the court overruled defendants' objections to Interrogatory No. 15 and required defendants to respond fully to Interrogatory No. 15.[2]

Interrogatory No. 15 states:

Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not a qualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;

---

[1] *See* Motion to Compel (Doc. 80); Memorandum and Order (Doc. 208).

[2] *See* Memorandum and Order (Doc. 208) at 28-29.

(c) state the names, addresses and telephone numbers of all persons who have knowledge of those facts;
(d) identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing.[3]

Defendants responded to Interrogatory No. 15 defendants stating:

> Hamilton objects to Interrogatories 15(a) through 15(d) on the ground that they are overbroad, unduly burdensome and seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Hamilton states that with respect to any Requests for Admission that Hamilton has denied, the individuals with knowledge of the facts on which Hamilton bases those responses are identified in Defendants' Rule 26(a)(1) Disclosures.[4]

Defendants' objections to Interrogatory No. 15 did not argue that defendants' objections as to the underlying Requests for Admission should apply to Interrogatory No. 15.

In defendants' response to plaintiff's motion to compel defendants argued that the court should deny the motion as it related to Interrogatory No. 15 because plaintiff had failed to confer and because Interrogatory No. 15 was an impermissible contention interrogatory.[5]  Defendants' response to plaintiff's motion to compel did not argue that defendants' objections as to the underlying Requests for Admission should apply to Interrogatory No. 15.[6]

In its April 30, 2007 Memorandum and Order, the court found that plaintiff had properly conferred, denied defendants' objections as to Interrogatory No. 15 and ordered defendants to respond to Interrogatory No. 15.

While defendants have titled the present motion a Motion for Clarification, defendants do

---

[3]Motion to Compel (Doc. 80) at (Exhibit A).

[4]*Id.*

[5]Memorandum in Opposition (Doc. 90) at p. 21-22.

[6]*See* Motion to Compel (Doc. 80) at (Exhibit A).

not ask the court to clarify its previous order.  Rather, the present motion asks the court to contradict its previous order and find that defendants need not respond to Interrogatory No. 15 as it relates to certain Requests for Admission.  Essentially, defendants' Motion for Clarification asks the court to rescind its previous order, not clarify it.  As a result, the court will construe the present motion as one for reconsideration.[7]

### A.      Standard

D. Kan. Rule 7.3 instructs that motions for reconsideration must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct or prevent manifest injustice."[8] "[W]here the court has misapprehended the facts, a party's position or the controlling law" reconsideration may be appropriate.[9]  However, "[i]t is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that *could have been presented originally*."[10] So too, a motion for reconsideration is not a "second chance when a party has failed to present its strongest case in the first instance."[11] The decision to grant or deny a motion for reconsideration lies soundly within the court's discretion.[12]

---

[7]*See B-S Steel of Kansas, Inc., v. Texas Indus. Inc.*, 327 F. Supp. 2d 1252, 1268 (D. Kan. 2004)(construing plaintiff's motion for clarification as a motion to reconsider).

[8]*See also Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[9]Id. at 1012.

[10]*Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004)(emphasis added).

[11]*Id.* (citation omitted).

[12]*Hancock v. City of Oklahoma City*, 857 F.3d 1394, 1395 (10th Cir. 1988); *Wichita Clinic, P.A. v. Columbia/HCA Healthcare Corp.*, 45 F. Supp. 2d 1164, 1207 (D. Kan. 1999).

B.      Discussion

Defendants have not argued, and the court does not believe, that the court misapprehended the facts, the parties' positions or the controlling law.  To that end, the court finds that defendants could easily have raised their objections to the underlying Requests for Admissions in their response to plaintiff's motion to compel and in their objections to Interrogatory No. 15.  Such a decision would have allowed defendants to present a more complete argument in the first instance as to why plaintiff's motion to compel should have been denied in whole or in part as to Interrogatory No. 15.  However, instead of presenting their strongest case, defendants apparently believed the court should have hunted through the underlying Requests for Admission, raised the underlying objections on defendants' behalf and found in defendants' favor.  Such an effort was not required of the court.[13]

Moreover, the court finds that if defendants wanted the court to consider their objections to the underlying Requests for Admission *as they relate to Interrogatory No. 15*, defendants should have raised those objections in their objections to Interrogatory No. 15 and in their response to the motion to compel.[14]

> [C]ourts have long held that the burden is on the objecting party to show why an interrogatory is improper and while the burden is on the moving party to seek court action, the burden of persuasion *remains at all times with the objecting party*. . . .  For lawyers and parties appearing before this court, the court will continue to require the nonmoving party to bear the burden of showing specifically why the . . . discovery is improper.  In most cases, the moving party need only file its motion to compel and draw the court's attention to the relief the party seeks.  At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other

---

[13]*Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995)(citing *Accord United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in briefs.")).

[14] "Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."  *Cardenas v. Dorel Juvenile Group, Inc*., 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005).

evidence.[15]

 It is true that plaintiff's motion to compel did not seek to compel the Requests for Admission at issue.  However, presumably plaintiff did not want to compel responses to these Requests for Admission.  Rather, plaintiff sought a complete response to Interrogatory No. 15.  If defendants wished for their underlying objections to the Requests for Admission to be considered *as they relate to Interrogatory No. 15* defendants had the opportunity to raise these objections in their response to Interrogatory No. 15 and in their response to plaintiff's Motion to Compel.  Instead, defendants chose to rest on other objections to Interrogatory No. 15.  While such a decision was not defendants' "strongest case", the court will not reconsider its previous order because of defendants' failure.

That said, the court notes that as to Interrogatory No. 15 as it relates to Request for Admission No. 52 "Plaintiff agrees . . . [it] need not be answered."[16]  As a result, the court finds that since the present motion is unopposed as it relates to Request for Admission No. 52, defendants need not respond to Interrogatory No. 15 as it relates to Request for Admission No. 52.

Likewise, plaintiff has indicated that it is willing to modify its request for answers to Interrogatory No. 15 to encompass limited information concerning Requests for Admission Nos. 7-15 to require only a "statement identifying the portion of each of these requests Defendants admitted and any portion of these requests denied, and stating briefly what role Ratier or Hamilton had, if any, and whether any other party is sharing revenue and/or profit."[17]

Beyond these limited additional answers plaintiff only seeks further complete answers as to

---

[15]*Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 U.S. Dist. LEXIS 5170, at * 7, 13 (D. Kan. March 30, 2005).

[16]Response (Doc. 261).

[17]*Id*. at p. 1.

Interrogatory No. 15 as it relates to Requests for Admission Nos. 34 and 39.  As a result, based upon plaintiff's explanation, the court shall only compel answers to Interrogatory No. 15 as it relates to Requests for Admission Nos. 34 an 39 in their totality and answers related to Requests for Admission Nos. 7-15 to require only a statement for each identifying the portion of each of these requests defendants admit and any portion of these requests defendants deny, stating what role Ratier or Hamilton had, if any, and whether any other party is sharing revenue or profits.

Defendants' motion also asks the court to not compel a response to Interrogatory No. 15 as it relates to Requests for Admission Nos. 21 and 56.  Plaintiff's response fails to state its position as to whether or not the court should compel defendants to respond to Interrogatory No. 15 as it relates to these particular Requests for Admission.  As a result, the court construes plaintiff's response as not contesting defendants' Motion for Clarification as to these aspects of Interrogatory No. 15 and will not compel defendants to answer Interrogatory No. 15 as it relates to Requests for Admission Nos. 21 and 56.

## II.   Motion for Extension of Time of File Responses as to Motion to Strike (Doc. 248).

On April 26, 2007, plaintiff filed its Motion to Strike requesting judgment in its favor as to liability and requesting to proceed directly to trial on damages.  On May 2, 2007, defendants filed a Motion to Strike plaintiff's Motion to Strike (Doc. 211).  In the present  motion, defendants seek to extend defendants' response deadline to plaintiff's Motion to Strike Defendants' Defenses (Doc. 195) "to 28 days after the Court has ruled on defendants' pending Motion to Strike the Motion to Strike Defendants' Defenses (Doc. 211)."  In support of extending this deadline, defendants argue that they "should not be required to expend significant time and resources responding to an improper and premature motion that should never have been filed."

6

Generally, the court will only reschedule response deadlines to a specified date and will not grant motions for such abstract relief as sought here.  To extend defendants' response deadline until "28 days" from after the court has ruled on another, albeit related, motion is simply too speculative and may lead to an undue delay in the completion of pretrial activities in this case.  Indeed, if the court were to grant the present motion and then deny defendants' Motion to Strike plaintiff's Motion to Strike, the briefing as to plaintiff's Motion to Strike would be incomplete.  At that point, defendants would have to file a response at which point plaintiff would still have 23 days to reply.  Such a delay would unnecessarily frustrate the complete resolution of the issues raised in the parties' motions (Doc. 195 and 211).

Moreover, the court also finds that granting the relief defendants seek would unnecessarily prejudice plaintiff.  Instead of responding to plaintiff's Motion to Strike, defendants chose to file their own Motion to Strike and filed the present motion asking the court in essence to stay its response to plaintiff's Motion to Strike.  While such decisions were defendants' prerogative, were the court to grant the present motion and stay the time period for filing a response to the original dispositive motion, plaintiff would be prejudiced.

Here, defendants' decision to file their own Motion to Strike  allowed defendants two bites at the proverbial apple.  Instead of only having one opportunity to raise their arguments in their response to plaintiff's Motion to Strike (Doc. 195), defendants now have two opportunities to outline their contentions: first in their own motion to strike and second in their reply in support.  This in and of itself is not particularly prejudicial.  However, if the court were to grant the present motion, it would effectively deny or unjustifiably postpone plaintiff, the original moving party, from filing a reply in support of its own dispositive motion.  As a result, the court believes granting defendants

a limited extension to file their response to plaintiff's Motion to Strike (Doc. 195), and thereby triggering plaintiff's reply period, constitutes the best course of action.

### III.     Plaintiff's Motion to Permit Specified Discovery or to Limit Testimony (Doc. 234).

Plaintiff filed this motion on May 11, 2007 and asked the court to permit certain limited discovery to continue past the then May 16, 2007 cutoff date.  On May 30, 2007, the court held a Telephone Status Conference[18] and provided the parties with an Amended Scheduling Order[19] extending certain limited discovery until July 18, 2007.  As a result, the court finds plaintiff's Motion to Permit Specified Discovery or to Limit Testimony is (Doc. 234) moot.

IT IS THEREFORE ORDERED that defendants' Motion for Clarification of Court's Ruling as to Plaintiff's Interrogatory No. 15 (Doc. 232) is granted in part and denied in part.   Defendants need not respond to Interrogatory No. 15 as it relates to Request for Admission No. 52.  By **July 9, 2007**, defendants shall respond to Interrogatory No. 15 as it relates to Requests for Admission Nos. 7-15, 34 and 39 as described above.

IT IS FURTHER ORDERED that defendants' Motion to Extend Time for Defendants' Response to Plaintiff's Motion to Strike (Doc. 248) is granted in part and denied in part.  By **June 25, 2007** defendants shall file their response to plaintiff's Motion to Strike (Doc. 195).  By June 25, 2007, if defendants wish, they may contact the Clerk of the Court to cross-file their own Motion to Strike (Doc. 211) as their response to plaintiff's Motion to Strike.  By whatever day up to and including June 25, 2007 defendants shall file their response to plaintiff's Motion to Strike, plaintiff will have 23 days to file a reply.

---

[18] Minute Entry (Doc. 276).

[19] *See* Amended Scheduling Order (Doc. 277).

IT IS FURTHER ORDERED that plaintiff's Motion to Permit Specified Discovery or to

Limit Testimony (Doc. 234) is denied as moot.

IT IS SO ORDERED.

Dated this 18th day of June, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
