IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) No. 05-4135-JAR |
| | ) |
| v. | ) Judge Julie A. Robinson |
| | ) |
| HAMILTON SUNDSTRAND | ) Magistrate Judge K. Gary Sebelius |
| CORPORATION and RATIER-FIGEAC, | ) |
| S.A.S, | ) |
| | ) |
| Defendants. | ) |

### RATIER'S OBJECTIONS TO PLAINTIFF'S
### AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION

Defendant Ratier-Figeac, S.A.S. ("Ratier"), by its attorneys, hereby objects to the Amended Notice of Rule 30(b)(6) Deposition (hereafter, "Amended Notice" (Doc. No. 295)) served by plaintiff ICE Corporation as follows:

### OBJECTIONS TO AMENDED NOTICE

Ratier objects to the Amended Notice on the ground that the notice identifies Ratier's corporate headquarters as the location of the deposition. (Amended Notice at 1.) The Court's May 21, 2007 Order considered whether "Kansas City" or "France" would be the appropriate location for the Ratier corporate representatives' depositions. (Doc. No. 255 at 8-9.) Because Ratier's principal place of business is located in Figeac, France, the Court ordered the deposition to occur in France. (Id. at 7.) Federal courts routinely treat the phrase "principal place of business" as referring to geographic locality, not the specific buildings of a party. See, e.g., GFSI, Inc. v. J-Looning Trading, Ltd., Case No. 05-2302-KVH, 2006 WL 2403103, *1-2 (D. Kan. April 18, 2006) (considering whether Hong Kong – the locality of corporation's principal place of business and corporate representative's residence – or Kansas City, Missouri – the locality noticed by plaintiff – was the appropriate location for

Rule 30(b)(6) deposition); <u>Morin v. Nationwide Federal Credit Union</u>, 229 F.R.D. 362, 363 (D. Conn. 2005) (determining that Ohio – the locality of defendant's principal place of business – was the appropriate location for Rule 30(b)(6) deposition of corporation). <u>Cf. Tolon v. Board of Commissioners of Johnson County, Kansas</u>, Case No. Civ. A. No. 95-2001-GTV, 1995 WL 761452 (D.Kan. Dec. 18, 1995) (considering whether Dallas, Texas – the locality of plaintiff's residence – or Overland Park, Kansas – the locality noticed by defendants – was the appropriate location for deposition). Ratier has reserved conference rooms for the deposition at the Best Western (Hotel Le Pont d'Or), 2 Avenue Jean Jaurès in Figeac, France, which is located less than five minutes from Ratier's corporate headquarters.

Ratier further objects to all new topics of questioning identified in Exhibit A to the Amended Notice on the basis that this new discovery is in direct violation of this Court's May 30 Order (hereafter, the "Order"). (<u>See</u> Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (<u>Id.</u> at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(<u>Id.</u> at 2.) ICE violated the Court's Order by serving its Amended Notice without conferring with defendants regarding the new topics of questioning and without filing a motion and receiving an affirmative ruling as required by the Court's Order.

In addition, Ratier objects to the instruction in the Amended Notice that "[i]f Defendants claim that some of the responsive materials sought in the 30(b)(6) Notice to

Hamilton Sundstrand are not in Defendant Hamilton Sundstrand's care, custody or control but are in Defendant Ratier-Figeac's care, custody or control, Plaintiff requests that those materials be produced at the deposition." (Amended Notice at 1.) To the extent this instruction is intended as a request for the production by Ratier of documents identified by Exhibit B to the Amended Notice of 30(b)(6) Deposition to Hamilton Sundstrand, the Amended Notice improperly attempts to circumvent the procedures set forth in Federal Rules of Civil Procedure 30 and 34 and shorten the time within which Ratier is required to serve a written response to the requests. Rule 30 provides that the procedures of Rule 34 apply to a request for the production of documents by a deponent. Fed. R. Civ. P. 30(b)(5). Rule 34 allows 30 days to file a written response after service of requests for production. Fed. R. Civ. P. 34(b). The Amended Notice, however, purports to require Ratier to produce the documents identified in Exhibit B by June 27, just two weeks after the date that the Amended Notice was served. (See Amended Notice at 1.) A party may not unilaterally shorten the response period provided by Rule 34 by noticing a deposition and requesting document production at that deposition. See Premier Resort Krabi, Ltd. v. Mohawk, Inc., 1997 WL 18154, *1 (D. Kan. Jan. 14, 1997). In addition, Ratier objects to the Amended Notice's instruction that Ratier produce documents responsive to Exhibit B that are not in the "care, custody or control" of Hamilton on the grounds that it is premature because Hamilton is not required to respond to Exhibit B until July 5 – <u>after</u> the deposition of Ratier – and that it violates the Order's prohibition against new discovery. (See Order at 2.)

Ratier further objects to the Amended Notice's direction that "if Defendant claims it has previously produced documents directly relevant to the topics on Exhibit A, the witness is expected to be able to identify such materials by Bates numbers." (Amended Notice at 1.)

In this action, Hamilton has produced over 18,000 pages of documents and defendant Ratier has produced over 34,000 pages of documents. Subject to the objections set forth below, the witnesses designated by Ratier will be prepared to testify as to matters known or reasonably available to Ratier with respect to the topics identified by ICE and to respond to questions about documents that have been produced in this case, but to require the witnesses to identify documents by Bates number imposes an unreasonable and undue burden.

## OBJECTIONS TO SPECIFIC TOPICS

> 3. The relationship between Hamilton Sundstrand and Ratier-Figeac, corporate reporting and hierarchy, whether Ratier-Figeac's revenues and profits are included in Hamilton Sundstrand's quarterly and annual financial statements, why Ratier-Figeac's quarterly and annual financial statements are not shown separately in United Technologies annual reports, and the reasons Hamilton Sundstrand has issued press releases describing Ratier-Figeac as a business unit of Hamilton Sundstrand.

**OBJECTION:** Ratier objects to Topic No. 3 on the ground that ICE's amendment of its original Notice of Rule 30(b)(6) Deposition (hereafter, the "Notice," Doc. No. 149) to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 3 violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its

Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 3 on the grounds that it seeks information — including information regarding United Technologies' financial reporting — that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence and that it seeks information that is neither known nor reasonably available to Ratier. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 3.

> 4. The roles of Hamilton Sundstrand and of Ratier-Figeac on the A400M project, including any agreements or contracts or understandings, the expected division of revenues and profits, decision making, and respective responsibilities, and whether any records exist regarding these matters.

**OBJECTION**: Ratier objects to Topic No. 4 on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 4 violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 4 on the ground that it is overbroad and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the A400M propeller program. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about the roles of Hamilton and Ratier on the A400M propeller project.

> 4.a. Included Subtopic: The method by which Ratier-Figeac has been and/or expects to be compensated for its work on the A400M Project.

**OBJECTION**: Ratier objects to Topic No. 4.a. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 4.a. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 4 on the grounds that it is overbroad and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the A400M propeller program and that it is cumulative of Ratier's detailed response to ICE's

Interrogatory No. 12.b., set forth in Ratier's Fourth Amended Answers to Plaintiff's Opening Interrogatories. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about the method by which Ratier has been and/or expects to be compensated for its work on the A400M propeller program.

> 4.c. The method, form and amounts of payments Ratier-Figeac has received and expects to receive from Airbus, United Technologies or any other party for its work on the de-icing controller for the A400M.

**OBJECTION:** Ratier objects to Topic No. 4.c. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 4.c. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 4.c. on the ground that it seeks information that is cumulative of Ratier's detailed response to ICE's Interrogatory No. 12.b., set forth in Ratier's Fourth Amended Answers to Plaintiff's Opening Interrogatories. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 4.c.

5. The completeness and accuracy of the discovery responses made by Ratier-Figeac in this case.

**OBJECTION**: Ratier objects to Topic No. 5 on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 5 violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 5 on the ground that it is overbroad, unduly burdensome and fails to identify with reasonable particularity the matters on which examination is requested because it purports to require a witness to be prepared to testify about every interrogatory and every request for admission to which Ratier has responded in this case. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 5.

> 5.a. Included Subtopic: The information sought by Plaintiff's Request for Admissions 7-15, 34, and 39.

**OBJECTION**: Ratier objects to Topic No. 5.a. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order

states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 5.a. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

In addition, Ratier objects to Topic No. 5.a. on the ground that on July 16, 2006, defendants served timely legal objections to Request for Admission Nos. 7-15 and 39 and ICE failed to file a motion to compel further responses to those Requests for Admission within the deadline provided by District of Kansas Rule 37.1(b). As a result, ICE has waived any objection to defendants' objections to those Requests for Admission. Ratier further objects to Topic No. 5.a. on the grounds, as set forth in Defendants' Responses to Plaintiff's First Request for Admissions, that Requests for Admission Nos. 7-15 sought information that is neither relevant to the claim or defense of either party nor reasonably calculated to lead to the discovery of admissible evidence and that Request for Admission No. 39 was vague and ambiguous. Ratier further objects to Topic No. 5.a. on the ground that Request for Admission No. 34 seeks a pure legal conclusion and as such is not an appropriate topic for a Rule 30(b)(6) deposition and that Topic No. 5.a. seeks information that is protected by the attorney-client privilege, the attorney work product doctrine or both.

> 5.b. The identification of electronic sources of records, such as e-mails, electronic databases, word processing, hard drives, and other computer and electronic storage. The efforts to preserve and select responsive materials and the persons involved.

**OBJECTION**: Ratier objects to Topic No. 5.b. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 5.b. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order. Ratier further objects to Topic No. 5.b. on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

> 5.c. Included Subtopic: The e-mails to and from Dave Danielson, including the information available to him on May 1, 2007 in electronic form when the Plaintiff's deposition notice for his deposition was served. The efforts to preserve and select responsive materials and the persons involved.

**OBJECTION**: Ratier objects to Topic No. 5.c. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the

Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 5.c. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 5.c. on the ground that it is overbroad and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, that it seeks information protected by the attorney-client privilege, the attorney work product doctrine or both and that it seeks information that is neither known nor reasonably available to Ratier.

> 5.d. Included Subtopic: Comparison by any Hamilton Sundstrand or Ratier employee of the ICE design to either the Goldberg patent or to the proposed Artus design. (This subtopic also includes by reference the comparison described in Danielson's deposition at pages 46-47, and pages 75-79 and, by Bates number any documents produced concerning those comparisons).

**OBJECTION**: Ratier objects to Topic No. 5.d. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to

-11-

confer so as to resolve this issue. If the parties are unable to resolve this
dispute, the party seeking further and separate discovery may file a motion to
extend discovery so as to address that separate issue. The court, however,
discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 5.d. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

In addition, Ratier objects to Topic No. 5.d. on the ground that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine or both.

Ratier further objects to Topic No. 5.d. on the ground that it is unduly burdensome and fails to identify with reasonable particularity the matters on which examination is requested because it purports to place on the witness the burden of identifying the documents about which ICE seeks testimony.

> 5.e. Included Subtopic: Any documents or materials withheld on the claim of work product which (a) involves communications by Hamilton Sundstrand employees about or with Artus or its design, materials or employees; (b) communications with counsel regarding materials withheld, or materials sent or received from Artus, either defendant or any other party.

**OBJECTION**: Ratier objects to Topic No. 5.e. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

-12-

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 5.e. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

In addition, Ratier objects to Topic No. 5.e. on the ground that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine or both and that it seeks information that is neither known nor reasonably available to Ratier.

> 6. All Ratier and Hamilton Sundstrand Incorporated internal costs, overhead and engineering time relating to development of the de-icing controller for the A400M, including the details thereof for material cost, material overhead rate, subcontract prices, subcontract overhead rates, direct labor costs by category (engineering, manufacturing, etc), total prime cost, general and administrative overhead rate, other direct cost, profit and risk. The witness should be prepared to discuss costs, labor and charges before July 1, 2005, and those expended or incurred thereafter.

**OBJECTION:** Ratier objects to Topic No. 6 on the basis that it seeks information that is not known to or reasonably available to Ratier because defendants do not maintain detailed cost information according to the categories identified in Topic No. 6 and because defendants have no information concerning subcontract costs or subcontract overhead rates. Ratier further objects to Topic No. 6 on the basis that the phrase "total prime cost" is vague and ambiguous and fails to identify with reasonable particularity the matters on which examination is requested. Ratier further objects that the request in Topic No. 6 for a witness to testify about "the details" of defendants' internal costs "for . . . profit and risk" is vague and ambiguous and fails to identify with reasonable particularity the matters on which examination is requested. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 6.

> 7. All supplier and sub-supplier contracts for goods/and [sic] or services (including design, manufacturing, consulting, materials, components or goods of any type) utilized in the development of the propeller deicing controller for the A400M project, including all prices, and actual or projects costs associated therewith.

**OBJECTION:** Ratier objects to Topic No. 7 on the ground that it seeks information concerning sub-supplier contracts that is neither known nor reasonably available to Ratier. Subject to and without waiving the foregoing objection, Ratier will produce a witness to testify about Topic No. 7.

> 7.a. Included Subtopic: The employee hours, hourly rates and values, and the expenses incurred by Ratier-Figeac prior to July 1, 2005, and those incurred thereafter. Also, the method and location of records which track employee hours, hourly rates charged to the project.

**OBJECTION:** Ratier objects to Topic No. 7.a. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 7.a. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 7.a. on the ground that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Ratier objects to Topic No. 7.a. on the ground that the term "values" is vague and ambiguous and fails to identify with reasonable particularity the matters on which examination is requested. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 7.a.

> 8. All Ratier-Figeac internal costs, overhead and engineering time between March 1, 2004 and September 30, 2005, relating to development of the de-icing controller for the A400M, including the details thereof for material cost, material overhead rate, subcontract prices, subcontract overhead rates, direct labor costs by category (engineering, manufacturing, etc), total prime cost, general and administrative overhead rate, other direct cost, profit and risk.

**OBJECTION:** Ratier objects to Topic No. 8 on the ground that it seeks information that is neither known nor reasonably available to Ratier because defendants do not maintain detailed cost information according to the categories identified in Topic No. 8 and because defendants have no information concerning subcontract costs or subcontract overhead rates. Ratier further objects to Topic No. 8 on the basis that the phrase "total prime cost" is vague and ambiguous and fails to identify with reasonable particularity the matters on which examination is requested. Ratier further objects that the request in Topic No. 8 for a witness to testify about "the details" of defendants' internal costs "for . . . profit and risk" is vague and ambiguous and fails to identify with reasonable particularity the matters on which examination is requested. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 8.

8.a. Included Subtopic: The employee hours, hourly rates and values, and the expenses incurred by Ratier-Figeac prior to July 1, 2005, and those incurred thereafter. Also, the method and location of records which track employee hours, hourly rates charged to the project.

**OBJECTION**: Ratier states that Topic No. 8.a. appears to be identical to Topic No. 7.a. and incorporates by reference its response to Topic No. 7.a.

9. The total current and projected costs of developing and manufacturing the de-icing controller for the A400M. Also, a division of the costs incurred before July 1, 2005 and those incurred thereafter.

**OBJECTION**: Ratier objects to Topic No. 9 on the ground that the phrase "total current and projected costs of developing and manufacturing" is vague and ambiguous because it is not clear to what entity's costs the topic relates. In addition, to the extent that Topic No. 9 seeks information regarding costs incurred by any entity other than defendants, Ratier objects to Topic No. 9 on the ground that it seeks information that is neither known to nor reasonably available to Ratier. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 9.

10. The expense records produced by Ratier in this case and whether any other time or cost records exist.

**OBJECTION**: Ratier objects to Topic No. 10 on the ground that ICE's amendment of its Notice to expand this topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to expand Topic No. 10 violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order.

Ratier further objects to Topic No. 10 on the ground that the phrases "expense records" and "any other time or cost records" are vague and ambiguous and fail to identify with reasonable particularity the matters on which examination is requested. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 10.

      11.    The projected costs for each component, part, for the de-icing controller provided to Airbus.

**OBJECTION:** Ratier objects to Topic No. 11 on the ground that no projected costs for the deicing controller or any component thereof have been provided to Airbus. Subject to and without waiving the foregoing objection, Ratier will produce a witness to testify about Topic No. 11.

      14.    The current projections for the pricing and total unit costs of the de-icing controller for the A400M.

**OBJECTION:** Ratier objects to Topic No. 14 on the ground that the phrases "pricing" and "total unit costs" are vague and ambiguous because it is not clear to what entity's pricing and costs the topic relates. In addition, to the extent that Topic No. 14 seeks information regarding costs incurred by any entity other than defendants, Ratier objects to Topic No. 14 on the ground that it seeks information that is neither known nor reasonably available to Ratier. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify about Topic No. 14.

> 14.a. Included Subtopic: The price, contract and other negotiations in 2005 with Artus by either or both Defendants regarding the propeller deicing controller on the A400M.

**OBJECTION**: Ratier objects to Topic No. 14.a. on the ground that ICE's amendment of its Notice to add this new topic violates the Court's Order. (See Doc. No. 277.) The Order states that any limited discovery which was the subject of a motion pending at the time of the Court's Order is to be completed by July 18. (Id. at 1.) With respect to new discovery requests not pending at the time of the Order, the Order provides:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.

(Id. at 2.) ICE's amendment of its Notice to add Topic No. 14.a. violates the Court's Order because ICE did not confer with defendants regarding this new topic prior to serving its Amended Notice and did not file a motion and receive an affirmative ruling as required by the Court's Order. Subject to and without waiving the foregoing objection, Ratier will produce a witness to testify about Topic No. 14.a.

> 15. The total sums originally contracted, since paid, and those sums projected to be paid, to Artus for any of its work on the A400M, broken down by component.

**OBJECTION**: Ratier objects to Topic No. 15 on the ground that it is overbroad and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence because it is not limited to Artus's work on the A400M propeller deicing controller. Subject to and without waiving the foregoing objections, Ratier will produce a witness to testify concerning the total sums

contracted, since paid, and projected to be paid to Artus for its work on the A400M deicing controller.

19.   All supplier and sub-supplier contracts for goods/and or services (including design, manufacturing, consulting, materials, components or goods of any type) expected to be utilized in the delivered version of the propeller deicing controller for the A400M project, including all prices, and actual or projects costs associated therewith.

**OBJECTION:**   Ratier objects to Topic No. 19 on the ground that it seeks information concerning sub-supplier contracts that is neither known nor reasonably available to Ratier. Subject to and without waiving the foregoing objection, Ratier will produce a witness to testify about Topic No. 19.

Dated:  June 19, 2007

DEACY & DEACY, LLP

/s/ Dale L. Beckerman

Dale L. Beckerman, KS Bar Number 15820
Mimi E. Doherty, KS Bar Number 15613
920 Main Street, Suite 1900
Kansas City MO 64105
Phone:  (816) 421-4000
Fax:    (816) 421-7880
E-mail: dlb@deacylaw.com
        med@deacylaw.com

and

Frederick J. Sperling, IL Bar Number 3128237
Sondra A. Hemeryck, IL Bar Number 6207039
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL  60606
Phone: (312) 258-5500
Fax:   (312) 258-5600
E-mail:  fsperling@schiffhardin.com
         shemeryck@schiffhardin.com

Attorneys for Defendants Hamilton Sundstrand Corporation and Ratier-Figeac, S.A.S.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2007, I electronically filed the foregoing Defendants' Objections to Amended Notice of Rule 30(b)(6) Deposition to Ratier with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Thomas R. Buchanan, Esq.
Jason L. Buchanan, Esq.
Michael J. Gorman, Esq.
Linda C. McFee, Esq.
McDowell, Rice, Smith & Buchanan
Skelly Building
605 West 47th Street, Suite 350
Kansas City, Missouri 64112-1905
ATTORNEYS FOR PLAINTIFF

                    /s/ Dale L. Beckerman
                    Attorney for Defendants Hamilton Sundstrand
                    Corporation and Ratier-Figeac, S.A.S.