IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4135-JAR |
| ) | |
| HAMILTON SUNDSTRAND INC., and ) | |
| RATIER-FIGEAC, S.A., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

The Court now considers plaintiff ICE Corporation's ("ICE") Objections (Doc. 384) to Magistrate's Report and Recommendation and Order (Doc. 371) filed by Magistrate Judge K. Gary Sebelius, recommending that this Court deny plaintiff's Motion to Strike Defendants' Defenses (Doc. 195).[1] Plaintiff timely filed its objection to the Report and Recommendation, defendants Hamilton Sundstrand, Inc. ("Hamilton") and Ratier-Gigeac, S.A. ("Ratier") filed a response (Doc. 403) and plaintiff filed a reply (Doc. 418). The district court must review de novo those portions of a magistrate judge's report and recommendations to which an objection is made.[2] Having considered plaintiff's objection[3] and defendants' response, and having reviewed

---

[1] Judge Sebelius further ordered that defendants' Motion for Leave to file Surreply (Doc. 354) be denied as moot, and that defendants' Motion to Strike Plaintiff's Motion to Strike (Doc. 211) be denied as moot.

[2] 28 U.S.C. § 636(b)(1)(C).

[3] In its reply, plaintiff requested an evidentiary hearing on its objection to the Report and Recommendation. This Court denies that request and rules without an evidentiary hearing. ICE maintains that a hearing would allow the Court to consider materials that are confidential, and also evaluate the testimony of various witnesses, which the parties interpret quite differently. The Court finds that hearing further testimony and oral argument on the meaning or effect of such witness testimony would serve no constructive purpose. On the contrary, this might give the parties

1

Judge Sebelius's well-reasoned Report and Recommendation, this Court finds that plaintiffs' objections are without merit; therefore this Court adopts Judge Sebelius's Report and Recommendation as the order of this Court.

### *Report and Recommendation*

Judge Sebelius recommended that plaintiff's motion to strike defendants' defenses be denied. Plaintiff's motion asked the Court to sanction the defendants by striking their defenses, because: (1) defendants' representatives testified falsely under oath and falsely responded to interrogatories; (2) defendants obfuscated and unnecessarily delayed responding to discovery and withheld crucial information; and (3) defendants engaged in "repeated and continuing misrepresentations."

Judge Sebelius found that dismissal of defendants' defenses was unwarranted, because: (1) even if the Court has the inherent power to dismiss defendants' defenses, this sanction of "last resort" is too harsh under these facts; (2) plaintiff has not demonstrated that the deposition testimony at issue was perjurious; (3) plaintiff has not demonstrated that defendant Ratier's Second Amended Answers to Interrogatories No. 2 constituted a fraud upon the court; (4) since plaintiff's motion to strike was not brought under Fed. R. Civ. P. 37(c), the court need not consider whether defendants should have seasonably supplemented their response to interrogatories pursuant to Fed. R. Civ. P. 26(e); and (5) with respect to the alleged abusive

---

a new opportunity to hurl accusations and insults at one another. For example, in its objection, plaintiff accuses defendants of exercising "effort to deceive the Court" and states that their "bad faith conduct is palpable." (Doc. 384 at 2, 4.) Defendants fire back in their response, accusing plaintiff of making "serious and deliberate misrepresentations" and using "discovery not to obtain information but to create discovery disputes in the hopes of persuading the court to sanction defendants." (Doc. 403 at 4, 6.) This was met by still more accusations in plaintiff's reply. In any event, this record is adequate for the Court to determine whether defendant's conduct warrants the requested sanction. For even if the myriad of allegations and accusations were clarified or fleshed out, this would still fall short of the type of conduct warranting the last resort sanction of striking defendants' defenses.

discovery practices, some are disregarded because they were only first mentioned in plaintiff's reply, and the other such practices have been or will be addressed in orders by Judge Sebelius. Plaintiff objects to Judge Sebelius's recommendation that the motion to strike be denied on any or all of these grounds. This Court addresses each in turn.

*Standard*

The Court conducts a de novo review under the same standard employed by Judge Sebelius. Plaintiff's motion for sanctions asks the Court to strike defendants' defenses solely on the basis of the Court's inherent power to do so. Such inherent powers of the courts are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[4] Exercise of the courts' inherent powers must be with restraint and discretion.[5] Part of the Court's inherent power is the ability to select an appropriate sanction.[6]

One way that the Court may exercise its inherent powers is by dismissal of a claim when a fraud is perpetrated on the Court, "such as when a party has perjured himself during the discovery process."[7] But the discretion to dismiss should only be used in cases of "willfullness, bad faith, or [some] fault of petitioner."[8] In determining whether dismissal is an appropriate sanction, the Court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount

---

[4]*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

[5]*Id.* at 44.

[6]*Id.*; *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003).

[7]*Chavez v. City of Albequerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (quotations omitted).

[8]*Id.* (quotations omitted).

>of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[9]

The Court keeps these factors in mind when considering plaintiff's allegations that defendants committed perjury in the discovery process.

### *Siminel's testimony*

Bruno Siminel, an employee of defendant Ratier, but not a Rule 30(b)(6) witness, testified in a deposition that none of plaintiff's design information, materials or documents were provided to Artus. Siminel also denied that a document that had been drafted by plaintiff was furnished to Artus. Like Judge Sebelius, this Court finds that plaintiff has failed to prove that this testimony was false. First, Seminel's denials were not unequivocal. Rather, his testimony about this subject was qualified by statements such as "[i]f I was aware," and "[n]ot that I know of."

Furthermore, although plaintiff could show that Artus was in possession of information and documents belonging to plaintiff, there was no showing that Siminel either disclosed this information to Artus, or had knowledge of someone else's disclosure of the same to Artus. Plaintiff relies on a series of emails that relate concerns that plaintiff's proprietary information will be, or has been, disclosed or shared. One such email, which states, "[n]ote that this document . . . cannot be provided to any of ICE's competitors in this form," simply seems to prospectively warn defendants to not disclose plaintiff's proprietary information  The other emails relate concerns that defendants might already be disclosing such information or will in the

---

[9]*Id.* (quotations omitted).

future.  But none of these emails relates that defendants are in fact disclosing such information.  Examples of the emails at issue read: "we need to officially remind Ratier . . . that they should not be sharing details of the ICE design"; "I hope they are being VERY careful with the information that they are providing to any potential suppliers"; "I don't know how we can prevent them from doing this"; "Let's politely discuss with RF (next Monday?) the limit on what can and should be shared with the new outfit"; and "I am very concerned about how much and what kind of technical information has been transferred . . . I just want to be sure that we are not violating any proprietary agreements with ICE."

Because plaintiff offered no evidence that Siminel was aware that other defendants had disclosed plaintiff's proprietary information, or that Siminel had himself disclosed such information, plaintiff failed to prove that Siminel's testimony was false, or that it constituted a fraud upon the court.  Thus, this provides no basis to strike defendants' defenses.

### *Ratier's Response to Plaintiff's Interrogatories*

Plaintiff argues that another basis to sanction defendants is that defendant Ratier falsely answered an interrogatory that asked Ratier to identify documents and recipients to whom it had provided information, materials and documents "prepared by ICE in connection with the deicing system."  Defendant Ratier answered "none," apparently interpreting this interrogatory to be asking about disclosure of proprietary information, although the interrogatory asked about information, not expressly limiting the scope to proprietary information.  Plaintiff argues that even if the interrogatory was limited to proprietary information, Ratier's answer was nonetheless false, for a November 5, 2002 email between Ratier and Artus included such proprietary information.  Later, Ratier did identify this particular email in his Second Amended Answers to

Interrogatories.  The Court declines to impose dismissal as a sanction, as the amount of actual prejudice appears to be minimal, the amount of interference with the judicial process insignificant, and because defendants received no prior warning from the Court that such a sanction would be the result of noncompliance.

Furthermore, in line with Judge Sebelius's recommendation, this Court declines to further address the issue of production of the design documents, because Judge Sebelius intends to address it in a separate order.  And because the underlying motion was not brought pursuant to Rule 26 or Rule 37, the Court need not consider whether defendants seasonably and appropriately supplemented their answer to this interrogatory.[10]  In Judge Sebelius's forthcoming order, he may consider whether lesser sanctions may be appropriate on this issue.

*Abusive Discovery Practices*

Plaintiff's final basis for its motion to strike is what plaintiff characterizes as defendants' pattern of abusive discovery practices.  Plaintiff identified some of these alleged abusive discovery practices in its original motion.  Judge Sebelius appropriately disregarded additional allegations that plaintiff raised for the first time in its reply to defendants' response to plaintiff's motion to strike.[11]  In any event, this Court declines to grant the motion to strike on the basis of any or all of these alleged abusive discovery practices.  Notably, plaintiff does not demonstrate how any of these alleged discovery abuses have resulted in actual prejudice so severe that the harshest of sanctions, striking defenses, should be imposed.  Furthermore, Judge Sebelius has already appropriately addressed some of these allegations in eleven different orders on motions

---

[10]Plaintiff elected to bring this motion to strike on the basis of the court's "inherent power" to sanction by striking claims or defenses, and did not bring this motion to strike on the basis of Rule 37.

[11]*See, e.g.*, *Hutton Contracting Co. v. City of Coffeyville*, 487 F.3d 772, 788 (10th Cir. 2007).

to compel or motions for sanctions or other relief.[12]  And some of these allegations he will address in future orders that will address four pending motions to compel or for other types of sanctions and relief.[13]

Moreover, plaintiff has further opportunity to seek sanctions, for **this Court adopts Judge Sebelius's recommendation to give plaintiff an additional eleven days to properly file motions seeking further relief under Rule 37 or Rule 30(b)(6)**.  This Court notes that these additional discovery disputes are best left in the capable and informed hands of Judge Sebelius who has thus far ruled[14] on some 107 discovery related motions.[15]

**IT IS THEREFORE ORDERED** that plaintiff's Objections (Doc. 384) to Magistrate's Report and Recommendation and Order is **overruled and denied**.

**IT IS FURTHER ORDERED** that the August 9, 2007 Report and Recommendation

---

[12]*See* Docs. 80, 136, 140, 164, 192, 211, 219, 225, 234, 242, 297.

[13]*See* Docs. 306, 342, 374, 397.

[14]Judge Sebelius has had the unfortunate experience of dealing with a panoply of motions, responses, replies, and requests for sur-reply, that are replete with contentious accusations of increasing stridency.  Defendants note in their response that "[t]here is a natural and understandable inclination when confronted with the morass of charges and countercharges contained in the parties' briefs on ICE's Motion to Strike to assume that both sides must be responsible."  (Doc. 403 at 4 n.2.)  To be sure, not only is there such an inclination in this case, the pleadings evidence a basis for such a conclusion.  For example, plaintiff argues that although Judge Sebelius ruled against plaintiff on two discovery issues, plaintiff "supported its positions carefully," while defendants "did not cite a single case authority in their motions for protective order as to Ratier's 30(b)(6) depositions and Danielson's expert deposition."  (Doc. 384 at 5–6.)  Defendants counter that this is a "serious and deliberate misrepresentation of the record," for defendants "cited half a dozen cases" in their motion for protective order and that Judge Sebelius granted defendants' motion.  (Doc. 403 at 7.)  In a nutshell, plaintiff misleadingly stated that defendants had not cited a single case authority; for defendants did cite case authority.  And defendants misleadingly stated that they had cited half a dozen cases, suggesting that this persuaded Judge Sebelius to grant their motion, while neglecting to state that none of the cases they cited provided authority in support of a protective order.

[15]*See* Docs. 5, 7, 19, 22, 28, 41, 43, 47, 49, 54, 56, 60, 71, 74, 78, 80, 82, 84, 85,89, 94, 98, 100, 102, 110, 117, 128, 132, 133, 136, 138, 140, 150, 156, 158, 159, 161, 164, 165, 171, 173, 179, 180, 181, 185, 189, 190, 192, 193, 196, 197, 212, 216, 218, 219, 223, 224, 225, 226, 232, 234, 240, 241, 242, 243, 246, 248, 250, 260, 262, 264, 269, 283, 297, 303, 307, 309, 312, 313, 325, 326, 329, 336, 343, 344, 349, 352, 355, 361, 363, 372, 375, 378, 379, 387, 388, 395, 396, 398, 402, 405, 408, 409, 411, 417, 419, 425.

(Doc. 371) shall be adopted by the Court as its own.

**IT IS SO ORDERED**.

**Dated this 12th    day of October 2007.**

                                                   **S/ Julie A. Robinson**
                                                   **Julie A. Robinson**
                                                   **United States District Judge**

*Memorandum and Order Adopting Report and Recommendation,* ICE Corp. v. Hamilton Sundstrand, Inc., et al., Case No. 05-4135-JAR.