IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| ICE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4135-JAR |
| | ) | |
| HAMILTON SUNDSTRAND | ) | |
| CORPORATION and RATIER-FIGEAC, | ) | |
| S.A.S., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's Third Motion to Compel and for Sanctions (Doc. 306).  Defendants have filed a response (Doc. 328) to which plaintiff has filed a reply (Doc. 351).  Defendants also have filed a Motion for Leave to File Surreply in Opposition to Plaintiff's Third Motion to Compel and for Sanctions (Doc. 362) to which plaintiff has filed a response (Doc. 386) and defendants have filed a reply (Doc. 399).  Accordingly, the court finds these motions ripe for disposition.

### I.    Plaintiff's Third Motion to Compel and for Sanctions (Doc. 306).

In the instant motion, plaintiff seeks to compel the following documents in connection to the deposition of Mr. Danielson:

 (1) any and all comparisons or analyses of the ICE design, the Artus design, or comparing any aspects of the two; (2) any and all communications concerning these designs authored, received or reviewed by Danielson not previously produced in discovery; (3) electronic versions of emails, documents, databases, and spreadsheets requested by Plaintiff; and (4) if any such communications or materials are claimed to be privileged or work product, a privilege log in accordance with the decisions of this District or a finding that any privileged has been waived.[1]

Plaintiff also seeks to compel electronic discovery, specifically "electronic versions of *all* documents produced in discovery, including metadata, and provide a privilege log for all materials withheld from

---

[1] Third Motion to Compel (Doc. 306) at p. 3.

discovery."[2]   Finally, it is not clear whether plaintiff seeks to compel production of documents responsive to the *duces tecum* requests related to the 30(b)(6) depositions of defendant Hamilton Sundstrand Corporation.

Defendants contend that plaintiff's discovery request as to the documents sought in connection with Mr. Danielson's deposition is moot; and that the court should deny the remainder of plaintiff's discovery requests for procedural failures.

### A.   Mr. Danielson's deposition

As detailed below, the court grants in part and denies in part plaintiff's motion to compel as it relates to the *duces tecum* requests in conjunction with Mr. Danielson's deposition.

### 1.   Preliminary Issue—Rule 37.2 certification

Defendants assert that plaintiff's Rule 37.2 certification is false.   D. Kan. Rule 37.2 provides in pertinent part:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. . . . 37 unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. . . .   A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.   It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

Because defendants served objections to the *duces tecum* requests included with the Notice of Mr. Danielson's deposition *prior* to Mr. Danielson's deposition and because plaintiff "made no effort to confer about ICE's request for the comparisons prior to the deposition", defendants conclude that plaintiff failed to make a reasonable effort to confer.[3]   However, during Mr. Danielson's June 15, 2007 deposition the following conversation between counsel occurred:

MR. T. BUCHANAN:          Okay.   Regardless of whether it was done for counsel or
                         not, you've designated Mr. Danielson as an expert.   We've

---

[2] Reply (Doc.  351) at p. 2 (emphasis added).
[3] Response (Doc. 328) at p. 6-7.

|  |  | asked for the comparison, and I understand your position is that it will not be produced. |
|---|---|---|
| MS. HEMERYCK: |  | That is our position, yes. |
| MR. T. BUCHANAN: |  | Can we agree that we've conferred adequately about it so that we can move to compel? |
| MS. HEMERYCK: |  | Yes.[4] |

Here, it appears to the court that counsel for both parties expressly agreed that they had adequately conferred regarding this issue.

Defendants also argue that because they informed plaintiff that they *might* reconsider their position on producing Mr. Danielson's comparisons and plaintiff chose to file the instant motion without waiting for defendants' decision, then plaintiff failed to reasonably confer.  The court disagrees.  The parties had already expressly agreed that they had adequately conferred regarding the discovery issue in dispute.  Furthermore, considering that general discovery in this case had ended and the parties' final pretrial conference was nearing, the court finds plaintiff's decision to file the instant motion, rather that to wait for defendants to reconsider their position, was justified.  As a result, the court finds that as to this issue plaintiff has met the requirements of D. Kan. Rule  37.2.

### 2. Background as to Mr. Danielson's deposition

Mr. David R. Danielson ("Danielson") is employed by defendant Hamilton as a systems engineer.  Defendants disclosed Danielson as an "employee expert" in defendants' January 15, 2007 expert disclosures.  Plaintiff noticed Danielson's expert deposition for May 9, 2007 and accompanied this notice with *duces tecum* document requests.[5]  Mr. Danielson's deposition did not occur on May 9, 2007, because defendants filed a Motion for Protective Order.

---

[4] Reply (Doc. 351) at p. 2 (citing Exhibit A filed under seal with Doc. 352).
[5] Third Motion to Compel (Doc. 306) at p. 5(citing Doc. 209 at (Exhibit A)).

On June 6, 2007, the court denied defendants' motion for protective order and ordered defendants to produce Danielson for deposition.[6]  Mr. Danielson's expert deposition was re-noticed for June 15, 2007 and included another *duces tecum* document request which sought, in part, (1) "Copies of the comparisons referred to in David Danielson's deposition . . . and . . . any other comparisons he had done of the ICE design to any other design or patent" and  (2) "As to communications with Dave Danielson about the litigation, produce in electronic form, copies of all e-mails and attachments.  Please provide a privilege log of any materials withheld."[7]

Plaintiff contends that in the middle of Mr. Danielson's deposition, on June 15, 2007, defense counsel declared they were withholding from production certain written materials prepared by Danielson related to comparisons Mr. Danielson made between Artus' design and that of plaintiff's.[8]  At the time, defendants alleged such materials were protected by the work product doctrine.  However, Mr. Danielson, when testifying previously as a fact witness, averred:

> Q:   Setting aside anything you've done in responding to counsel's queries, or at counsel's request, have you ever undertaken to compare the Artus design work with any of the ICE design work in connection with the means of communication between the static control unit and the rotary control unit?
> A:   Yes, I have.
> Q:   When did you do that?
> A:   When I first started learning about the Artus technical proposal, which was at the end of 2005.
> Q:   So it wasn't in regard to this lawsuit?
> A:   No.[9]

**B.      Standard**

It is well-settled that the party seeking the protection of work product immunity has the burden to demonstrate the applicability of the immunity.[10]  The party asserting the privilege must

---

[6] Memorandum and Order (Doc. 289).
[7] Amended Notice (Doc. 285) (Exhibit B) referenced in Notice (Doc. 293).
[8] Reply (doc. 328) at (Exhibit 5).
[9] Third Motion to Compel (Doc. 306) at (Exhibit C) p. 76-77.

4

establish every element as to the immunity.[11]  In turn, the party seeking production of documents who claims a waiver of work product immunity has the burden of demonstrating such a waiver.[12]

Courts in the District of Kansas have held: "[A]ny type of work production or other privileged information lose their privileged status when disclosed to, and considered by, a testifying expert."[13]  "[W]ork production protection and privilege are waived with regard to protected materials *prepared by* or transmitted to a non-testifying expert in anticipation of litigation but subsequently read and reviewed by a testifying expert—even if the testifying expert avers under oath that he did not actually consider such materials in formulating his opinion."[14] This rule does not change just because the party claiming immunity "voluntarily chose to retain the same individual as both its non-testifying expert and its testifying expert."[15]  To that end, "even if all the referenced documents were protected from disclosure in the first instance, such protection was waived by the fact that (1) they were either *authored by* or received by [the testifying expert] and (2) their subject matter relate to the facts and opinions expressed by [the testifying expert] in the expert report submitted in this lawsuit."[16]

## C.    Parties' Contentions

Defendants argue that plaintiff's motion to compel production of Danielson's comparisons is "moot."[17]  On June 19, 2007, a day prior to plaintiff's filing of the instant motion, defense counsel e-mailed plaintiff's counsel "requesting that ICE's counsel provide any authority on which ICE was relying for its claim that the comparisons are discoverable so that defendants

---

[10] *Western Resources, Inc., v. Union Pacific Rail Road, Co*., No. 00-2043-CM, 2002 U.S. Dist. LEXIS 1911 at *10 (D. Kan. Jan. 31, 2002)(citations omitted)
[11] *Id*. (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).
[12] *Id*. at *12 (citations omitted).
[13] *Id*. at *28-29 (citing *Johnson*, 191 F.R.D. at 645-47).
[14] *Id*. at *34 (citing *Johnson*, 191 F.R.D. at 641, 649)(emphasis added).
[15] *Id*.
[16] *Id*. at *54-55.
[17] Response (Doc. 328) at p. 1.

'[could] review it and consider [their] position.'"[18]   Plaintiff provided defendants with legal authority and defendants informed plaintiff they would review and "get back" to plaintiff regarding their position.[19]   Plaintiff then filed the present motion to compel.

On June 22, 2007—the earliest date counsel for both parties could confer—defendants informed plaintiff that, having considered plaintiff's authority, defendants would produce Mr. Danielson's comparisons.  To that end, defendants asked plaintiff to withdraw the instant motion, so as to conserve the resources of the parties and the court.  Plaintiff, however, declined.   On June 22, 2007, defendants produced two comparisons Danielson had prepared: one created on March 7, 2006 and one created on October 23, 2006.[20]   At the time of filing their response, defendants had also agreed to provide the "metadata" for the comparisons.[21]   Defendants' response to the instant motion asserts that plaintiff's request for production of further comparisons is moot.  However, defendants' response neglects to indicate whether plaintiff's other *duces tecum* requests regarding Mr. Danielson's deposition are moot as well.

### D.      Discussion

While defendants argue that production of these comparisons is moot, the court will nonetheless grant plaintiff's motion to compel to the extent it seeks (1) "Copies of the comparisons referred to in David Danielson's deposition . . . and . . . any other comparisons he had done of the ICE design to any other design or patent" and (2) "As to communications with Dave Danielson about the litigation, produce in electronic form, copies of all e-mails and attachments.  Please provide a privilege log of any materials withheld."[22]

---

[18] *Id*. at p. 2 (citing Exhibit 1).
[19] *Id*.
[20] *Id*. at p. 3.
[21] *Id*. at p. 3. n. 1.
[22] Amended Notice (Doc. 285) (Exhibit B).

However, the court will not enter a broad order compelling defendants to produce any and all documents responsive to every request made in the Notice *duces tecum* to Mr. Danielson's deposition.   As defendants correctly point out, plaintiff's motion to compel is unclear as to what additional information it seeks to produce via its motion to compel.[23] Specifically, the instant motion to compel fails to identify which document requests contained in the Notice *duces tecum* to Mr. Danielson's deposition it seeks to compel.   Moreover, the instant motion fails to explain how the broad category of documents plaintiff seeks in the instant motion fall under the ambit of the various *duces tecum* requests.

The court will not compel defendants to produce any documents responsive to *all* the document requests raised in plaintiff's Notice *duce tecum* to Mr. Danielson's deposition because several of the document requests appear unrelated to Mr. Danielson's deposition.   For example, some of the document requests relate to Mr. Colgren, another defense expert, while other document requests seek production of other documents already produced, but sought this time in electronic format.[24]   Plaintiff's instant motion fails to explain how these document requests relate to Mr. Danielson's deposition and the court will not further speculate on the issue.

Indeed, on May 30, 2007 the court specifically extended only *limited* discovery until July 18, 2007.   To that end, the court specifically provided

> [s]hould a party believe further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue.   If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue.   The court, however, discourages this practice.[25]

Mr. Danielson's deposition was an issue pending before the court when the parties' May 30, 2007 Amended Scheduling Order was entered.   However, the court considers document requests

---

[23] Response (Doc. 328) at p. 4 n. 4.
[24] Amended Notice (Doc. 285) (Exhibit B).
[25] Amended Scheduling Order (Doc. 277) at p. 2.

which have no facial relevance to Mr. Danielson's deposition separate and distinct discovery. Thus, the court will not consider compelling these requests as plaintiff failed to seek leave of court to reopen discovery.  The court's May 30, 2007 order did not extend discovery for *all purposes* for a reason, i.e., because the parties must conclude discovery.

However, because the court was able to identify:

> Copies of the comparisons referred to in David Danielson's deposition . . . and . . . any other comparisons he had done of the ICE design to any other design or patent [and]  As to communications with Dave Danielson about the litigation, produce in electronic form, copies of all e-mails and attachments.  Please provide a privilege log of any materials withheld[26]

as *duces tecum* requests sought in the instant motion to compel and which would clearly relate to Mr. Danielson's deposition, the court will compel their production.

Indeed, defendants have not raised any objection to these document requests in their response to the present motion and have thus waived any objection.  "When ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel."[27] "Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."[28]

Finally, the court finds plaintiff should have the opportunity to depose Mr. Danielson, now that plaintiff has access to the March 7 and October 23 comparisons.  As plaintiff points out, defendants took an "extreme position on" production of Danielson's comparisons prior to engaging in their "own research" regarding whether their position was justified.[29]  As a result, the court finds plaintiff is entitled to a subsequent deposition of Mr. Danielson.

---

[26] Amended Notice (Doc. 285) at (Exhibit B).
[27] *Cardenas v. Dorel Juvenile Group, Inc*., 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005)(citing *Sonnino v. Univ. of Kansas Hosp. Auth*., 221 F.R.D.  661, 670 (D. Kan. 2004); *Contracom Commodity Trading Co. v. Seaboard Corp*., 189 F.R.D. 655, 662 (D. Kan. 1999)).
[28] *Id*.
[29] Reply (Doc. 351) at p. 9.

### E.      Electronic Discovery

Plaintiff's motion is unclear as to what electronic discovery it seeks to compel.  However, plaintiff's reply in support of the present motion states that it seeks "electronic versions of *all* documents produced in discovery, including metadata, and provide a privilege log for all materials withheld from discovery."[30] Plaintiff explains it "repeatedly asked Defendants for electronic versions of documents produced in this case.  Counsel conferred in late April, early May, and Plaintiff's counsel raised the issue during the May 30, 2007 Status Conference, eliciting a subsequently unfulfilled promise by Defendants' counsel that he would confer on the issue."[31]

For the procedural reasons outlined below, plaintiff's request for production of electronic versions of all documents produced in discovery is denied.

### 1.      D. Kan. Rule 37.1(a)

Here, plaintiff has failed to attach all requests for production of documents it has served upon defendants.  D. Kan. R. 37.1(a) provides in pertinent part:

> Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admission under Fed. R. Civ. P. 30, 33, 34, or 36 or at the responses thereto, *shall be* accompanied by copies of the notices of depositions, the portions of the interrogatories, *requests or responses in dispute.*[32]

Without knowledge of what document requests plaintiff has served upon defendants, the court cannot compel their production.[33]  Moreover, the court has previously denied plaintiff's Second Motion to Compel in part for plaintiff's failure to comply with D. Kan. Rule 37.1(a).[34]

---

[30] *Id*. at p. 2 (emphasis added).

[31] *Id*. at p. 2.

[32] (emphasis added).

[33] Plaintiff' First Request for Production and Second Request for Production are attached to other motions to compel and go unreferenced in the instant motion.  *See* Motion to Compel (Doc. 80) at (Exhibit B); Second Motion to Compel (Doc. 140) at (Exhibits A and B).  However, the court cannot enter a broad order compelling production of documents responsive to *all* requests for production, as plaintiff seeks, because plaintiff could have served defendants with third, fourth or fifth, etc. requests for production.

### 2.   Fed. R. Civ. P. 34

Plaintiff's requests for production, attached to *other* motions to compel and not referred to in the instant motion, do not seek production of documents in electronic form.[35]  Rule 34(b) provides "[t]he party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to the request or any part thereof [.]"  Here, plaintiff never sought production of these documents in electronic format, and instead merely asked defendants for such production subsequently.  The court can not reason how or why it should compel something that was never actually sought.

On December 1, 2006, certain amendments to the Federal Rules of Civil Procedure regarding electronically stored information took effect.  Plaintiff served some of its requests for production on defendants before the amended version of the Federal Rules took effect.[36]  Plaintiff cites *Super Film of America v. UCB Films*[37] in support of its contention that the pre-December 1, 2006 version of the Federal Rules contemplated discovery of electronically stored documents in electronic format.[38]  The court does not disagree with plaintiff's contention, but finds *Super Film* distinguishable from the present case.  Specifically, the moving-party in *Super Film* sought production of documents in their electronic format in its requests for production.[39]  Again, the two document requests the court is aware of make no such request.[40]

### 3.   D. Kan. Rule 37.1(b)

The court also finds that D. Kan. Rule 37.1(b) bars plaintiff's request to produce all previously produced requests for production in electronic form.  D. Kan. Rule 37.1(b) provides:

---

[34] Memorandum and Order (Doc. 230) at p. 3.
[35] *See* Motion to Compel (Doc. 80) at (Exhibit B); Second Motion to Compel (Doc. 140) at (Exhibits A and B).
[36] *See* Motion to Compel (Doc. 80) at (Exhibit B).
[37] 219 F.R.D. 649, 657 (D. Kan. 2004).
[38] Third Motion to Compel (Doc. 306) at p. 13.
[39] *Super Film*, 219 F.R.D. at 656.
[40] *See* Motion to Compel (Doc. 80) at (Exhibit B); Second Motion to Compel (Doc. 140) at (Exhibits A and B).

[a]ny motion to compel discovery . . . shall be filed and served within 30 days of the default of service or the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived.

Even if the court were to find that defendants should have produced documents in electronic form, defendants responded to plaintiff's first request for production over a year ago[41] and to plaintiff's second request for production over six months ago.[42]   Now on the eve of the completion of the parties' limited remaining discovery, plaintiff should not be surprised at the court's enforcement of the local rule designed to prompt the timely resolution of discovery matters.   Because the time period for plaintiff to file a motion to compel based on the requests for production known to the court has long since passed, plaintiff's request for production of these documents in electronic format is denied.

### F.       Hamilton's Rule 30(b)(6) deposition Notice

In most cases, the moving party need only file its motion to compel and *draw the court's attention to the relief the party seeks*.   At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other evidence."[43]

Here, it is not clear to the court that plaintiff actually seeks production of documents pursuant to the Notice *duces tecum* to Hamilton's Rule 30(b)(6) depositions.   Specifically, plaintiff never actually prays for such relief in the instant motion.[44]   Indeed, upon review of plaintiff's Motion to Compel and reply in support the court has no idea which, if any, *duces*

---

[41] Motion to Compel (Doc. 80) at (Exhibit B).
[42] Second Motion to Compel (Doc. 140) at (Exhibits A and B).
[43] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 U.S. Dist. LEXIS 5170, at * 13 (D. Kan. March 30, 2005)(emphasis added).
[44] *See* Third Motion to Compel (Doc. 306).

*tecum* requests to Hamilton's 30(b)(6) deposition plaintiff seeks to compel, and the court will not further speculate on the matter.

## II.   Defendants' Motion for Leave to File Surreply in Opposition to Plaintiff's Third Motion to Compel and for Sanctions (Doc. 362).

Generally,  "[s]urreplies are disfavored" and in the instant case, the court finds "no reason for departing from the general rule[.]"[45] Since the court did not consider plaintiff's arguably "new" arguments, the court finds no reason to grant defendants' motion for surreply.

## III.   Sanctions

Pursuant to  Fed. R. Civ. P. 37(a)(4)(C) when a court grants in part and denies in part a motion to compel, the court can "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."  Whether to impose sanctions lies within the court's discretion.[46]  The court "must consider on a case-by-case basis whether the party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate."[47] In deciding whether to grant sanctions based on Rule 37(a)(4)(C), the court in *Mackey v. IBP, Inc*., found that  "[j]ustice requires that each party be responsible for its own costs and expenses incurred upon the motion [to compel]" because "[b]oth parties took legitimate positions on the motion [to compel]."[48]

Here, the court believes it appropriate and just for plaintiff and defendants to bear their own expenses and fees incurred in connection with the present motion because both parties took legitimate positions on the motion to compel.

Accordingly,

---

[45] *Vulcan Materials Co. V. Atofina Chems. Inc*., 355 F. Supp. 2d 1214, 1246 (D. Kan. 2005).
[46] *Barnes v. Akal Sec. Inc*., No. 04-1350, 2005 U.S. Dist. LEXIS 33262, at *21 (D. Kan. December 9, 2005)(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).
[47] *Id.* (citing *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999)).
[48] *Mackey v. IBP Inc.*, 167 F.R.D. 186, 207 (D. Kan. 1996); *see also Lawrence-Leiter & Co. v. Paulson*, No. 96-2535, 1997 U.S. Dist. LEXIS, at *7 (D. Kan. June 23, 1997)(concluding that because "the parties took legitimate positions on the motion [to compel] . . . sanctions are not justified.").

IT IS THEREFORE ORDERED that plaintiff's Third Motion to Compel and for Sanctions (Doc. 306) is granted in part and denied in part.  Defendants' Motion for Leave to File Surreply in Opposition to Plaintiff's Third Motion to Compel and for Sanctions (Doc. 362) is denied.

IT IS FURTHER ORDERED that within twenty (20) days of the issuance of this order defendants shall produce (1)"Copies of the comparisons referred to in David Danielson's deposition . . . and . . . any other comparisons he had done of the ICE design to any other design or patent" and (2)  "As to communications with Dave Danielson about the litigation, produce in electronic form, copies of all e-mails and attachments" and shall "provide a privilege log of any materials withheld ."[49]

IT IS FURTHER ORDERED that plaintiff has forty days (40) days from the issuance of this order to seek and obtain a subsequent deposition of Mr. Danielson to take place at a mutually agreeable location within the United States.

IT IS SO ORDERED.

Dated this  30th  day of November, 2007, at Topeka, Kansas.


 s/ K. Gary Sebelius
K. GARY SEBELIUS
U. S. MAGISTRATE JUDGE

---

[49] Amended Notice (Doc. 285) (Exhibit B).

13