IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 05-4135-JAR |
| | ) |
| HAMILTON SUNDSTRAND CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| RATIER-FIGEAC, S.A.S., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Motion to Compel English Answers to Interrogatories and In Limine (Doc. 397). Defendants have filed a response (Doc. 428) to which plaintiff has filed a reply (Doc. 444). These matters are thus fully briefed and ripe for disposition.[1]

In the instant motion, plaintiff seeks to (1) to compel English answers to Plaintiffs' Interrogatories and (2) to in limine preclude Defendants' use of other French language documents during the disposition of this action. As discussed below, the instant motion is denied as untimely brought.

**I.   Timing**

As to the initial relief plaintiff seeks, defendants contend that plaintiff's relief is time barred. Specifically, the instant motion seeks to compel defendants to provide English translations of French-language documents referenced in Ratier's Third Amended Answers to Interrogatories, which were served on May 15, 2007 and Ratier's Fourth Amended Answers to Interrogatories,

---

[1] The nature of the underlying litigation is well-known to the court and all parties and need not be detailed here.

which were served on June 1, 2007. Pursuant to the Rule 37.1(b) and the parties' Scheduling Order[2] "any motion to compel discovery . . . shall be filed and served within 30 days of the default of service of the response, answer, or objection which is the subject matter of the motion . . . . Otherwise the objection to default, response, answer, or objection shall be waived." Under D. Kan. Rule 37.1(b), a motion to compel related to Ratier's Third amended Answers to Interrogatories should have been filed by June 14, 2007 and as to Ratier's Fourth Amended Answers by July 2, 2007. Instead, plaintiff filed the instant motion on August 31, 2007–nearly 90 days after the receipt of defendant Ratier's interrogatory responses.

### A.     Standard

"Extensions [of time] will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."[3] Thus, a motion to compel "if filed after the expiration of the time allowed for its timely filing, the proper standard to determine whether it should be allowed out of time is not a showing of good cause; but rather, a showing of excusable neglect."[4] Courts consider four factors to determine excusable neglect: (1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[5]

---

[2]*See* Scheduling Order (Doc. 32).

[3]D. Kan. Rule 6.1(a).

[4]*B& K Mech. v. Weise*, No. 03-4149-RDR, 2005 U.S. Dist. LEXIS 21005 (D. Kan. Sept. 21, 2005).

[5]*Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000).

**B.    Discussion**

As plaintiff contends it has "vigorously pursued this issue,"[6] the court will consider plaintiff's arguments in the context of the excusable neglect standard.

Specifically plaintiff argues that it first "conferred on this issue in late April 2007. In response to a request for authority, on April 18, 2007, ICE's counsel advised Defendants' counsel via e-mail that Rule 33(d) permitted production of documents as an answer to an interrogatory only if the burden of deriving the information is substantially the same on both parties. Defendants' counsel made no response."[7]

Having received no response, plaintiff contends it included in its April 26, 2007 Motion to Strike Defendants' Defenses "complaints that Defendants were impeding discovery by producing French documents."[8] Plaintiff's Motion to Strike, in the section entitled: "Defendants Impeded ICE's Discovery By Producing Documents in French", states, in part:

> Despite the fact Airbus requires all communications and all design work on the A400M Project be done in English, Defendants have produced almost 2,000 pages of documents in French. Such production has hampered ICE's ability to ascertain relevant information, and has forced ICE to incur substantial time and cost to have such documents translated.[9]

On August 9, 2007, the undersigned issued its report and recommendation regarding ICE's motion to strike, recommending that the Honorable Julie A. Robinson deny the motion, but allowing

---

[6] Reply (Doc. 444) at p. 4.

[7] The court notes that this email has not been attached to the instant motion.

[8] Reply (Doc. 444) at p. 4.

[9] The court notes that under the various orders of this court and pursuant to their obligations regarding production of documents, for all requests for production ordered by this court or not objected to by defendants, defendants are required to produce *all* responsive documents in their care, custody and control, including, presumably, versions of these documents in English.

3

plaintiff to pursue via separate motions to compel and for sanctions regarding Ratier 30(b)(6) depositions and documents regarding Dr. Colgren's deposition.[10] The court did not address defendants' production of French documents in its order. Similarly, plaintiff did not raise this issue in its objection to the undersigned's recommendation[11] nor did Judge Robinson address the issue in her order adopting the recommendation.[12]

Plaintiff also argues that the topic of translation of French language documents was discussed at the parties' July 26, 2007, initial pretrial conference before the undersigned. The court has reviewed the transcript of this conference attached to the instant motion and notes that the court and the parties discussed defendants' production of English documents for *use at trial*, not whether the defendants' use of Rule 33(d) referencing documents in French was sufficient or whether plaintiff could bring a motion to compel on the issue.

Additionally, defendants argue, and plaintiff does not refute, that plaintiff has known since September 6, 2006, over a year ago, that defendant Ratier's responses to plaintiff's opening interrogatories included French-language documents.[13] Interestingly, ICE did file a motion to compel further responses to some of those same interrogatories but did not raise any objection in that motion to defendant Ratier's identification of French-language documents provided as part of those

---

[10]Memorandum and Order (Doc. 371) at p. 17.  Plaintiff characterized the undersigned's recommendation as allowing "as appropriate, other discovery issues including" the Ratier depositions and Dr. Colgren's deposition.  This is inaccurate.  The court's order permitted further discovery regarding solely those two matters.

[11]*See* Objection (Doc. 384).

[12]*See* Memorandum and Order (Doc. 438).

[13]Response (Doc. 428) at p. 4 (citing numerous examples).

responses.[14]

### 1. Whether the movant acted in good faith

Considering plaintiff's arguments, the court finds plaintiff appears to have acted in good faith by filing the instant motion to compel out of time. However, the court's inquiry does not end here.

### 2. Reason for the delay

While plaintiff's might have believed in good faith that their actions tolled the deadline to file the instant motion, such belief does not render it *reasonable*. Plaintiff appears to have believed that by raising the issue of production of documents in French in its Motion to Strike (Doc. 195) filed on April 26, 2007, the thirty-day time period for any subsequent motion to compel was tolled as to subsequent responses to *interrogatories* served later. Similarly, plaintiff appears to have believed the parties' discussion of the production of English documents for use at trial during the initial Pretrial Conference on July 26, 2007, also tolled plaintiff's time period. Yet, plaintiff maintained this belief despite the fact that under Rule 37.1(b), by July 26, 2007, plaintiff's time period for filing such a motion to compel had long passed.

Defendants are correct in noting that "[i]t is common practice for a party who may wish to file a future motion to compel but is not prepared to do so during the 30 day window afforded by D. Kan. Rule 37.1(b) to file a simple motion for an extension of time before the deadline to file a motion to compel has expired."[15] In fact, the parties have complied with this exact practice

---

[14] Motion to Compel (Doc. 80).

[15] *Payless Shoesource Worldwide, Inc., v. Target Corp.*, No. 05-4023-JAR, WL 1959194, at * 5 (D. Kan. June 29, 2007).

5

themselves.[16] Indeed, in more express terms, in the court's May 30, 2007 amended scheduling order, the court stated:

> Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue. If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue. The court, however, discourages this practice.[17]

In the instant case plaintiff could have easily filed a simple motion to extend its deadline to file any potential motion to compel prior to the expiration of the deadline. Additionally, in the instant case all but very limited and specific discovery had closed when plaintiff filed the instant motion to compel, but contrary to the court's express order, plaintiff did not seek to extend discovery so as to address this separate and distinct. Essentially, plaintiff had every indication that the court would strictly enforce the local rule designed to prompt the timely resolution of discovery matters.

### 3.     Danger of prejudice to the nonmoving party

Here, considering the amount and degree of discovery involved, and the time commitments made by both parties and their counsel to the discovery process, requiring defendants to produce English translations to the documents referenced in their responses to interrogatories at this late date would appear to cause some prejudice to defendants.

### 4.     Length of delay and its potential impact on judicial proceedings.

Here, the court finds the length of delay and the potential impact on judicial proceedings

---

[16]*See e.g.*, Order (Doc. 71)(extending plaintiff's time to file a motion to compel discovery); Memorandum and Order (Doc. 230) at n. 2; Order (Doc. 172)(extending the Rule 37.1(b) deadline to file a motion to compel).

[17] *See* Amended Scheduling Order (Doc. 277); Minute Entry for Telephone Status Conference (Doc. 276).

great. As previously discussed, discovery for all but a few limited matters is complete and has been closed for months and the parties have already conducted an initial final pretrial conference. With the pretrial matters in this case all but complete, plaintiff's request is simply too late.

**5.     Other considerations**

Additionally, as a general matter, the court recognizes the tension between meaningful enforcement of D. Kan. R. 37.1(b) and unnecessarily chilling discovery. Indeed, the local rules "shall, in special cases, be subject to such modification as the court may deem necessary or appropriate to meet emergencies or to avoid injustice or great hardship."[18] To that end, courts in the District of Kansas have carved out exceptions to filing a motion to compel outside of the D. Kan. Rule 37.1(b) time frame. Specifically, "[a] court may extend the deadline established by Local Rule 37.1(b) upon a showing of good cause, when the existence of information or documents is not known until after the deadline, or when the moving party had relied on the opposing party's false assurances of compliance."[19] However, the court finds none of these circumstances exist here.

As a result, and considering all the excusable neglect factors, the court finds plaintiff's motion should be denied.[20]

**II.     Other matters**

To the extent the instant motion seeks to preclude *in limine* defendants' use of other French language documents during the dispositon of this action, including at trial, the court denies plaintiff's request without prejudice. At the parties' Final Pretrial Conference the court will address

---

[18] D. Kan. Rule 1.1.

[19] *See e.g.*, *Heartland Surgical Specialty Hospital v. Midwest Division*, No. 05-2164-MLB, 2007 U.S. Dist. LEXIS 66159, at *13-14 n. 2 (D. Kan. Sept. 6, 2007).

[20] *Id.* at *11.

this matter with the parties.

Finally, as to plaintiff's allegation in its Motion to Strike (Doc. 195) that defendants have both English and French versions of documents, but only provided plaintiff with the French version, the court reminds defendants of their obligations under the Federal Rules of Civil Procedure and the undersigned's own discovery orders. Specifically, for all requests for production ordered to be provided previously by this court, or not objected to by defendants, defendants are required to produce *all* responsive documents in their care, custody and control, including any versions they have of these documents in English. Defendants are on notice that if they have duplicates of French and English documents, but produced only the French-language version, this would constitute a failure to comply with the court's previous orders and defendants' responsibilities under the Federal Rules. To that end, defendants have twenty (20) days from the date of this order to review and produce any documents in English they have already produced in French, but for which *at the time of disclosure* also had in their care, custody, and control an English version. Should defendants make this production within twenty (20) days of this order, the court will not impose sanctions.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel English Answers to Interrogatories and In Limine (Doc. 397) is denied.

IT IS SO ORDERED.

Dated this 30th of November, 2007, at Topeka, Kansas.

    s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge