IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4135-JAR |
| ) | |
| HAMILTON SUNDSTRAND CORPORATION, ) | |
| ) | |
| and ) | |
| ) | |
| RATIER-FIGEAC, S.A.S., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants' Motion to Strike Changes to the Deposition Transcripts of Arlie Stonestreet and Patrick Connelly and Memorandum in Support (Doc. 342). Plaintiff has filed a response (Doc. 392) to which defendants have filed a reply (Doc. 423). These matters are thus fully briefed and ripe for disposition.

**I.   Background**

Defendants deposed Patrick Connelly, president of ICE, on January 17 and 18, 2007 and Arlie Stonestreet, ICE's Chief Design Engineer, on January 19, 2007. On or around January 24, 2007, Jay E. Suddreth & Associates, Inc. ("Suddreth") the transcription service hired for the Stonestreet and Connelly depositions, sent the required signature pages along with the transcript of Mr. Connelly and Mr. Stonestreet's depositions to plaintiff's counsel.[1] Defendants also deposed Mr. Connelly on July 17, 2007 as a 30(b)(6) witness for plaintiff and deposed Mr. Stonestreet on April 3, 2007 as an expert witness for plaintiff.

---

[1] Motion to Strike (Doc. 342) at (Exhibit A) (Attachment 1).

Mr. Connelly made changes to his deposition transcript as to his first deposition on May 13, 2007 while Mr. Stonestreet made changes to his first deposition on April 2, 2007.[2] Plaintiff offers no reason as to Mr. Stonestreet's delay in amending his deposition, but as to Mr. Connelly, plaintiff explains as follows:

> Mr. Connelly's corrections were delayed after he read the transcript and completed the errata sheet. Mr. Connelly believed his office had sent the changes to ICE's counsel in a package with other materials. No copy was kept. Counsel could find no record [that] the errata sheet was received. Mr. Connelly was extremely busy on various matters related to ICE's business, and, in addition, expended considerable time on this case. He did not have time to reread his deposition, so some weeks elapsed while the parties searched unsuccessfully for the errata sheet. When Mr. Connelly's errata sheet could not be located, he reread his depositions at the earliest available time, and submitted their signed sheets.[3]

At no time did plaintiff seek to extend the deadline to amend depositions pursuant to Rule 30(e).

**II.    Standard**

Fed. Rule Civ. P. 30(e) provides:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certification prescribed by subdivision (f)(1) whether any review was requested and, if so shall append any changes made by the deponent during the period allowed.

"Under the plain language of Rule 30(e) therefore, the deponent or party must request review of the deposition before its completion. The deponent then has thirty days following notification by the officer that the transcript or recording is available to make 'changes in form or substance' to the deposition."[4]

---

[2] Response (Doc. 392) at p. 3.

[3] *Id.* at p. 4.

[4] *Rios v. Bigler*, 67 F.3d 1543, 1551 (10th Cir. 1995).

**III.    Discussion**

Defendants asks the court to strike the changes to Mr. Stonestreet and Mr. Connelly's depositions because these changes (1) do not meet the procedural 30-day requirement of Fed. Rule Civ. P. 30(e) and (2) constitute impermissible material changes.  As detailed below, the court finds plaintiff has not me the threshold procedural requirements of Rule 30(e) and thus the court will strike the untimely changes to Mr. Stonestreet and Mr. Connelly's depositions.

It is undisputed that the changes to Mr. Stonestreet and Mr. Connelly's depositions occurred more than thirty days after plaintiff learned of the availability of these transcripts on or around January 24, 2007.  In *Rios v. Bigler*, the Tenth Circuit characterized the 30-day period for review as "mandatory" and a "procedural dictate[]" of Rule 30(e).[5]  In *Griswold v. Fresenius USA, Inc.*, the court narrowly construed the 30-day requirement of Rule 30(e) stating "Rule 30(e) permits a deponent to amend his deposition only within thirty days after receiving notice that the transcript is available; that date has passed with respect to the deposition at issue.  Therefore, Plaintiff's corrections to his . . . deposition must be stricken."[6] Similarly, the court in *Welsh v. R.W. Bradford Transp.*[7] narrowly construed the 30-day time limit, holding that the unambiguous language of Rule 30(e) necessitated a strict reading.[8]  Indeed, the court stated that "[p]erhaps because of its clarity,

---

[5]*Id.* at 1552.

[6]978 F. Supp. 718, 722 (N.D. Ohio 1997).  *See also Davidson Hotel Co. v. St. Paul Fire and Marine Ins. Co.* ("Both sides agree that the corrections by Mr. Paulsen were not made within the time limits set forth in Rule 30(e). The transcript of the deposition was made available on March 7, 2000, and the errata sheet was not completed and signed until May 17, 2000. Therefore, the errata sheet does not comply with the requirements of Rule 30 and is hereby STRICKEN from the Court's consideration.").

[7]231 F.R.D. 297 (N.D. Ill. 2005).

[8]*See id.* at 298.

the 30-day requirement has not engendered much dispute."[9] So too, in *Agrizap, Inc. v. Woodstream Corp.*[10] the court noted that "there is no debate that the procedural requirements of Rule 30(e) must be adhered to" and struck plaintiff's changes because plaintiff had run afoul of Rule 30(e)'s procedural requirements, including proposing changes after the 30-day window.[11]

Plaintiff urges the court to follow *Hayes v. Consentino's Price Chopper Food Stores* wherein the Honorable Carlos Murguia allowed defendant to reopen plaintiff's deposition so as to explain certain changes made pursuant to Rule 30(e).[12] However, plaintiff's reliance on *Hayes* is misplaced considering that in *Hayes* the timeliness of plaintiff's deposition changes was not an issue and defendant did not seek to strike said changes.

However, in *Clay v. Board of Trustees of Neosho County*, a District of Kansas case issued *prior* to *Rios*, defendants filed a motion to strike changes to plaintiff's deposition, or alternatively reopen the deposition, because plaintiff made changes six months after receiving notification of the availability of the transcript.[13] Without addressing the untimeliness of plaintiff's changes, the court granted defendants' request and required plaintiff to bear all costs associated with reopening his deposition if he still "wishe[d] to press forward with the proposed changes to his deposition

---

[9]*Id.* at 299. The court also relied on *Rios* for the proposition that changes in depositions "must be submitted to the court reporter within the prescribed period."*See id.* at 301 (citing *Rios*, 67 F.3d at 1553).

[10]232 F.R.D. 491, 493-94 (E.D. Penn. 2006).

[11]*Id.* at 493.

[12]No. 03-2075-CM, 2004 U.S. Dist. LEXIS 8057 (D. Kan. April 13, 2004).

[13]No. 94-2282-EEO, 1995 WL 646817 (D. Kan. September 26, 1995). The Tenth Circuit issued its opinion in *Rios* less than a month later, or on October 17, 1995.

testimony [.]"[14]

Here, the court finds the *dicta* in *Rios* along with the recent cases from outside the Tenth Circuit persuasive in deciding the instant issue. While *Clay* could offer insight as to how the court might address this issue, that it was issued *before* the ruling in *Rios* dampens its persuasiveness. Moreover, considering the weight of authority narrowly construes the "mandatory" 30-day requirement and in light of the fact that plaintiff did not seek at the time, and does not seek here, to extend the Rule 30(e) deadline, the court finds reopening these depositions at this late stage would unnecessarily prejudice defendants and retroactively condone plaintiff's disregard for the Federal Rules of Civil Procedure. Accordingly, the court grants the instant motion and STRIKES the untimely changes to Mr. Stonestreet and Mr. Connelly's depositions. Because plaintiff has not met the threshold procedural requirements of Rule 30(e), the court need not consider whether the changes to these depositions were material in nature.[15]

Accordingly,

IT IS THEREFORE ORDERED that defendants' Motion to Strike Changes to the Deposition Transcripts of Arlie Stonestreet and Patrick Connelly and Memorandum in Support (Doc. 342) is granted.

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to File Surreply Regarding Defendants' Motion to Strike Deposition Corrections (Doc. 426) is denied.

IT IS SO ORDERED.

Dated this 3rd day of December, 2007, at Topeka, Kansas.

---

[14] *Id.* at *3.

[15] *See e.g.*, *Agrizap*, 232 F.R.D. at 494.

<u>s/ K. Gary Sebelius</u><br>
K. Gary Sebelius<br>
U.S. Magistrate Judge