IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4135-JAR |
| | ) |
| HAMILTON SUNDSTRAND CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| RATIER-FIGEAC, S.A.S., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's Motion for Relief Regarding Defendant Ratier Depositions (Doc. 374). Defendants[1] have filed a response (Doc. 424) to which plaintiff has filed a reply (Doc. 443). These issues are thus fully briefed and ripe for disposition.

**I.    Background**

On March 26, 2007, plaintiff filed its initial Notice of Rule 30(b)(6) deposition of Ratier's corporate representatives, noticing the deposition for April 10, 2007 to take place in Kansas City, Missouri, and identifying twenty-five noticed topics.[2] The Notice stated it was "not a request for production, nor subject to Rule 34, but if Defendant claims it has previously produced documents directly relevant to the topics on Exhibit A, the witness is expected to be able to identify such

---

[1]While the issue involves 30(b)(6) deposition of Ratier's corporate representatives, and not defendant Hamilton, both sides use "defendants" throughout their briefing and the court will utilize the parties' terminology in the instant Memorandum and Order.

[2]Notice (Doc. 149).

materials by Bates numbers."[3]

On April 2, 2007, defendants filed a Motion for Protective Order asking the court to prevent plaintiff from taking these depositions. On April 26, 2007, plaintiff filed a Motion to Strike Defendants' Defenses (Doc. 195) which the Honorable Julie A. Robinson later referred for report and recommendation to the undersigned (Doc. 337).

On May 21, 2007, the undersigned granted in part and denied in part defendant Ratier's Motion for Protective Order.[4] Specifically, the court denied Ratier's requested protective order that its 30(b)(6) corporate witnesses not be deposed, but granted defendants "a limited protective order requiring that the depositions of Ratier's 30(b)(6) witnesses need not take place in Kansas City" and ordering the 30(b)(6) deposition to "take place at Ratier's princip[al] place of business unless otherwise agreed to by the parties."[5]

On June 11, 2007, plaintiff filed an Amended Notice of Rule 30(b)(b) depositions of Ratier setting forth twenty topics, including several different topics from those originally noticed. This Amended Notice also provided:

> if Defendants claim that some of the responsive materials sought in the 30(b)(6) Deposition Notice to Hamilton Sundstrand are not in Defendant Hamilton Sundstrand's care, custody or control, but are in Defendant Ratier-Figeac's care, custody or control, Plaintiff requests that those materials be produced at the deposition.
> If Defendant Ratier-Figeac claims it has previously produced documents directly relevant to the topics on Exhibit A, the witness is expected to be able to identify such materials by Bates numbers.[6]

---

[3] *Id.* at p. 1.

[4] Memorandum and Order (Doc. 255).

[5] *Id.* at p. 9.

[6] Notice (Doc. 295) at p. 1.

On June 19, 2007, defendants filed certain objections to plaintiff's noticed topics.[7] Specifically, defendants objected to holding the 30(b)(6) deposition at Ratier's corporate headquarters. Defendants also objected that requiring its witnesses to produce documents two weeks after the Amended Notice was served violated Rule 34(b) and that requiring 30(b)(6) witnesses to identify documents by Bates number imposed an unreasonable and undue burden.

On June 19, 2007, defendants also sent plaintiff's counsel a list of Ratier's designees as to the topics listed in ICE's Amended Notice, adding Mr. Launet and Mr. Renaud to the list of corporate representatives previously identified. Defendants additionally informed plaintiff that Mr. Atrous, who defendants had designated to testify regarding three noticed topics, could only testify during the afternoon of June 26, 2007 and not on the mutually agreeable dates of June 27 and 28. As to plaintiff's concern that the court reporter would have to amend her flight, defendants offered to share the cost of changing her travel arrangements, but plaintiff did not respond.

Mr. Atrous, in-house counsel for Ratier, was never listed as a witness in defendants' Initial Disclosures or any supplementation thereof. Plaintiff contends that because it "declined to agree to alter the schedule nor [agree] that a previously undisclosed witness could appear 3 weeks before the close of discovery, when no discovery had been permitted of his materials and in light of defendants' refusal to designate another Rule 30(b)(6) witness on these topics or conform to the originally agreed to schedule" plaintiff's counsel "was then forced to withdraw the three topics[.]"[8]

On June 24, 2007, three days before the deposition, in an email to defendants' counsel, plaintiff stated "[s]ince you have refused to produce Ratier's 30(b)(6) witnesses at corporate

---

[7]Objections (Doc. 305).

[8]Motion for Relief (Doc. 374) at p. 4.

3

headquarters, at least please have each of them bring to their deposition the specific documents and materials they have review[ed] to prepare."[9] This email went unanswered.

On June 27, 2007, the 30(b)(6) depositions commenced at the Best Western hotel in Figeac, France located a few miles from Ratier's headquarters. The deposition of Sebastien Mounier, took most of the day of June 27, 2007. Defendants contend, and plaintiff does not refute, that plaintiff's counsel did not ask Mr. Mounier a single question regarding what documents he had reviewed in preparing for the 30(b)(6) deposition and did not ask Mr. Mounier to produce or identify any corporate records. Mr. Renaud, Ratier's contact for engineering with Airbus, and Mr. Launet testified after Mr. Mounier. As with Mounier, plaintiff did not ask Mr. Renaud or Mr. Launet to produce or identify any documents he had used to prepare for their depositions.

On July 18, 2008, in its reply in support of its Motion to Strike, plaintiff alleged for the first time the occurrence of certain "abusive discovery practices" regarding the June 27 and 28, 2007 Ratier 30(b)(6) depositions. On August 9, 2007, the undersigned recommended to the Honorable Julie A. Robinson that plaintiff's Motion to Strike Defendants' Defenses be denied but allowed plaintiff to "file a motion pursuant to Rule 37 or Rule 30(a)(2) for defendants' alleged discovery misconduct as related to Ratier's Rule 30(b)(6) depositions[.]"[10] Accordingly, plaintiff filed the instant motion.

**II.   Discussion**

In the instant motion, plaintiff seeks Rule 37 sanctions against defendant Ratier as relief for inadequate preparation of its Rule 30(b)(6) witnesses. Specifically, plaintiff asks the court to

---

[9]Response (Doc. 424) at (Exhibit F).

[10]Report and Recommendation and Memorandum and Order (Doc. 371).

preclude defendants "from introducing any evidence based upon corporate records not produced at Ratier's 30(b)(6) depositions" including "both any evidence regarding the economic and financial issues regarding the costs of the program and various pricing, and any evidence relating to the design issues."[11]  For the reasons set forth below, plaintiff's motion is denied.

### A.     Standard

Plaintiff brings the instant motion pursuant to Rule 37.  Rule 37(d) permits imposition of sanctions when a party or a person designated under Rule 30(b)(6) "fails to appear" for the deposition.  Courts in the District of Kansas have routinely held that "[p]roducing an unprepared witness" for a 30(b)(6) deposition " is tantamount to a failure to appear at a deposition" and pursuant to Rule 37(d), the court, in its discretion, may sanction the corporate entity for such a failure.[12]  Rule 30(b)(6) provides in part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .  The persons designated must testify about information known or reasonably available to the organization.

In a Rule 30(b)(6) deposition, no distinction exists between the corporate representative and the corporation itself.[13]  To that end, "[t]he Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic."[14]  Because the designee testifies on

---

[11]Motion for Relief (Doc. 374) at p. 10.

[12]*See Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999)

[13]*Sprint Communications Co. v. theglobe.com, Inc*., 236 F.R.D. 524, 527 (D. Kan. 2006)(citations omitted).

[14]*Id.*

5

behalf of the corporation, the entity itself is held accountable for that testimony.[15]

Personal knowledge of the designated subject matter by the corporate deponent is of no consequence.[16] Rule 30(b)(6) expressly requires a corporation to have persons testify on its behalf as to all matters reasonably available to it and court decisions in this District have held that this "implicitly requires persons to *review* all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition."[17] "Inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings."[18]

### B.   Document Production

Plaintiff chiefly argues that defendant Ratier should be penalized because Ratier's 30(b)(6) witnesses did not bring the documents they used to prepare their testimony to their depositions. Plaintiff argues that Fed. R. Civ. P. 34 does not apply to this instance because the court has already ordered production of the documents plaintiff seeks. To that end, plaintiff did not attach any duces tecum request or any request for production of documents to their original or amended Notice. Rather than Rule 34, plaintiff bases its motion on what plaintiff describes as a "well settled [rule] that

---

[15]*Id. See Starlight*, 186 F.R.D. at 638 (articulating a corporation's duty under Rule 30(b)(6) as to provide a knowledgeable designee to offer "binding answers on behalf of the corporation)(citing *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, No. 94-23-95-GTV, 1995 U.S. Dist. LEXIS 15416, at *39 (D. Kan. Oct. 5, 1995)); *Sprint Communications, Co., v. Vonage Holdings Corp.*, No. 05-2433-JWL, 2007 U.S. Dist. LEXIS 60212, at * 7 (D. Kan. Aug. 15, 2007); *Media Services Group, Inc. v. Lesso, Inc*., 45 F.Supp. 2d 1237, 1253 (D. Kan. 1999).

[16]*Id.* at 538.

[17]*Id.* at 537-38 (emphasis added).

[18]*Starlight*, 186 F.R.D. at 640.

material reviewed by and/or relied upon by a Rule 30(b)(6) [witness] and other witness in preparation for their testimony are subject to contemporaneous production."[19]

### 1.    Rule 34 Time Bar

Fed. R. Civ. P. 30(b)(5) provides that any deposition notice which is served on a "party deponent"[20] and which requests documents to be produced at the deposition must comply with Fed. R. Civ. P. 34's thirty-day notice requirement. Specifically, Rule 30(b)(5) provides "notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request." In turn, Rule 34 allows respondents to file a written response after thirty days of service of requests for production. However, "[a] party may not unilaterally shorten that response period by noticing a deposition and requesting document production at that deposition."[7] Other courts outside this District have also adopted this rule.[8]

Here, it is undisputed that plaintiff did not comply with the 30-day rule as required by Rule 35 and Rule 34. However, the court is inclined to agree that Rule 34 is not applicable to these

---

[19] Reply (Doc. 443) at p. 2.

[20] Courts outside the Tenth Circuit have applied Rule 30(b)(5) to *duces tecum* requests regarding Rule 30(b)(6). *See e.g.*, *Sheehy v. Ridge Tool Co.*, No. 05-1614, 2007 U.S. Dist. LEXIS 37787 (D. Conn. May 24, 2007).

[7] *Epling v. UCB Films, Inc.*, No. 98-4226-SAC 2000 U.S. Dist. LEXIS 21818, at * 21-22 (D. Kan. Aug. 7, 2000) (citing *Premier Resort Krabi, v. Mohawk, Inc.*, No. 96-2128-EEO, 1997 U.S. Dist. LEXIS 373 (D. Kan. Jan. 14, 1997)); *Orleman v. Jumpking, Inc.*, No. 99-2522-CM, 2000 U.S. Dist. LEXIS 11081, at *26-27 (D. Kan. July 11, 2000).

[8] *See e.g.*, *Sheehy v. Ridge Tool Co.*, 2007 U.S. Dist. LEXIS 37787, at * 12-13 (D. Conn. 2007)*; New World Network, LTD. v. M/V Norwegian Sea*, 2007 U.S. Dist. LEXIS 25731, at * 4-5 (D. Fla. 2007); *Great Am. Ins. Co. v. McElwee Bros., Inc.*, No. 03-2793, 2004 U.S. Dist. LEXIS 4613, at *10 (D. La. 2004 March 19, 2004).

30(b)(6) Noticed depositions because no corresponding request for production accompanied the original or amended Notice.

## 2. Bringing documents to the deposition

Rather than Rule 34, plaintiff points to Federal Rule of Evidence 612 and the case of *Audiotext Communications Network, Inc. v. US Telecom, Inc.* for the proposition that all documents relied upon by deponents in preparation for testimony should be contemporaneously produced.[9] Most Federal Rules of Evidence, including Rule 612, apply to deposition testimony.[10] Federal Rule of Evidence 612, provides in part:

> if a witness uses a writing to refresh memory for the purpose of testifying, either (1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce into evidence those portions which relate to the testimony of the witness.[11]

Under *Audiotext* "[a] party must meet three conditions before obtaining documents used by a witness prior to testifying: (1) the witness must use the writing to refresh his or her memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice.'"[12] "In addition, the party seeking such documents must show that the documents 'actually influenced the witness' testimony.'"[13] Specifically, "a party must delve thoroughly into the circumstances in order to furnish an adequate basis to use Rule 612 as a tool to

---

[9]Motion for Relief (Doc. 374) at p. 6–7; *Audiotext*, 164 F.R.D. 250, 254 (D. Kan. 1996).

[10]Fed. R. Civ. P. 30(c).

[11]Fed. R. Evid. 612.

[12]*Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, 164 F.R.D. 250, 254 (D. Kan. 1996) (quoting *Butler Mfg. Co. v. Americold Corp.*, 148 F.R.D. 275, 277–78 (D. Kan. 1993)).

[13]*Id.*

8

obtain disclosure of an otherwise protected document."[14]

Of the six employees Ratier designated, plaintiff actually deposed only three: Sabastien Mounier, Pascal Renaud, and Pierre Launet, and cancelled the depositions of Phillipe Atrous, Bruno Seminel and Stephane Andrieu.[15] Any documents relied upon for a deposition which did not occur are not implicated by Fed. R. Evid. 612.

As for the depositions of Mounier, Renaud, and Launet, plaintiff offers no evidence of particular documents upon which the deponents relied for their testimony. Indeed, defendants assert, and plaintiff does not deny in its reply, that counsel for plaintiff did not ask the deponents on which documents, if any, they were relying for their testimony.[16] Simply put, plaintiff did not ask these witnesses what documents they reviewed to prepare for their depositions, nor did plaintiff seek any further information regarding the impact these documents had on the witnesses' testimony. Accordingly, the court is in no position to evaluate whether the documents "'actually influenced the witness' testimony.'"[17] Without this record, plaintiff does not have sufficient evidence to meet the Fed. R. Evid. 612 standard articulated in *Audiotext*. Indeed, *Audiotext* is further distinguishable from the facts of the case at hand because in *Audiotext* the court found that a notebook reviewed by a witness had a clear impact on the witness's testimony, causing him to clarify or change earlier testimony.[18] Here, there is no such evidence of outside documentation causing a clear impact on

---

[14]*Lebow v. Meredith Corp.*, No. 05-2545-JWL, 2007 U.S. Dist. LEXIS, at * 5 (D. Kan. May 4, 2007)(citing *Butler*, 148 F.R.D. at 278).

[15] *See* Response (Doc. 424) at p. 6–9; Reply (Doc. 443) at p. 8.

[16]Defendant's Response in Opposition to Plaintiff's Motion for Relief Regarding Defendant Ratier Depositions (Doc. 424) at p. 7.

[17]*Butler*, 148 F.R.D. at 278.

[18]*Audiotext*, 164 F.R.D. at 254.

testimony.

Further, *Audiotext* and the other cases cited by plaintiff relate to whether Rule 612 can be used to overcome a work product privilege, which is not an issue here. Rather, plaintiff's Amended Notice simply wanted defendants to identify, from the documents already produced, what documents, if any, defendants' witnesses used to prepare for their deposition. Defendants did not object to this request based on work product, but rather because it was unduly burdensome.

### C.     Preparation of 30(b)(6) witnesses

Plaintiff asserts that Ratier's 30(b)(6) designees claim in recent affidavits to have "reviewed a substantial number of documents and records to refresh their recollectiosn [sic] and prepare for their respective depositions."[19] In fact, there is only one such affidavit attached to Doc. 354. In it, designee Bruno Seminel claims to have spent approximately 30 hours preparing for his deposition by reviewing documents and conferring with counsel.[20] However, because Mr. Seminel was not actually deposed, the documents he reviewed need not be produced under Fed. R. Evid. 612 and the court cannot evaluate whether he inadequately prepared for a Rule 30(b)(6) deposition that never occurred.

Additionally, Mr. Renaud, Ratier's contact for engineering with Airbus, testified solely as to the narrowly noticed topic regarding "[a]ny criticism by Airbus on the A400M project against Hamilton Sundstrand Incorporated, Ratier-Figeac, Artus, or any other party, in regard to timing, expected deliveries, costs, specifications or other issues, concerning any shipset assemblies or any

---

[19]Plaintiff's Motion for Relief Regarding Defendant Ratier Depositions (Doc. 374) at p. 8.

[20]Declaration of Bruno Seminel (Doc. 354) at (Exhibit 12).

component thereof, of which the de-icing controller is incorporated."[21]  As a result, the fact that Mr. Ranaud did not review any documents prior to testifying or "do anything specific" to prepare for the 30(b)(6) deposition does not necessarily make him unprepared.[22]  Defendants argue that Mr. Renaud was so familiar with the day-to-day relationship between Ratier and Airbus that he did not need to review any documents prior to his deposition.  To that end, plaintiff has not pointed to where Mr. Renaud was unable to answer any of their questions or otherwise proved unprepared for his deposition.

Finally, despite the fact that plaintiff's original Notice and the Amended Notice specifically stated that plaintiff expected the witnesses "to be able to identify such materials by Bates numbers" plaintiff appears to have refrained from asking any of these witnesses to identify any materials by Bates number.  Accordingly, the court has no basis to determine whether a potential failure to identify these documents amounted to an unprepared Rule 30(b)(6) witness.

### D.   Location of Deposition

As a general rule, the court has "substantial discretion to specify the place of the deposition."[23]  The Tenth Circuit has stated that the "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."[24]  For a corporation, this rule "translates to a presumption that officers, directors and managing agents should be available for

---

[21]Response (Doc. 424) at p. 8; Notice (Doc. 295) at p. 6 (topic No. 16).

[22]*See* (Doc. 378) at (Exhibit 5).

[23]*Stone v. Morton Int'l*, 170 F.R.D. 498, 504 (D. Utah 1997)(citing *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir. 1987)).

[24]*Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2112 at 81 (1994)).

deposition at the company's headquarters."[25]

However, "[u]nderlying this rule appears to be the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum. The defendant, on the other hand, is not before the court by choice."[26] Indeed, in discussing the rules surrounding the designation of place for a deposition, Moore's Federal Practice states: "[t]here is a general presumption that a defendant's deposition will be held in the *district* of the defendant's residence" and places the burden of deviating from this presumption on the noticing plaintiff.[27] Depositions of a corporate defendants' representatives presumptively take place at the corporation's headquarters not, as plaintiff advocates, to allow plaintiff ready access to documents located at a corporation's facility, but rather to afford the corporate defendant and its representatives, who did not have the first choice as to forum, a measure of convenience.

Considering the rationale behind this rule, the court sees no reason why plaintiff would construe the court's language regarding "principal place of business" to mean that the court required the depositions of Ratier's 30(b)(6) to take place *in* Ratier's physical headquarters. If the purpose behind the rule is to provide a relatively convenient location for the depositions of defendants' representatives, then holding the deposition in a conference room at a hotel located mere minutes from defendants' headquarters met the spirit of the general presumption and this court's previous order.

Yet, assuming *arguendo* that plaintiff's literal reading of the court's order was appropriate,

---

[25]*Payne v. McKune*, No. 06-3010, 2007 U.S. Dist. LEXIS 77553, at * 7 (D. Kan. Oct. 16, 2007).

[26]*Payne*, 2007 U.S. Dist. LEXIS 77553 at *6-7(citing *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987)).

[27]6-2 Moore's Federal Practice–Civil § 26.105 (emphasis added).

plaintiff has still failed to identify how it was prejudiced by conducting these depositions at a nearby hotel, rather than in Ratier's physical headquarters.  Plaintiff argues that "one purpose of the 30(b)(6) depositions was to enlist the help of Defendants in ascertaining which records were relevant to particular topics and to increase Plaintiff's understanding of them."[28]  However, the record is devoid of any instance wherein plaintiff asked a Ratier witness to produce a document, and the witness or their counsel could not comply because the produced documents were not at hand.  As a result, the court is at a loss as to how plaintiff was actually prejudiced by defendants' insistence that these depositions take place at a local hotel.

### III. Conclusion

Upon review of the instant motion and the record as provided by the plaintiff, the court finds plaintiff suffered little to no prejudice as a result of defendants' actions.  Whether such prejudice could have occurred had plaintiff taken the depositions of the three witnesses it cancelled or had plaintiff's counsel asked certain questions of the witnesses it chose to depose is unknown.  However, the court will not engage in a speculative guessing game of what could have been.  Whether to impose sanctions lies within the court's discretion[29] and for the purposes of the instant motion the court finds sanctions inappropriate.  Accordingly,

IT IS THEREFORE ORDERED plaintiff's Motion for Relief Regarding Defendant Ratier Depositions (Doc. 374) is denied.

IT IS SO ORDERED.

---

[28] Reply (Doc. 443) at p. 2.

[29] *Barnes v. Akal Sec. Inc.*, No. 04-1350, 2005 U.S. Dist. LEXIS 33262, at *21 (D. Kan. Dec. 9, 2005)(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).

Dated this 6th day of December, 2007, at Topeka, Kansas.

                                        s/ K. Gary Sebelius  
                                       K. GARY SEBELIUS  
                                       U. S. MAGISTRATE JUDGE