jar

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ICE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-4135-JAR |
| | ) | |
| HAMILTON SUNDSTRAND | ) | |
| CORPORATION and RATIER-FIGEAC, | ) | |
| S.A.S. | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER DENYING OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM AND  ORDER CONCERNING INCLUSION OF CLAIMS IN PRETRIAL ORDER

This comes before the Court on Defendants' Objections to Magistrate Judge's Memorandum Order Concerning Inclusion of Claims in Pretrial Order (Doc. 467).[1]  In the objected to Memorandum and Order, Judge Sebelius allowed plaintiff ICE Corporation ("ICE") to include certain claims for the first time in the pretrial order, finding that defendants had fair notice that plaintiff intended to assert these claims.

Generally a claim not stated in the pleadings should not appear for the first time in the pretrial order, as this deprives the other party of fair notice, and perhaps the opportunity for discovery and disposition of the claim on motions.[2]  At the same time, the pretrial order is the final controlling pleading which can serve to amend earlier pleadings to include claims not

---

[1](*See* Doc. 459.)

[2]*Wilson v. Muckala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002).

expressly stated in earlier pleadings.[3]  As long as the defendant is not unfairly surprised, such as not having sufficient notice to conduct discovery on that theory of recovery, the rules of liberalized pleading allow a plaintiff to pursue a claim not initially stated in the complaint.[4]

Judge Sebelius ruled that *factual allegations* in the Amended Complaint (Doc. 108) placed defendants on sufficient notice of plaintiff's *theories* that defendants had breached the parties' Proprietary Information Agreement and that defendants had misused plaintiff's confidential and proprietary information in a manner causing unfair competition.  Thus, Judge Sebelius allowed these two claims to be included in the pretrial order, despite not having been stated in plaintiff's Amended Complaint.[5]

To be sure, as the defendants have vigorously argued, neither the original Complaint, nor the Amended Complaint, nor any earlier pleadings have expressly stated these claims.  But, the question is whether defendants had notice that plaintiff was proceeding on the theory that defendants had breached the Proprietary Information Agreement ("PIA"), and on the theory that defendants misused plaintiff's proprietary and confidential information in a manner resulting in unfair competition. The Court addresses these in turn.

### Claim for Breach of the PIA

With respect to the claim for breach of the PIA, Judge Sebelius found that the Amended Complaint broadly stated a claim for breach of the parties' Memorandum of Understanding, but

---

[3]*Id.* (citing *Expertise Inc., v. Aetna Fin. Co.,* 810 F.2d 968, 973 (10th Cir. 1987); Fed. R. Civ. P. 16(e).

[4]*See Green Country Food Mkt., Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004).

[5]*See Burnette v. Dresser Indus.,*849 F.2d 1277, 1282-84 (10th Cir. 1988) (excluding product liability claims from pretrial order because the factual allegations in the complaint did not support such legal theory and thus did not place defendant on notice).

also referenced other agreements between the parties, thus indicating that the breach of contract

claim was not based on only one agreement.  Moreover, the Amended Complaint specifically

stated that,

> ICE signed a *proprietary agreement* forbidding use of ICE's
> proprietary information.  ICE would not have signed the
> agreement nor would it have disclosed proprietary trade secret
> information to the defendants if it had known that the
> representations made to it were false.[6]

This language indicates that plaintiff was induced to sign the PIA relying on false

representations; indeed the Amended Complaint expressly alleges that "ICE relied to its

detriment upon those representations in entering into the Memorandum of Understanding and

other agreements, and in proceeding with design work and incurring expenses."[7]  The Amended

Complaint essentially alleges that the PIA was breached as "defendants have wrongfully

appropriated confidential, proprietary and trade secret information created by ICE . . . ."

Moreover, the Amended Complaint alleges that plaintiff suffered harm, in that defendants "have

disclosed or conveyed the information to competitors or other manufacturers of deicing systems,

including Company A . . . ."[8]

    In other words, the Amended Complaint alleges facts supporting a theory that: (1)

plaintiff entered into a PIA with defendants; (2) defendants breached the PIA by wrongfully

disclosing proprietary information to others; and (3) that plaintiff suffered harm, because the

information was disclosed to its competitors.  The Court agrees with Magistrate Judge Sebelius

---

[6](Doc. 108 ¶ 57) (emphasis added).

[7](*Id.* ¶ 24.)

[8](*Id.* ¶ 86.)

that this language placed defendants on fair notice that plaintiff's theories included defendants'
breach of the terms of the PIA, particularly given other factual allegations and claims in the
Amended Complaint that relate to defendants' improper use of plaintiff's proprietary
information.

Defendants argue that the language in the Amended Complaint did not state the elements
of a breach of contract relating to the PIA.  They argue that it did not name the other party to the
PIA, did not state any specific terms of the PIA, did not state that plaintiff was ready and able to
perform its obligations under the PIA, and did not state that defendants breached the PIA.
Defendants ignore that the Amended Complaint alleges that the parties entered into the PIA, the
terms of the PIA included that defendants would not disclose certain information, that in reliance
plaintiff performed its duty to provide such information to defendants, that defendants in
contravention of the PIA disclosed the information to others, and that plaintiff was thereby
harmed.

Furthermore, although the Amended Complaint did not expressly state a claim for breach
of the PIA, it expressly stated a claim of fraud that included damages caused by defendants'
wrongful disclosure of plaintiff's confidential and proprietary information.  Defendants were on
notice that plaintiff, in proving-up its claim of fraud, would be proving that defendants
appropriated and disclosed proprietary information; in fact, that disclosure is the basis for
plaintiff's claim that it suffered damage.  Defendants were certainly on fair notice of this and
their protestations of unfair surprise, "hiding the ball," and "abuse" are exaggerated at best.

### *Claim for Common Law Unfair Competition*[9]

Judge Sebelius allowed plaintiff to include a common law claim for unfair competition based on certain factual allegations in the Amended Complaint. This Court agrees with Judge Sebelius that given the factual allegations, this theory of recovery was evident. Furthermore, because the common law claim for unfair competition is based on factual allegations that underlie plaintiff's other claims in the Amended Complaint, inclusion of this claim in the pretrial order does not prejudice defendants. Given that there was significant discovery over these very allegations, defendants could not reasonably claim surprise. Plaintiff stated a claim for violation of the KUTSA, yet in various pleadings and discovery responses, referred to trade secrets and confidential and proprietary information as if these terms were interchangeable and these materials one in the same. Thus, defendants endeavored, in discovery, to "separate the chaff" and determine what trade secrets the KUTSA claim was based on, as distinct from information that plaintiff claimed was confidential and proprietary.

Defendants imply that upon discovering the trade secrets underlying plaintiff's claim, they did not pursue further discovery about the nature of the confidential and proprietary information. This argument is surprising in that the substance of plaintiff's confidential and proprietary information are germane to other claims made by plaintiff in this litigation. Plaintiff indisputably claims that defendants made false representations that induced plaintiff to disclose its confidential and proprietary information to defendants, and that defendants then wrongfully

---

[9]Notably, defendants do not concede that there is a cause of action recognized under Kansas law for misappropriation of confidential and proprietary information. Judge Sebelius noted that it is unclear whether under Kansas law, such cause of action exists and also unclear whether this common law claim has been preempted by the Kansas Uniform Trade Secrets Act ("KUTSA"), K.S.A. 66-3301, *et seq.* For purposes of deciding the issues before him, Judge Sebelius assumed that such a common law tort of unfair competition lies in Kansas; and this Court assumes the same, without deciding the issue at this juncture.

appropriated and disclosed such information to others.  This claim gave defendants notice that

they needed to discover: (1) the substance of the confidential and proprietary information; (2) by

whom and how such information was appropriated; and/or (3) by whom and how such

information was disclosed.  The Court simply cannot fathom how defendants can claim surprise

or prejudice through inability to discover the evidence concerning use or misuse of confidential

and proprietary information.[10]

Moreover, without reiterating Judge Sebelius's discussion of various paragraphs of the

Amended Complaint, there are numerous factual allegations that would round out a common law

claim of unfair competition.  These allegations include that: (1) plaintiff owned all rights, title

and interest in the subject information; (2) plaintiff used the information in the design and

development of the software and hardware necessary to its deicing system; (3) pursuant to their

agreements, plaintiff provided defendants access and knowledge of the subject information with

the express understanding defendants would not use it for their personal gain, nor without

plaintiff's authorization and consent; and (4) in contravention of their agreement, defendants

disclosed the subject information to plaintiff's competitors.  This constitutes fair notice of a

common law claim for unfair competition.

Therefore, the Court overrules and denies defendant's objection to Judge Sebelius's

Memorandum and Order.   A motion for reconsideration under D. Kan. R. 7.3 is not encouraged.

---

[10]Plaintiff contends that defendants were on notice of the unfair competition claim by virtue of language in the Report of Parties Planning Meeting, which plaintiff cites as stating, "ICE asserted claims for both misappropriation of trade secrets and unfair competition arising from misappropriation of ICE's confidential and proprietary information."  But, as defendants point out, this language is **not** in the Report of Planning Meeting.  The actual language in the  Report of Parties Planning Meeting is, "[t]his is an action arising out of alleged breach of contract, various alleged negligent misrepresentations, and misappropriation or misuse of trade secrets and/or proprietary information."  (*See* Doc. 416, Ex. 2, at  9, filed under seal.)

The standards for these motions are well-established and are only appropriate when the Court has clearly misapprehended a party's position or fact or applicable law, or when new evidence is obtained that could not have been previously obtained through the exercise of reasonable diligence.  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised.[11]  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the Tenth Circuit for motions for reconsideration.  Likewise, any response necessitated by a motion for reconsideration is limited to three pages.  No reply may be filed.

**IT IS THEREFORE ORDERED** that Defendants' Objections to Magistrate Judge's Memorandum Order Concerning Inclusion of Claims in Pretrial Order (Doc. 467) is **overruled and denied**.

**IT IS FURTHER ORDERED** that by **April 11, 2008**, the parties will jointly submit a revised proposed pretrial order including any revisions necessitated by the instant order, and Judge Sebelius's Memorandum and Order.[12]  Judge Sebelius will schedule a final pretrial conference in consultation with the parties.

**IT IS SO ORDERED**.

Dated this  27th   day of March, 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[11]*Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied sub. nom. Miller v. Brown*, 520 U.S. 1181 (1997).

[12](Doc. 459.)