jar

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ICE CORPORATION,                                )
                                                )
                    Plaintiff,                  )
                                                )
          vs.                                   )        Case No. 05-4135-JAR
                                                )
HAMILTON SUNDSTRAND                             )
CORPORATION and RATIER-FIGEAC,                  )
S.A.S.                                          )
                    Defendant.                  )
_____)


**MEMORANDUM AND ORDER DENYING**
**OBJECTIONS TO ORDER AWARDING SANCTIONS**

This comes before the Court on Defendants' Objections to Magistrate Judge's

Memorandum and Order Awarding Sanctions (Doc. 453).[1]  In the Memorandum and Order,

Judge Sebelius ordered defendants' counsel to pay the attorneys' fees and expenses that plaintiff

incurred in opposing defendants' Motion for Protective Order Barring May 9, 2007 Expert

Deposition of David R. Danielson.[2]  Fed. R. Civ. P. 37(a)(4)(B) states that sanctions should not

be awarded unless the filing of the sanctionable motion was substantially justified, or if other

circumstances make an award of expenses unjust.  As explained more fully below, defendants'

objection is denied because this Court agrees with Judge Sebelius that defendants' motion for

protective order was not substantially justified.

On May 1, 2007, plaintiff subpoenaed defendants' expert witness for a deposition on

_____

[1](*See* Doc. 449.)

[2](Doc. 219.)

1

May 9, 2007.  The subpoena included a request for numerous documents, comprising twenty-five categories of documents.  On May 4, defendants filed a detailed objection to some of the requested documents.  Over the next three days, plaintiff's counsel and defendants' counsel conferred, but were unable to resolve their differences.  Defendants proposed two alternative solutions, (1) defendants would produce the expert on May 9 if plaintiff's counsel would agree not to seek a subsequent, second deposition of the expert on the documents at issue, or (2) defendants would produce the expert for deposition at a later date after the objections had been resolved.  Plaintiff rejected both proposals and defendants then filed a motion for protective order.

Judge Sebelius denied the motion for protective order.[3]  He found that defendants' motion was speculative, based on an assumption that plaintiff would seek to depose their expert a second time causing defendants burden and expense.  Judge Sebelius noted that plaintiff had not even taken the first deposition of the expert, much less attempted to take a second deposition, and that the court would not enter a protective order to "prevent the *possibility*" that plaintiff would seek a second deposition.[4]  Judge Sebelius further found it improper for defendants to seek a protective order barring deposition of the expert until defendants' objections to certain subpoenaed documents were resolved.  The proper vehicle to seek a judicial determination was through a motion to compel, which plaintiff did not file.  And it would be premature for plaintiff to file a motion to compel before the deposition.  Only after the deposition would plaintiff be in a position to evaluate the sufficiency of the documents produced and determine whether to pursue

---

[3](Doc. 289.)

[4](Doc. 453 at 9 (emphasis in original).)

production of other subpoenaed documents through a motion to compel.

Pursuant to Rule 37(a)(4)(B), the court may award attorney's fees and expenses upon the denial of a motion for protective order under Rule 26(c), if the court finds that the making of the motion was not substantially justified. The Supreme Court has defined "substantially justified" to be "justified in substance or in the main," and substantial justification is present if "reasonable people could differ" as to the propriety of filing the motion.[5]

Defendants argue that they were substantially justified in moving for a protective order, in light of case law in the District of Kansas. Defendants cite to *Naerebout v. IBP, Inc.*,[6] as supporting their action. In *Naerebout*, the defendant moved for a protective order to postpone a deposition noticed by plaintiff until the court ruled on plaintiff's motion to compel production of certain documents requested in the deposition notice. The difference between *Naerebout* and this case is obvious. There was a pending motion to compel, making ripe for judicial determination the parties dispute about production of certain documents. Here there was no such motion. Instead, defendants put the cart before the horse, assuming that there would be a dispute about production after the expert's deposition, and assuming that plaintiff would decide to seek a second deposition of the expert. In effect, defendants moved for a protective order to avoid production of documents, rather than a protective order to delay the deposition until decision on a pending motion to compel. And the mere fact that plaintiff refused to agree in advance not to seek a second deposition, does not provide substantial justification for seeking a protective order. Plaintiff need not make such a speculative decision to its possible detriment.

---

[5]*Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988).

[6]No. 91-2254, 1992 WL 754399 (D. Kan. Aug. 19, 1992).

Nor should the court make a speculative decision to grant a protective order based on an assumption that plaintiff will seek to compel and seek to depose a witness a second time.

Finally, it is disingenuous for defendants to argue that the motion for protective order was an attempt to save everyone the expense and trouble of two depositions.  Their chosen strategy in filing a motion for protective order has caused expense and trouble.  Had defendants followed the proper procedure, perhaps plaintiff would have been satisfied with the documents defendants produced, and thus not filed a motion to compel further production.  And even if plaintiff filed a motion to compel and the court ordered such, upon review of the additional documents, perhaps plaintiff would have found no reason to pursue a second deposition, with the incumbent expense of defending a motion for protective order at that juncture.  No, defendants chosen strategy forced plaintiff, defendants, and the court to spend time and expense on a motion for protective order, that may have ultimately never been filed, had the course of events been allowed to proceed.[7]

Therefore the Court overrules and denies defendant's objection to Judge Sebelius's Memorandum and Order.  Defendants did not object to the amount awarded, $1,791, so the Court orders payment of that amount.

A motion for reconsideration under D. Kan. R. 7.3 is not encouraged.  The standards for these motions are well-established and are only appropriate when the Court has clearly

---

[7]The Court appreciates that defendants' counsel enjoy good reputations earned over long careers, and have never been ordered to pay fees as a sanction.  It is the Court's observation that in cases with the volume of motions and degree of acrimony evidenced among the lawyers in this case, it is not unusual for one or both parties to seek sanctions available pursuant to the Federal Rules of Civil Procedure.  See footnote 15 in this Court's October 12, 2007 Memorandum and Order Adopting Report and Recommendation (Doc. 438) cataloguing the 107 discovery related motions that had been filed as of that date, and the total of eleven motions to compel or motions to strike that had been filed at that time.

misapprehended a party's position or fact or applicable law, or when new evidence is obtained that could not have been previously obtained through the exercise of reasonable diligence. Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised.[8]  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the Tenth Circuit for motions for reconsideration.  Likewise, any response necessitated by a motion for reconsideration is limited to three pages.  No reply may be filed.

**IT IS THEREFORE ORDERED** that Defendants' Objections to Magistrate Judge's Memorandum and Order[9] Awarding Sanctions (Doc. 453) is **overruled and denied**.

**IT IS FURTHER ORDERED** that defense counsel's law firm shall pay the sum of $1,791.00 to plaintiff within fourteen (14) days of the date of the filing of this Order.

**IT IS SO ORDERED**.

Dated this 27th  day of March, 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[8]*Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied sub. nom. Miller v. Brown*, 520 U.S. 1181 (1997).

[9](Doc. 449.)