ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ICE CORPORATION,                )
                                )
            Plaintiff,           )
                                )
    vs.                          )   Case No. 05-4135-JAR
                                )
HAMILTON SUNDSTRAND INC., and   )
RATIER-FIGEAC, S.A.,            )
                                )
            Defendants.          )
_____)

## MEMORANDUM AND ORDER

Now before the Court are the following motions: (1) plaintiff's Motion for Leave to File Under Seal Substitute Exhibit (Doc. 528); (2) plaintiff's Motion for Leave to File Under Seal Reply Memorandum (Doc. 529); and (3) plaintiff's Motion for Leave to File Under Seal Plaintiff's Motion for Leave to Substitute Exhibits Under Seal (Doc. 532). The motions are fully briefed and the Court heard from the parties during a telephonic hearing on September 9, 2008. As described more fully below, the Court grants the motions for leave to the extent they seek to file under seal motions for leave to substitute, and proceeds to consider the underlying motions for leave to substitute certain exhibits.[1] The Court grants plaintiffs' motion to substitute the Connelly affidavit (Doc. 528) and grants in part and denies in part the motion requesting leave to

---

[1] While the Court decides the timeliness issue on the motion for leave to file the reply under seal, the more appropriate vehicle for raising this issue would have been a motion to strike after the Court had allowed the motion to be filed under seal. As for the motions to substitute, one motion (Doc. 528) simply seeks leave to substitute the exhibits under seal, while the other (Doc. 532) seeks leave to file the motion for leave to substitute under seal. But this latter motion does not attach a proposed motion for leave to substitute under seal. To the extent plaintiff seeks leave to file under seal the underlying motions, they are granted. The parties are encouraged in the future to refrain from arguing the merits of the underlying motions on a motion for leave to file under seal which, except in rare circumstances, should be unopposed and granted. However, due to the fact that the parties have briefed these motions on the merits, the Court proceeds to rule on the merits of these motions.

substitute other exhibits (Doc. 532).  The Court also grants plaintiff's request for leave to file its reply memorandum and exhibits under seal (Doc. 529).

**1.      Motion for Leave to Substitute Connelly Declaration** (Doc. 528)

Plaintiff filed this motion on August 14, 2008, four days before defendants' reply brief was due.  The motion seeks to replace the version of Exhibit 12, the Declaration of Patrick Connelly, President of ICE Corp., filed with its summary judgment response.  Plaintiff states that it inadvertently attached a version executed by Connelly more than one year ago on another matter instead of the correct version—the version cited to in its response memorandum.  The substitution would not alter any of the citations provided in the response brief.  Defendants oppose the motion, arguing that the new declaration is substantially different from the one originally attached and that they relied upon the original exhibit in replying to the response. Defendants further urge that the motion is an inappropriate attempt to respond out of time.

There is no dispute that the two versions of Connelly's declaration are vastly different and there is likewise no dispute that plaintiff cited heavily to the declaration in its response brief. It is evident to the Court that plaintiff was indeed citing to the proposed new version of Exhibit 12 in its response brief, as the cited-to portions of this declaration generally track the language in the response brief.  The statements of fact in the response brief do not at all match up with the language in the originally attached declaration.  Defendants do not deny that they possessed the correct document and the Court finds that this mistake should have been obvious to the reader.

It appears that the original Exhibit 12 was mistakenly filed and the new Exhibit 12 is in fact what plaintiff cited to in its response, so the Court will allow plaintiff leave to file this substitute exhibit.  The only prejudice articulated by defendants is the late disclosure of this

mistake; they had relied upon the original Exhibit 12 in crafting their reply memorandum, which was due four days after plaintiff filed its motion to substitute. To the extent that defendants' answers to the relevant statements of fact would have been different but for this substitution, the Court will allow defendants seven days to supplement their reply. However, because this obvious mistake was caused by plaintiff and not discovered until the reply had already been substantially drafted, the fees and costs associated with drafting the supplement to the reply are to be paid by plaintiff. The Court strongly urges defendants to use this extra time to reply in good faith based only on the substitution of this exhibit as they would have replied had the proper exhibit been attached in the first instance. The Court does not intend by this order to write defendants a "blank check" whereby they may rework their entire reply, or overburden this Court with arguments that they would not have otherwise made.

**2.     Motion to Substitute (Doc. 532)**

Plaintiff's other motion for leave to file substitute exhibits under seal was filed on August 22, 2008, after plaintiff's reply brief was filed. It seeks to substitute or add a number of exhibits. The Court addresses each specific request in turn:

(a) *Mantha and Danielson depositions*.   Plaintiff asks for leave to collapse together two days worth of deposition transcripts into one exhibit for each of these deponents. As it stands now, there are two exhibits attached to the response for each deponent and, because each transcript is separately paginated, the identified transcript is not correct in some instances. Defendants do not oppose this particular request, so the Court grants plaintiff's motion to consolidate these exhibits.

Defendants do, however, oppose plaintiff's request to the extent it seeks to *add*

previously unincluded pages to the proposed consolidated exhibits. The Court agrees that adding pages to these exhibits that were not previously designated in original exhibits 3, 50, 5, and 23 is inappropriate and would be prejudicial, given that the reply had already been filed before plaintiff discovered the omission. A request to supplement is vastly different than a request to simply substitute or consolidate exhibits due to an oversight or mistake. Plaintiff is not permitted to file pages 18-20 from Danielson's June 14, 2007 deposition nor is it permitted to file pages 14-17, 62-65, 90-93, and 110-13 from Mantha's December 12, 2006 deposition and pages 135-38 from Mantha's December 13, 2006 deposition testimony.

(b) ***Certified translations***. Plaintiff seeks leave to file an English translation to response Exhibit 97, which is an email written in French. Plaintiff attaches an uncertified translation to its motion for leave and represents that it intends to later supplement with a certified translation. The Court denies plaintiff's request. Plaintiff offers no reason for the substantial delay in obtaining a certified translation of this one-page document originally filed with its response on July 24. Certainly, defendants were prejudiced by not having the ability to review this translation before replying to the French language version of the exhibit. Again, the Court declines to allow plaintiff what amounts to an extension of time to *add to* its exhibits in support of the response to summary judgment.

(c) ***2004 Passport review, Ex. 47.*** Plaintiff asks to substitute the correct version of this exhibit, as it inadvertently attached the wrong version to its response. Defendants do not identify any prejudice resulting from this substitution and the Court will grant this request.

(d) ***References to SCU and RCU described in ¶ 4 of plaintiff's motion***. The Court grants plaintiff's request as to this matter as defendants do not indicate how this might prejudice

them.

(d) *Exhibits 139 and 140.* Plaintiff seeks leave to attach new exhibits 139 and 140 to the response brief that were cited to in the response but not attached.[2] Again, the Court declines to grant plaintiff leave to file *additional* documents that it failed to file in any form with its response brief, especially after the defendants have already prepared and filed a reply. Plaintiff clearly had these documents at its disposal when preparing the brief and the Court cannot find the delay in seeking to attach them, nor the prejudice that would result, is excusable.

**In so ruling, the Court stresses that while it allows plaintiff to file certain substitutions to its response exhibits, it is warned that no further substitutions will be permitted**.

3.  **Motion for Leave to File Reply Under Seal (Doc. 529)**

There are cross-motions for summary judgment pending in this matter. The Pretrial Order specifically set the summary judgment response deadline for July 16, 2008; the reply deadline was set for August 8, 2008 (Doc. 494). On July 23, 2008, the Court considered plaintiff's motion for extension of time to file a consolidated response to defendants' summary judgment motions, having already granted one prior extension. The Court granted the motion to file the response under seal and allowed plaintiff until July 24, 2008 to file the sealed response (Doc. 519). The Court then gave defendants 23 days from the 24th to file a reply, or until August 18 (Doc. 519). The Court was clear that it was ruling only on documents 517 and 518 and that it was only extending *defendants*' reply deadline in the Order.

---

[2]Defendants argued during the hearing that proposed Ex. 140 was not cited to in the response. This is inaccurate; RF 11124 (proposed to be attached as Ex. 140) was cited to in paragraph 263 with the exhibit number left blank (Doc. 522, at 100.)

5

Plaintiff filed a motion for leave to file its reply brief under seal on August 15, 2008—seven days after the August 8th deadline set for replies in the Pretrial Order. Defendants argue that the motion for leave is untimely because the replies were due by August 8, unless ordered otherwise by the Court. Plaintiff argues that its reply time did not begin to run until defendants actually filed their sealed response, not when the motion for leave to file the response was filed. Plaintiff argues in its motion that the "same analysis" used by the Court in its July 23 Order extending *defendants*' reply deadline by 23 days from the date plaintiff's sealed response was filed (as opposed to the motion for leave to file the sealed response) governs *plaintiff's* reply deadline on plaintiff's summary judgment motion.

In order to file a sealed document in a civil case in this district, leave must first be granted by the court.[3] As the CM/ECF instructions point out, it is the parties' responsibility to serve the motion for leave to file under seal and all attachments to opposing counsel through means other than CM/ECF. Under Local Rule 6.1(d)(2), the 23-day time period for filing a reply runs from the date of service of the response; however, the time limit of this rule only applies "unless otherwise ordered by the court."

Here, the Pretrial Order governed the deadlines for the summary judgment briefs, calculating the 23-day time limits and setting firm dates on which the responses and replies were due. Complicating these deadlines, however, was the fact that the parties sought leave to file all of the briefs and exhibits under seal. At the hearing on this matter both parties accused the other of failing to serve opposing counsel with motions for leave to file under seal and the attached documents. Counsel for plaintiff represented at the hearing that he did not receive the sealed

---

[3] D. Kan. R. 5.4.6.

response to plaintiff's summary judgment motion until it was electronically filed on July 23, 2008 even though the motion for leave to file the response under seal was filed by the Pretrial Order response deadline of July 16, 2008.  Therefore, plaintiff argues that it had a good faith belief that the motion for leave to file the reply under seal was timely because it was filed 23 days after plaintiff had been served with the response on July 23, 2008.

The parties chose to raise this issue with the Court for the first time after all of the dispositive motion briefing had already been filed and both zealously argue that the other is at fault for violating the spirit of the local rules and filing conventions.  The Court admonished both parties orally at the September 9, 2008 hearing for failing to contemporaneously serve one another with motions for leave to file under seal.  The Court explained how the system and local rules rely on the parties to effect service in order to function as intended and warned that future failures to serve opposing counsel would result in the denial of a motion for leave to file under seal.

With regard to this motion, the Court finds some merit to the arguments on both sides. Technically, Rule 6.1(d) should not even apply because an order of the Court set firm deadlines. Any attempt to construe the Court's July 23, 2008 Order as "precedent" for extending that deadline is disingenuous—that Order explicitly ruled only on plaintiff's motion for extension of time and only governed the reply time on defendants' motions for summary judgment.  On the other hand, the Pretrial Order states that the deadlines are based on the 23-day response and reply times provided for in Rule 6.1(d)(2), and under the rule, the reply deadline runs from the date of service of the response.  If plaintiff was not served with defendants' response on July 16, 2008, it is inequitable to require it to reply by August 8, 2008.  In the interest of equity, the Court

will grant plaintiff's motion and consider its reply when deciding plaintiff's motion for summary judgment.

While the Court accepts plaintiff's explanation for the delay in filing the motion for leave to file the reply under seal, the Court suggests that allowing this issue to reach this point was an extremely imprudent course of action on plaintiff's part.  This is an issue the parties should have either worked out on their own or brought to the Court's attention before the brief could be construed as time-barred.  Plaintiff could have easily avoided the threat of filing an untimely reply by simply seeking leave to file the reply out of time.   But once again, the Court is being asked to determine a highly technical question in this case after the damage has already been done primarily because counsel appear completely unable to communicate effectively and work out even the most elemental issue without court intervention.  As the Court urged the parties during the hearing, counsel's continued rancor is not in the best interest of their clients and continues to impede judicial efficiency in this matter.  While the Court disapproves of the method plaintiff pursued to achieve this result, it is unable at this point to conclude that it should disregard the entire reply memorandum on this timeliness issue.

Furthermore, the parties are on notice that **the Court will not consider any further filings that relate to the summary judgment motions, which the Court now considers to be under advisement**.  **In other words, the Court will not grant leave to file surreplies, nor any further substitutions, modifications or additions, nor any other filings that relate to the summary judgment motions.**

**IT IS THEREFORE ORDERED BY THE COURT THAT**:

1.	Plaintiff's Motion for Leave to File Under Seal Substitute Exhibit (Doc. 528) is

**granted**; **defendants are allowed seven days to supplement their reply, or until September 17, 2008.  Plaintiff is ordered to pay reasonable fees and costs associated with drafting the supplement to the reply**;

2. Motion for Leave to File Under Seal Reply Memorandum (Doc. 529) is **granted**;

3. Motion for Leave to File Under Seal Plaintiff's Motion for Leave to Substitute Exhibits Under Seal (Doc. 532) is **granted in part and denied in part**.  The motion is granted to the to the extent it seeks to (a) consolidate the Mantha and Danielson deposition transcript exhibits; (b) substitute the 2004 Passport review attached as  Exhibit 47; and (c) correct the references to SCU and RCU described in ¶ 4 of plaintiff's motion.[4]  The motion is denied as to any additional exhibits sought to be added—the additional pages to the Mantha and Danielson deposition exhibits and Exhibits 139 and 140.

**IT IS SO ORDERED**

Dated this 10th   day of September, 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[4]To the extent this request encompasses a correction to the actual response memorandum, plaintiff need not substitute the entire memorandum.  The Court takes notice of the correction to these references in ¶ 4 of that document.