# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4135-JAR |
| ) | |
| HAMILTON SUNDSTRAND, INC., and ) | |
| RATIER-FIGEAC, S.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is defendants' Motion for a Protective Order (Doc. 619). As has become customary practice in this case, counsel for the parties request that the Court intervene once again to resolve a the typically collegial process of stipulating to the authenticity of business records. In its November 14, 2008 Order, this Court previously ordered the parties to resolve this dispute as follows:

> **(1) the deadline for filing the parties' exhibit disclosures in this matter will no longer be thirty (30) days before trial; instead, the exhibit disclosures are due on <u>December 5, 2008</u>; (2) defendants will serve any objections to the authenticity of plaintiff's exhibit disclosures on or before <u>December 19, 2008</u>; and (3) plaintiff may depose defendants' records custodians, if necessary, anytime between its receipt of defendants' objections and trial if no stipulation is reached between the parties after the disclosures of exhibits and objections thereto.**

The parties *amazingly agree* that plaintiff disclosed its proposed exhibits on December 5, 2008 and that defendants served objections on December 17, 2008.[1] In its objections defendants indicate next to each exhibit whether they stipulate to the authenticity of the document and, if

---

[1](Doc. 579.)

not, why.  The vast majority of exhibits disclosed by plaintiff appear to be subject to stipulation of authenticity; however, there are several documents that defendants decline to stipulate to the authenticity of.  All the documents in this latter category provide a reason such as "Incomplete," "Illegible," etc.  Yet, plaintiff complains in its response that defendants have not agreed to its "proposed draft stipulation."  Plaintiff, therefore, proceeded to request that defendants produce the records custodians for deposition, in line with the third item in the Court's November 14, 2008 Order.  Plaintiff claims in its responses, repeatedly, that the Court's order requires "foundation depositions" if a stipulation is not reached.

In line with these arguments, the parties have kindly attached for the Court's review approximately sixty-four pages of e-mail communications between counsel, attempting to "resolve" this issue.  But it appears that by the time the reply memorandum was filed, the parties may have actually reached some sort of stipulation.[2]  The Court declines the invitation to study these communications for some nugget of actual agreement between the parties on this issue and, or so that it can mediate the ongoing war of words between counsel.  Moreover, the Court admonishes counsel for failing to notify it that one of the many pretrial motions it is expected to rule upon is explicitly moot.

To the extent the parties have not reached a stipulation, defendants' Objections, filed with the Court, appear to have resolved this issue for the vast majority of documents plaintiff wishes to submit as evidence at trial—defendants are willing to stipulate to the <u>authenticity</u> of

---

[2]Interestingly, defendants (the movants)  represent that "counsel for the parties did in fact agree on a stipulation concerning the foundation. . . .  There was no good reason for ICE to burden this court and Defendants with issues that had been resolved through the continuing good faith efforts of Defendants."  (Doc. 631, at 2).  This highly dispositive information was found after one and one-half pages of utterly irrelevant information about counsel's bickering.

these documents as business records, the only issue addressed by the Court's November 14, 2008 Order. To the extent plaintiff chooses to spend its precious time and money prior to trial attempting to establish the authenticity of incomplete and illegible documents that defendants do not stipulate to the authenticity of, it is entirely within the bounds of the Court's prior Order. The Court will not issue a protective order, even if taking these depositions appears to be an exercise in futility.

Defendants motion also asks for a "protective order" so that they need not object to plaintiff's deposition designations or counter-designate by the January 12, 2009 deadline.[3] Defendants complain that plaintiff has designated deposition testimony for witnesses who are available to testify live at trial, and therefore, defendants should not be required to respond or counter-designate with regard to these witnesses. After three years of litigiousness at a level this Court has never witnessed before, defendants now complain that having to counter-designate these depositions and object to plaintiff's designations "would impose a completely unnecessary cost on Defendants." The Court denies this request. Again, this is a practice that, in this Court's experience, is typically collegial and should not require Court intervention. Plaintiff is correct that under Fed. R. Civ. P. 32(a)(3), all or part of a deposition of the officer, director, managing agent, or designee of an adverse party may be used. There is no requirement that the party be unavailable. To the extent defendants wish to argue about the admissibility of this deposition testimony under Rule 32(a)(3), this is not the appropriate forum; defendants should make this

---

[3]This deadline has been adjusted by the Court pursuant to the revised trial date of February 10, 2009. The objections and counter-designations are therefore due fourteen days before this revised trial date (Doc. 494 at 69.)

objection to the designation instead and the Court will take it up at the limine hearing.[4] However, the Court warns plaintiff that it is subject to Fed. R. Civ. P. 11 and that, to the extent it has no intention of actually reading this deposition testimony, it has a duty to advise defendants and the Court accordingly.  Absent the doubtful scenario of the parties reaching some agreement to the contrary, the Court will not disturb the trial deadlines in place for deposition counter-designations and objections to designations.

**IT IS THEREFORE ORDERED BY THE COURT that Defendants' Motion for Protective Order (Doc. 619) is denied, or in the alternative is moot.**

Dated:  January 15, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[4] If defendants are calling many of the witnesses live, they obviously have the option to forgo counter-designations of those witnesses.