ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4135-JAR |
| ) | |
| HAMILTON SUNDSTRAND INC., and ) | |
| RATIER-FIGEAC, S.A.S, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is defendant Ratier-Figeac, S.A.S's ("Ratier") Motion for Reconsideration (Doc. 664). In its motion, defendant Ratier seeks reconsideration of the Court's summary judgment ruling pertaining to the claim for breach of the duty of good faith and fair dealing. Plaintiff has filed a response, so the motion is ready for review. The Court has considered the parties' filings and denies the motion, as explained more fully below.

Local Rule 7.3(a) provides that "[m]otions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59(e) or 60." Because this motion was filed within ten days of the January 15, 2009 summary judgment order, the Court construes it as a motion to alter or amend judgment under Rule 59(e).[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or

---

[1] *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[3]

Defendant seeks relief on the basis of the need to correct clear error or prevent manifest injustice. Defendant appears to argue that plaintiff could only maintain a breach of good faith and fair dealing claim based on the breach of contract theory upon which the Court granted summary judgment: that the MOU provides for the manufacture of Option 3 deicing controllers. But defendant fails to address the clear language of the pretrial order, where plaintiff asserts its good faith and fair dealing contentions:

> Defendants had a duty of good faith and fair dealing to fulfill their obligations under the Memorandum of Understanding, and a duty to cooperate with ICE in performing its contractual duties. ICE was instructed to cease work on the project after Ratier demanded a price materially lower than the baseline pricing in the Memorandum of Understanding, despite the fact that their [sic] had been changes imposed upon the deicing controller which increased the complexity of its design and construction. The termination of the Memorandum of Understanding was not voluntary, but was achieved through Ratier's wrongful conduct, and as a result of the Defendants withholding all relevant and material information.[4]

As defendant correctly notes, to prove a claim for breach of the covenant of good faith and fair dealing, the plaintiff must (1) plead a cause of action for breach of contract, and (2) "point to a term of the contract which the defendant allegedly violated by failure to abide by the good faith spirit of that term."[5]

---

[2] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[3] *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4] (Doc. 494 at 14.)

[5] *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 340 F. Supp. 2d 1189, 1201 (D. Kan. 2004).

Both parties appear to have misconstrued the Court's summary judgment order on this issue. Plaintiff's motion for partial summary judgment addressed the unilateral termination theory of breach of the MOU; defendants' motions did not. Therefore, the Court only had before it on summary judgment a motion by plaintiff on the unilateral termination issue, which was denied.[6] The Court's holding on the duty of good faith and fair dealing theory of relief, as set forth in its summary judgment order, pertains only to that portion of plaintiff's breach of contract claim that Ratier unilaterally terminated the MOU in breach of the provision that only allows for termination by agreement of the parties or execution of certain agreements. Plaintiff's claim is that this termination provision was breached expressly, and in violation of the duty of good faith and fair dealing. The factual inquiry will focus on defendant's duty to procure termination of the MOU in good faith under Kansas law. To be clear, the remaining claim for the breach of good faith and fair dealing may not be tied to the "manufacture" provision, as the Court has already granted summary judgment on that theory of breach. While plaintiff's claim on the "manufacture" theory of breach has been dismissed, the Court notes that the negotiations surrounding the Option 3 controllers will be likely be probative on how and whether the MOU was terminated.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Ratier's Motion for Reconsideration (Doc. 664) is **denied.**

**IT IS SO ORDERED.**

---

[6]Defendant contends that the Court erred in not considering its reply memorandum on the issue of good faith and fair dealing because it was responding to a matter placed in issue in the response brief. While the Court agrees that defendants reply brief properly responded to arguments made in the response, it does not change the fact that there is no pending motion before the Court on unilateral termination—i.e., the Court may not grant summary judgment on this theory of breach, nor on plaintiff's concomitant contention that defendant breached its duty of good faith and fair dealing by either terminating unilaterally, or procuring plaintiff's termination in bad faith.

Dated:  February 5, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE