IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ICE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-4135-JAR |
| | ) |
| HAMILTON SUNDSTRAND CORPORATION and RATIER-FIGEAC, S.A.S, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on remand from the Tenth Circuit Court of Appeals for determination of a punitive damages award under K.S.A. § 60-3702 against Defendant Ratier-Figeac, S.A.S ("Ratier"). Under the mandate, the Court must either apply the $5 million cap to the punitive damages award in this case and reduce the $9,590,600 award accordingly, or find that the profitability of Defendant Ratier-Figeac's misconduct exceeds or is expected to exceed $5 million and confirm the original award. The parties briefed the issue and the Court ruled on the legal issues presented in those briefs in its February 13, 2012 Memorandum and Order (Doc. 930). However, because neither party presented the Court with sufficient evidence on the appropriate calculation of Ratier's profitability, the Court ordered the parties to supplement the record.

In the February 13 Order, this Court ruled that Plaintiff has the burden of proving that Ratier's profitability exceeded $5 million in order to obtain punitive damages in excess of the $5 million cap under K.S.A. § 60-3702(f). The Court further rejected Plaintiff's argument that it

may consider the profitability of the entire propeller assembly project in calculating Ratier's profitability, as this approach was explicitly foreclosed by the Tenth Circuit's decision remanding this case for a determination of Ratier's profitability due to its misconduct, i.e., misappropriation of three trade secrets that were used on the deicing controller.  The Court explained that the appropriate measure of Ratier's profitability should be the difference in Ratier's profits had it paid ICE for its trade secrets and the cost savings it realized by passing along ICE's trade secrets to Artus.  The Court observed that this difference should be demonstrated by essentially determining the difference in Ratier's costs between the ICE and Artus designs.  The Court rejected Plaintiff's assertion that further discovery was warranted, noting that much if not all of this information was presented at trial, but acknowledging that Plaintiff should be given an opportunity to have its expert review the discovery again and submit a renewed profitability calculation in accordance with the Court's ruling.

Plaintiff filed its supplement to the Court's February 13 Order on March 13, 2012.  In this filing, Plaintiff objected to the Court's legal rulings and declined to provide any further calculation of Ratier's profitability.  Plaintiff stated: "There is no evidence that Artus has supplied, or could supply, deicing controllers that met project specifications without using ICE's trade secrets. Based on the record that exists, ICE is unable to supplement its expert declaration to meet the measure of Ratier's profitability imposed by the Court."

While Plaintiff's objections are duly noted, the Court declines to revisit its previous rulings.  In sum, Plaintiff has failed to meet its burden of coming forward with evidence that Ratier's profitability due to the misconduct exceeded or is expected to exceed $5 million.  And Defendant's response, which attempts to calculate Ratier's profitability under the measure of

profitability outlined by the Court, suggests that the number is well below the $5 million threshold.  Accordingly, the Court must reduce the punitive damages award in this case against Ratier to the $5 million cap pursuant to  K.S.A. § 60-3702(e).

**IT IS THEREFORE ORDERED** by the Court that punitive damages in this case shall be awarded to ICE and against Ratier in the amount of $5 million.  The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: April 4, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE